UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Therisa D. Escue, Billy R. Escue, Jr., Kim Schelbe, and Brian P. Weatherill, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>United Wholesale Mortgage, LLC, UWM Holdings Corporation, SFS Holding Corp., and Mathew Randall Ishbia,<br><br>　　　　　Defendants. | Case No. 2:24-cv-10853-BRM-DRG<br><br>Hon. Brandy R. McMillion,<br>United States District Judge<br><br>Hon. David R. Grand,<br>United States Magistrate Judge |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL STATEMENT**

In accordance with Local Rule 83.11(b)(7), Defendants filed a short routine notice (ECF No. 10) to alert the Court of a potential related case: *United Wholesale Mortg., LLC v. America's Moneyline, Inc.*, No. 22-10228 (E.D. Mich. Feb. 3, 2022) (Michelson, J.). In their notice, Defendants explained that the Broker Agreement analyzed by Judge Michelson in *America's Moneyline* also "plays a central role in [the] claims against UWM" in this case. ECF No. 10, PageID.134. Defendants flagged the case for the Court's internal review, but explained that they "defer to the Court's discretion regarding whether reassignment would be appropriate under these circumstances and . . . take no position regarding reassignment[.]" *Id.* at PageID.135.

In response to this simple notice, Plaintiffs filed a motion for leave seeking to file a seven-page proposed "Supplemental Statement." ECF No. 11-1, PageID.148–56. The proposed statement is both procedurally improper and substantively wrong, so this Court should deny leave to file it.

The proposed statement is improper because it ventures well beyond Local Rule 83.11. The proposed "statement" is more akin to a full-blown merits brief on Plaintiffs' claims, written as if their validity has been pre-determined, falsely accusing Defendants of "illegally collud[ing]" with mortgage brokers to commit "thousands of instances of fraud" and declaring Defendants guilty "for having violated" various laws. ECF No. 11-1, PageID.150–152, ¶¶ 1–4, 9. But Defendants have not yet even had the opportunity to respond to Plaintiffs' allegations. And the

1

only relevant issue at this juncture is whether the Court should be aware of a potential related case under local practice. There is no legal basis for this Court to permit Plaintiffs to file a premature merits brief in disguise.

To the extent the proposed statement speaks to Local Rule 83.11, it misrepresents both the law and facts. On the law, Plaintiffs suggest that Defendants' notice was somehow itself procedurally improper. ECF No. 11-1, PageID.155 n.1. But courts in this district routinely accept notices presented in exactly the same manner that Defendants presented theirs. *See, e.g.*, *Davis v. Detroit Downtown Dev. Auth.*, 2017 WL 11318197, at *1 n.2 (E.D. Mich. July 7, 2017); *Fieger v. Rees*, 2008 WL 659845, at *1 (E.D. Mich. Mar. 10, 2008). Plaintiffs' only contrary authority—which dealt with a plaintiff's improper attempt to "undo a reassignment" in a motion to "change venue," *Darwich v. Walker*, 2011 WL 2462777, at *1 (E.D. Mich. June 21, 2011)—is facially inapposite. And Plaintiffs' position that a Rule 83.11 notice can only be "accomplished at the time of filing" makes no sense, because that would mean that only *plaintiffs* can flag potential related cases. The rule itself—which refers to a "party," not a "plaintiff," and authorizes notification "*either* . . . on the civil case cover sheet or in the electronic filing system," E.D. Mich. L.R. 83.11(b)(7)(C) (emphasis added)—says otherwise.

On the facts, Plaintiffs' attempts to minimize the significance of the Broker Agreement to this case also fall flat. Far from a "single, overlapping exhibit,"

2

Statement ¶ 14, the Broker Agreement—which is the subject of *America's Moneyline*—is central to Plaintiffs' case. Plaintiffs reference it or its provisions in over *fifty* paragraphs of their Complaint. *See, e.g.*, ECF No. 1, PageID.20–95, ¶¶ 43, 48–78, 94, 123, 127, 149, 154, 175, 179, 190–91, 197, 210–16, 224, 268, 271, 278. Notably, the counter-plaintiff in *America's Moneyline* has since filed a motion to resurrect its dismissed counterclaims against UWM based on the same "article" published by the same Hunterbrook company that serves as the underlying basis for the "data" used in this action. *See America's Moneyline*, Mot. for Leave to File Supp. Counterclaim (May 6, 2024), ECF No. 41; *see also, e.g.*, ECF No. 1, PageID.30–37, ¶¶ 67–74, 80, 82 (Plaintiffs referring to Hunterbrook's analysis as "publicly available data").

In short, Defendants' notice simply flagged *America's Moneyline* as potentially related under the Court's local rules. Certainly, Defendants have no objection if Plaintiffs wish to file a short notice that they do not consider the actions potentially related, but Defendants respectfully submit that the Court should deny Plaintiffs' request to file the improper, inaccurate, and inflammatory "Supplemental Statement" submitted to the Court. The Court can simply exercise its own independent judgment under Local Rule 83.11.

3

|  |  |
|---|---|
| Dated: May 15, 2024 | Respectfully submitted,<br><br>*/s/ Jeffrey J. Jones*<br>Jeffrey J. Jones (P80231)<br>Stephen J. Cowen (P82688)<br>JONES DAY<br>150 W. Jefferson Ave., Suite 2100<br>Detroit, MI 48226<br>(313) 230-7950<br>jjjones@jonesday.com<br>scowen@jonesday.com<br><br>*Counsel for Defendants* |

4

## CERTIFICATE OF SERVICE

I certify that on May 15, 2024, I caused the above Response to Plaintiffs' Motion For Leave to File Supplemental Statement to be electronically filed with the Clerk of the Court through the CM/ECF system, which will effectuate service upon all counsel of record.

>
> */s/ Jeffrey J. Jones*
> Jeffrey J. Jones
> *Counsel for Defendants*