# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| Therisa D. Escue, Billy R. Escue, Jr., Kim Schelbe, Brian P. Weatherill, Kenneth C. Morandi, Jill Jeffries, and Daniel Singh on behalf of themselves and all others similarly situated, <br><br>*Plaintiffs*, <br><br> v. <br><br> United Wholesale Mortgage, LLC, UWM Holdings Corporation, SFS Holding Corp., and Mathew Randall Ishbia, <br><br>*Defendants.* | Case No. 2:24-cv-10853-BRM-DRG <br><br> Hon. Brandy R. McMillion, United States District Judge <br><br> Hon. David R. Grand, Magistrate Judge |

## DEFENDANTS' MOTION FOR LEAVE TO FILE AN UNREDACTED VERSION OF MOTION FOR RELIEF UNDER RULE 11, 28 U.S.C. § 1927, AND THIS COURT'S INHERENT POWERS

Defendants respectfully seek leave to file an unredacted copy of their Motion for Relief Under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and This Court's Inherent Powers.  On June 21, 2024, Defendants served Plaintiffs' counsel with a copy of that Motion, the brief in support, and the accompanying exhibits (hereinafter, with the brief and exhibits, collectively referred to as the "Motion for Relief").  The Motion for Relief set forth the grounds on which Defendants contend this lawsuit was filed for an improper purpose and that Plaintiffs' counsel made improper allegations to further that goal.  After the parties

agreed to an extension of time for Plaintiffs to respond to the Motion for Relief, Plaintiffs filed their First Amended Complaint ("FAC") on August 30, 2024. Although the FAC modified or deleted certain allegations, the FAC did not cure or correct the other grounds on which Defendants sought relief, including the fact that this lawsuit was filed for an improper purpose. Accordingly, Defendants separately filed the Motion for Relief with the Court.

Out of an abundance of caution, however, Defendants redacted the arguments and withheld certain exhibits that discuss specific allegations that were deleted or substantially modified in the FAC so they could seek approval from this Court before filing an unredacted version. As explained in the accompanying brief in support, redactions are not required—and, indeed, the redacted portions of the Motion for Relief, and accompanying exhibits, remain relevant. Accordingly, Defendants respectfully request leave to file an unredacted version of the Motion for Relief.

Pursuant to Local Rule 7.1(a), Defendants' counsel conferred with Plaintiffs' counsel on September 17, 2024, requesting consent to file an unredacted version of the Motion for Relief. Plaintiffs' counsel indicated that Plaintiffs did not agree to this request.

Dated:  September 17, 2024


Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

Respectfully submitted,

/s/ *Jeffrey J. Jones*
Jeffrey J. Jones (P80231)
Stephen J. Cowen (P82688)
Amanda K. Rice (P80460)
Andrew J. Clopton (P80315)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com
scowen@jonesday.com
arice@jonesday.com
aclopton@jonesday.com

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Therisa D. Escue, Billy R. Escue, Jr., Kim Schelbe, Brian P. Weatherill, Kenneth C. Morandi, Jill Jeffries, and Daniel Singh on behalf of themselves and all others similarly situated,

Case No. 2:24-cv-10853-BRM-DRG

*Plaintiffs*,

Hon. Brandy R. McMillion, United States District Judge

v.

Hon. David R. Grand, Magistrate Judge

United Wholesale Mortgage, LLC, UWM Holdings Corporation, SFS Holding Corp., and Mathew Randall Ishbia,

*Defendants.*

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AN UNREDACTED VERSION OF MOTION FOR RELIEF UNDER RULE 11, 28 U.S.C. § 1927, AND THIS COURT'S INHERENT POWERS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................... iii

STATEMENT OF ISSUES PRESENTED ............................................................ v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ......................................... vi

INTRODUCTION ............................................................................................. 1

ARGUMENT .................................................................................................. 4

    I.   The Redacted Portions Of Defendants' Motion For Relief May Be Filed
       With The Court Because They Support Defendants' Request For Relief
       Under 28 U.S.C. § 1927 And This Court's Inherent Powers. ......................... 6

    II.  The Redacted Portions Of Defendants' Motion For Relief Also Support
       Defendants' Argument Under Rule 11 That This Lawsuit Was Filed For An
       Improper Purpose. ................................................................................... 8

CONCLUSION ............................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*Albert v. Edward J. DeBartolo Corp.*,
  999 F.2d 539, 1993 WL 272477 (6th Cir. 1993)...................................................7

*Alyeska Pipeline Service Co. v. Wilderness Society*,
  421 U.S. 240 (1975)...................................................................................7, 8

*Caballero v. Lenz*,
  2012 WL 4620160 (E.D. Mich. Oct. 1, 2012)......................................................3

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991)....................................................................................7

*EB-Bran Prods., Inc. v. Warner Elektra Atl., Inc.*,
  2006 WL 932085 (E.D. Mich. Apr. 10, 2006) ....................................................4

*In re Kunstler*,
  914 F.2d 505 (4th Cir. 1990) ......................................................................9

*King v. Whitmer*,
  71 F.4th 511 (6th Cir. 2023) ................................................................vi, 6, 8

*Liberty Legal Found. v. Nat'l Democratic Party*,
  575 F. App'x 662 (6th Cir. Sept. 23, 2014).....................................................7, 8

*Metz v. Unizan Bank*,
  655 F.3d 485 (6th Cir. 2011) ......................................................................8

*Michelle W. v. Michael*,
  2022 WL 17253654 (W.D. Tenn. Nov. 28, 2022)................................................7

*Odish v. Apple, Inc.*,
  2016 WL 931184 (E.D. Mich. Mar. 11, 2016)....................................................9

*Ridder v. City of Springfield*,
    109 F.3d 288 (6th Cir. 1997) ................................................................. vi, 3, 6, 8

*Swaab v. Calm.com*,
    2022 WL 566179 (E.D. Mich. Feb. 24, 2022).....................................................6

*Teno v. Iwanski*,
    464 F. Supp. 3d 924 (E.D. Tenn. 2020)..........................................................vi, 9

**STATUTES**

28 U.S.C.
    § 1927.....................................................................................................passim

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 11 ................................................................passim

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.    Should the Court grant leave to Defendants to file an unredacted version of their Motion for Relief Under Rule 11, 28 U.S.C. § 1927, and This Court's Inherent Powers?

        Defendants' answer: Yes

        Plaintiffs' answer: No

        This Court should answer: Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**CASES**

Ridder v. City of Springfield, 109 F.3d 288 (6th Cir. 1997)

King v. Whitmer, 71 F.4th 511, 530 (6th Cir. 2023)

Teno v. Iwanski, 464 F. Supp. 3d 924 (E.D. Tenn. 2020)

**STATUTES & OTHER AUTHORITIES**

Federal Rule of Civil Procedure 11

28 U.S.C. § 1927

## **INTRODUCTION**

The events of early April 2024 that led to the filing of this lawsuit are more fully set forth in the redacted version of Defendants' Motion For Relief separately filed with the Court.  As explained in that filing, Defendant United Wholesale Mortgage, LLC ("UWM") became the victim of a coordinated campaign by a hedge fund (Hunterbrook Capital LP), its media arm (Hunterbrook Media, collectively "Hunterbrook"), and Plaintiffs' counsel to disparage UWM's business and destroy its stock value.

On April 2, 2024, Hunterbrook published a "report" ("Hunterbrook Report" or the "Report") that disparages UWM, using inflammatory rhetoric and numerous improper or unsupportable allegations of wrongdoing.  That same day, Plaintiffs' counsel filed this lawsuit, repeating verbatim many of the same quotes, charts, and accusations that appeared in the Hunterbrook Report.  Before the Report's publication date (and the filing of this lawsuit), Hunterbrook "shorted" UWM's stock and went "long" on one of its competitor's stock (Rocket Mortgage)—betting that UWM's stock price would fall to Rocket's benefit.  The timing of the initial complaint—rife with many inflammatory allegations that were demonstrably wrong—was an integral component of the coordinated attack on UWM.

On June 21, 2024, Defendants served their Motion for Relief on Plaintiffs' counsel, outlining the conduct that Defendants contend was improper and seeking

relief under Rule 11, 28 U.S.C. § 1927, and this Court's inherent powers.  Plaintiffs requested an extension of time to August 30, 2024, to respond to Defendants' Motion for Relief.  Defendants agreed to the requested extension, but informed Plaintiffs that they reserved the right to file their Motion for Relief after the filing of any amended complaint.  On July 8, 2024, Plaintiffs' counsel informed Defendants' counsel that they intended to file an amended complaint, which they did on August 30, 2024.  Plaintiffs have not otherwise provided any response or defense to the Defendants' Rule 11 motion or the grounds set forth in it.

Although Plaintiffs' FAC deletes or modifies certain allegations from their initial complaint, Plaintiffs opted to continue pursuing this action by filing an FAC that largely parrots the same inflammatory allegations set forth in their initial complaint and fails to cure or correct many of the other critical deficiencies set forth in Defendants' Motion for Relief.[1]  Although Plaintiffs' counsel switched out charts from the initial complaint that bore Hunterbrook's logo, they continue to use nearly identical charts as a basis for their purported allegations.  *Compare* Initial Compl. ¶¶ 69, Fig. 6; 147, Fig. 22, *with* FAC ¶¶ 133, Fig. 25; 217, Fig. 31.  And the FAC's allegations only further underscore Plaintiffs' counsel's coordination with Hunterbrook.  Indeed, the FAC now alleges that "Plaintiffs were not on notice of the

---

[1] Attached as Exhibit A is a chart documenting citations from Defendants' Motion for Relief to Plaintiffs' initial complaint, and providing parallel citations for certain claims or allegations which are the same or similar in the FAC.

2

RESPA violations until Plaintiffs learned of the steering scheme in 2024 following Hunterbrook Media LLC's analysis"—which is perplexing considering Plaintiffs' initial complaint, totaling over 100 pages in length, was filed *mere hours* after Hunterbrook published its Report.  *See* FAC ¶ 448; *see also* Brief in Support of Motion for Relief, at 4.

Rule 11 requires a motion for relief to be served "promptly after the inappropriate paper is filed[.]" *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997) (citing Fed. R. Civ. P. Advisory Committee Notes (1993 Amendments)). If service or filing of the motion is "delayed too long" it may be untimely.  *Id.*; *see also Caballero v. Lenz*, 2012 WL 4620160, at *2 (E.D. Mich. Oct. 1, 2012) ("The injured party must act promptly to move the Court for Rule 11 sanctions."). Accordingly, Defendants are filing their Motion for Relief with the Court in accordance with that guidance.

The Defendants' Motion for Relief, including the redacted portions, remains relevant to Defendants' lead argument that this lawsuit was filed for an improper purpose under Rule 11 and remains relevant to Defendants' requests for relief under 28 U.S.C § 1927 and this Court's inherent powers as well.  But, in light of Rule 11(c)(2) and out of an abundance of caution, Defendants redacted those portions of the Motion for Relief that discuss allegations from the initial complaint that were deleted or substantially modified in the FAC.  Defendants have also withheld

exhibits that accompany those redacted arguments.  Defendants now respectfully request leave to file an unredacted version of the Motion for Relief, so that this Court can review the Motion and exhibits in full.

## **ARGUMENT**

Pursuant to Rule 11(c)(2)'s 21-day notice requirement, Defendants put Plaintiffs on notice of the numerous critical problems with their initial complaint by serving the Motion for Relief on June 21, 2024.  One of the primary problems—then, as now—is that this lawsuit was brought for an improper purpose.  *See* Brief in Support of Motion for Relief, at 8–11.  Defendants also sought relief on the ground that Plaintiffs' complaint included false factual and legal allegations.  *Id*. at 11–25.

In response, Plaintiffs refused to withdraw the complaint.  Instead, Plaintiffs filed an FAC.  But the FAC parrots many of the same inflammatory and improper allegations contained in the initial complaint.  And the FAC does nothing to erase the improper purpose that preceded it.  Accordingly, Defendants filed their Motion for Relief.  *See EB-Bran Prods., Inc. v. Warner Elektra Atl., Inc.*, No. 03-75149, 2006 WL 932085, at *5 (E.D. Mich. Apr. 10, 2006), *aff'd as amended sub nom*., 242 F. App'x 311 (6th Cir. 2007) (imposing Rule 11 sanctions where "objectionable conduct described in Defendants' . . . draft Rule 11 motion was not appropriately corrected by Plaintiff's amended complaint).

4

Out of an abundance of caution, Defendants redacted those portions of the motion that discuss allegations that were deleted or substantially modified in the FAC.  *See* Fed. R. Civ. P. 11(c)(2) (providing that a Rule 11 motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected").  Defendants contend, however, that those portions of the Motion for Relief are still relevant and should be considered by this Court—notwithstanding Rule 11(c)(2)—for two reasons.

*First*, Defendants' Motion for Relief seeks relief not only under Rule 11, but also under 28 U.S.C. § 1927 and this Court's inherent powers.  Rule 11(c)(2) does not apply to those independent sources of authority that support Defendants' Motion for Relief.  And the redacted portions of the Motion for Relief that discuss allegations in the initial complaint support Defendants' requests for relief under 28 U.S.C. § 1927 and this Court's inherent powers.

*Second*, the redacted portions of the Motion for Relief are still relevant to Defendants' request for relief under Rule 11.  One of Defendants' primary arguments under Rule 11 is that Plaintiffs' counsel filed this lawsuit for an improper purpose.  Although Plaintiffs deleted or modified some allegations, the fact that they made those allegations in the first place—and have not withdrawn this lawsuit— supports the conclusion that Plaintiffs' counsel filed this action as part of a

coordinated effort to drive down UWM's stock price.  Accordingly, the FAC does not "appropriately correct" the defects Defendants initially identified.

I. **The Redacted Portions Of Defendants' Motion For Relief May Be Filed With The Court Because They Support Defendants' Request For Relief Under 28 U.S.C. § 1927 And This Court's Inherent Powers.**

Defendants' Motion for Relief seeks relief on three separate grounds: (1) Rule 11, (2) 28 U.S.C. § 1927 and (3) this Court's inherent powers.  *See* Motion for Relief, at 1.  Rule 11(c)(2)'s safe-harbor rule does not apply to requests for relief under § 1927 or a court's inherent powers.  *See Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) ("Unlike Rule 11 sanctions, a motion for excess costs and attorney fees under § 1927 is not predicated upon a 'safe harbor' period, nor is the motion untimely if made after the final judgment in a case."); *Swaab v. Calm.com*, 2022 WL 566179, at *5 (E.D. Mich. Feb. 24, 2022) (same).  For this reason alone, the redacted portions of the motion may be presented to the Court.

As the Motion for Relief explains, Defendants argue that Plaintiffs violated 28 U.S.C. § 1927, which provides for cost-shifting where a litigant "multiplies the proceedings in any case unreasonably and vexatiously," by filing and maintaining this lawsuit and restating the same critically flawed allegations for an improper purpose after notice from Defendants.  *See* Brief in Support of Motion for Relief, at 2, 8–11; *see also, e.g.*, *King v. Whitmer*, 71 F.4th 511, 530 (6th Cir. 2023) (upholding sanctions under 28 U.S.C. § 1927 where plaintiffs unreasonably multiplied the

6

proceedings by refusing to dismiss their suit); *Liberty Legal Found. v. Nat'l Democratic Party*, 575 F. App'x 662, 663 (6th Cir. 2014) (upholding imposition of 28 U.S.C. § 1927 sanctions based on continued frivolous litigation through amended complaint); *Albert v. Edward J. DeBartolo Corp.*, 999 F.2d 539 (Table), 1993 WL 272477, at *5–6 (6th Cir. 1993) (upholding sanctions under 28 U.S.C. § 1927 where plaintiff maintained meritless claims despite having notice that claims were without foundation); *Michelle W. v. Michael*, 2022 WL 17253654, at *2 (W.D. Tenn. Nov. 28, 2022) (imposing sanctions under 28 U.S.C. § 1927 where "circumstances of [the] suit [were] also problematic" given plaintiffs filed the lawsuit "mere weeks" before an election).

Defendants also seek relief under the Court's inherent powers, which authorizes the assessment of attorney's fees against a party that "has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)).  This "bad-faith exception" resembles, in some respects, the third prong of Rule 11's certification requirement, which "mandates that a signer of a paper filed with the court warrant that the paper 'is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.'" *Chambers*, 501 U.S. at 46.

Although Plaintiffs' counsel deleted or modified some of the allegations in their initial complaint, those allegations continue to support the relief sought by Defendants under 28 U.S.C. § 1927 and the Court's inherent powers.  Those allegations show that there was no valid basis for key allegations made in this lawsuit in the first place, such that costs expended as a result of Plaintiffs' continued litigation and refusal to withdraw their lawsuit are "excess" costs resulting from vexatious litigation tactics under § 1927.  *See King*, 71 F.4th at 530; *Liberty Legal Found.*, 575 F. App'x at 663; *Albert*, 1993 WL 272477, at *5–6.  These same vexatious litigation tactics should also be sanctioned under the Court's inherent powers because the filing of Plaintiffs' initial complaint in coordination with Hunterbrook to drive down UWM's stock price was "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

Accordingly, this Court should grant Defendants leave to file an unredacted version of their Motion for Relief so it can adequately assess whether to award any relief under § 1927 and its inherent powers.  *See, e.g.*, *Ridder*, 109 F.3d at 297.

## II.   The Redacted Portions Of Defendants' Motion For Relief Also Support Defendants' Argument Under Rule 11 That This Lawsuit Was Filed For An Improper Purpose.

In any event, setting aside § 1927 and this Court's inherent powers, one of Defendants' primary arguments under Rule 11 is that Plaintiffs' counsel filed this lawsuit for an improper purpose in violation of Rule 11(b)(1).  *See* Brief in Support

8

of Motion for Relief, at 8–11.  And, under federal law, filing false or improper allegations in an opening complaint is strong evidence of improper purpose.  *See, e.g., In re Kunstler*, 914 F.2d 505, 519 (4th Cir. 1990) ("The fact that so many allegations in the complaint lacked a basis in law or in fact strongly supports the court's finding of improper purpose."); *Teno v. Iwanski*, 464 F. Supp. 3d 924, 953–54 (E.D. Tenn. 2020) (finding lawsuit brought for the improper purpose of plaintiff's "own personal and political reasons" and noting that "pursuing an action that is without merit may be evidence" of improper purpose under Rule 11(b)(1) when coupled with "something more").

Plaintiffs have not withdrawn their lawsuit.  And the fact that Plaintiffs' counsel amended their complaint to remove or modify certain allegations does not undermine the basis for sanctions here.  To the contrary, those allegations remain strong evidence of improper purpose *at the time* Plaintiffs' counsel filed the initial complaint on April 2.  *See Kunstler*, 914 F.2d at 519–20 (finding no abuse of discretion where a "district court inferred an improper purpose from the timing of the filing of the complaint"); *Teno*, 464 F. Supp. 3d at 954 (finding that the timing of the filing of plaintiff's complaint, along with the "meritless nature of most of Plaintiff's claims and contentions," served as credible evidence that plaintiff and his counsel had brought the lawsuit for an improper purpose); *Odish v. Apple, Inc.*, 2016

WL 931184, at *3 (E.D. Mich. Mar. 11, 2016) (condemning filing of inaccurate complaints at a particular time in an effort of gamesmanship).

As Defendants' Motion for Relief argues, Plaintiffs' counsel filed this lawsuit in coordination with Hunterbrook as part of an effort to disparage UWM and depress its stock price. Amending the complaint to remove certain allegations changes none of that. Indeed, by the time of the amendment the lawsuit had already had its intended effect. *See* Brief in Support of Motion for Relief, at 4 (noting that "[t]he day the Report issued and lawsuit hit, UWM's share price reportedly declined by 8.5%").

This Court should not countenance these tactics if Rule 11(b)(1) is to have any import. Because the allegations contained in Plaintiffs' initial complaint support a finding that Plaintiffs filed this action for an improper purpose, Defendants should be granted leave to file an unredacted version of their Motion for Relief and accompanying exhibits.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' leave to file an unredacted version of the Motion for Relief, including its brief in support and accompanying exhibits.

Dated: September 17, 2024

Respectfully submitted,

/s/ *Jeffrey J. Jones*

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

Jeffrey J. Jones (P80231)
Stephen J. Cowen (P82688)
Amanda K. Rice (P80460)
Andrew J. Clopton (P80315)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com
scowen@jonesday.com
arice@jonesday.com
aclopton@jonesday.com

*Counsel for Defendants*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

/s/ *Jeffrey J. Jones*
Jeffrey J. Jones (P80231)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com

*Counsel for Defendants*

12