## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THERISA D. ESCUE, BILLY R. ESCUE, JR., KIM SCHELBE, BRIAN P. WEATHERILL, KENNETH C. MORANDI, JILL JEFFRIES, and DANIEL SINGH on behalf of themselves and all others similarly situated, | Case No. 2:24-cv-10853 |
| Plaintiffs, | Hon. Brandy R. McMillion |
| v. | Hon Mag. David R. Grand |
| UNITED WHOLESALE MORTGAGE, LLC, UWM HOLDINGS CORPORATION, SFS HOLDING CORP., and MATHEW RANDALL ISHBIA, | |
| Defendants. | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AN UNREDACTED VERSION OF MOTION FOR RELIEF UNDER RULE 11, 28 U.S.C. § 1927, AND THIS COURT'S INHERENT POWERS

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED..............................................................iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..............................iv

INTRODUCTION ...............................................................................................1

ARGUMENT .......................................................................................................3

     I.     The Rule 11 Safe Harbor Controls and Defendants' Mooted
          Arguments Should Not Be Unsealed ...................................................3

CONCLUSION....................................................................................................7

CERTIFICATE OF SERVICE ............................................................................8

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Albert v. Edward J. DeBartolo Corp.*,
  999 F.2d 539 (Table), 1993 WL 272477 (6th Cir. 1993) ....................................6

*In re Kunstler*,
  914 F.2d 505 (4th Cir. 1990) ...................................................................6

*King v. Whitmer*,
  71 F.4th 511, 519 (6th Cir. 2023) ..........................................................5

*Liberty Legal Found. v. Nat'l Democratic Party*,
  575 F. App'x 662 (6th Cir. 2014) ............................................................6

*Michelle W. v. Michael*,
  2022 WL 17253654 (W.D. Tenn. Nov. 28, 2022)................................................6

*Odish v. Apple, Inc.*,
  2016 WL 931184 (E.D. Mich. Mar. 11, 2016)....................................................6

*Teno v. Iwanski*,
  464 F. Supp. 3d 924 (E.D. Tenn. 2020)........................................................6

## <u>Rules</u>

Fed. R. Civ. P. Rule 11 .........................................................................2

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Should the Court grant leave to Defendants to file an unredacted version of their Motion for Relief Under Rule 11, 28 U.S.C. § 1927, and This Court's Inherent Powers?

> Plaintiffs' answer: No

> Defendants' answer: Yes

> This Court should answer: No

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

**STATUTES & OTHER AUTHORITIES**

Federal Rule of Civil Procedure 11

28 U.S.C. § 1927

## <u>INTRODUCTION</u>

Defendants' unprecedented request for leave to file an unredacted version of their "Motion for Relief Under Rule 11, 28 U.S.C. § 1927, and This Court's Inherent Powers" ("Rule 11 Motion" or "Motion for Relief") should be rejected.  As brief background, on June 21, 2024, Defendants served on Plaintiffs (but did not file) a Rule 11 Motion that made various accusations about Plaintiffs' initial pleadings and the factual basis of certain allegations.  On August 30, 2024, Plaintiffs filed their First Amended Complaint ("FAC") as a matter of course under Rule 15(a)(1)(B). On September 17, 2024, Defendants—evidently believing that many of their Rule 11 arguments were not appropriately addressed by the FAC—filed their previously-served Rule 11 Motion. As mandated by Rule 11(c)(2), Defendants redacted what they admit are "those portions of the Motion for Relief that discuss allegations from the initial complaint that were deleted or substantially modified in the FAC." Def. Red. Mot., ECF No. 24, at PageID.1420. On the same date, Defendants filed the instant Motion ("Def. Red. Mot."), seeking to remove the very redactions Defendants chose to apply.  (ECF No. 23 at 14, 24-27, 33-35).  For the reasons described in Plaintiffs' Response to Defendants' Motion for Relief Under Rule 11 (ECF No. 28), Defendants' Rule 11 Motion is entirely baseless, squarely violates this Court's Civility Principles and, in many ways, is itself sanctionable.

With respect to the instant motion, Rule 11(c)(2) ("Rule 11 Safe Harbor") unambiguously states, in mandatory language, that a motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected." Fed. R. Civ. P. Rule 11(c)(2). Defendants abided this rule by redacting from their Motion all references to arguments and materials that Plaintiffs had "withdrawn or appropriated corrected" by filing the FAC. *See id*. Therefore, the Rule 11 Safe Habor Provision clearly controls, and removal of the redactions would violate it.

Seeking an end-run around clear law, Defendants make the confounding argument that the Rule 11 Safe Harbor does not apply, and that the text *they redacted* as moot under that safe harbor somehow remains relevant. Defendants' position is baseless. There is no textual support in Rule 11 to create an exception to the safe harbor, and Defendants identify no cases supporting their requested unsealing. Making matters worse, their novel rationale for this demand—that the portions of their Motion for Relief they wish to unseal somehow remain relevant to their Motion for Relief—is meritless where they admit the redacted portions have been mooted under Rule 11, the rationale for their purported "relevance" is wrong and based on irresponsible speculation, and Defendants have not identified a single basis for their request for sanctions independent of Rule 11. Defendants' motion should be denied.

## ARGUMENT

The Rule 11 Safe Harbor controls the result here.  Defendants acknowledge, as they must, that Rule 11(c)(2) provides that a motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected."  Here, the "challenged paper, claim, [or] contention" was Plaintiffs' initial complaint.  Defendants concede that, during the safe harbor period, Plaintiffs' FAC updated or removed certain allegations that were the subject of Defendants' Rule 11 arguments. There is therefore simply no basis for admittedly mooted Rule 11 claims to "be filed or be presented to the court."

### I.    The Rule 11 Safe Harbor Controls and Defendants' Mooted Arguments Should Not Be Unsealed

Defendants' argument that the Rule 11 Safe Harbor does not apply to their mooted arguments fails for multiple independent reasons.

First, Defendants' position has no textual basis in the Rule.  Defendants ignore the clear text of the Rule 11 Safe Harbor through their entire argument and fail to provide any explanation for why it does not control here.  Defendants admit, in fact, that Plaintiffs' FAC mooted the very portions of their Rule 11 Motion that Defendants voluntarily redacted and now wish to unseal in violation of the Rule 11 Safe Harbor.  Indeed, after receiving Defendants' Rule 11 letter, Plaintiffs carefully reviewed in good faith all of Defendants' contentions—and although Plaintiffs vigorously disagree with the substance of Defendants' arguments (*see* Pls' Resp. to

Rule 11 Mot., ECF No. 28), Plaintiffs nevertheless addressed some of them in the FAC to minimize unnecessary disputes.  This responsible behavior is exactly what the Rule 11 Safe Harbor is intended to promote.

In the face of that, Defendants attempt to turn the Rule 11 Safe Harbor on its head.  They demand that this Court adopt an unrecognized, illogical exception: that the safe harbor purportedly does not apply to a movant's arguments in support of sanctions even where the movant admits they have been mooted, simply based on the movant's *ipse dixit* that the admittedly "withdrawn or appropriately corrected" allegations and exhibits somehow remain relevant. Not only is that absurd on its face, but Defendants fail to cite (and Plaintiffs have been unable to identify) a single case where a court in any jurisdiction allowed a party to publicly file Rule 11 arguments that have admittedly been mooted as part of a motion for sanctions under either Rule 11, 28 USC § 1927, or the Court's inherent powers.  That is, of course, unsurprising given the plain text and clear purpose of the safe harbor, which Defendants' position directly contradicts.

Second, the unprecedented exception Defendants ask this Court to recognize is based on their meritless claim under Rule 11(b)(1) that Plaintiffs purportedly had an improper purpose for filing both the Complaint and the FAC. *See* Rule 11 Mot., ECF No. 23 at PageID.804-807.  As Plaintiffs have explained (*see* ECF No. 28 at PageID.1449–1455), however, Defendants "improper purpose" argument is based

4

on nothing more than demonstrably false allegations and rank, irresponsible speculation—which even *Defendants* admit lacks any factual foundation. As such, the Court need not take the extraordinary measure of finding an exception to the Rule 11 Safe Harbor in furtherance of a proposition that itself is wrong.

Third, even the slightest scrutiny confirms that Defendants' argument that these mooted claims remain relevant is simply a transparent attempt to end-run the Rule 11 Safe Harbor. They claim, for instance, that their nominal references to 28 USC § 1927 and the Court's inherent powers somehow render the Rule 11 Safe Harbor inapplicable. But their Motion for Relief is fundamentally a motion seeking relief under Rule 11. Indeed, it makes mere passing references to 28 USC § 1927 and the Court's inherent powers and does not purport to identify *a single independent argument* for this Court to award sanctions on either of those bases, as distinct from Rule 11. *See* Rule 11 Mot., ECF No. Dkt. 23 at PageID.798 (a brief, conclusory reference to 28 USC § 1927); *id*. at PageID.803 (reciting legal standards under 28 USC § 1927 and the Court's inherent powers); *id*. at PageID.804 (mentioning 28 USC § 1927 in a parenthetical as a part of a long string-cite related to Rule 11); *id* at PageID.818 (conclusory reference to 28 USC § 1927).[1]

---

[1] Moreover, the cases Plaintiffs cite concerning 28 U.S.C § 1927 are easily distinguishable and do not approach the circumstances here where Plaintiffs have filed a robust, well-supported FAC with clear intention to fulsomely litigate the matter. *See King v. Whitmer*, 71 F.4th 511, 519, 530 (6th Cir. 2023) (plaintiffs

<u>Fourth</u>, the cases Defendants cite for the proposition that allegations in an "opening complaint [are] strong evidence of improper purpose [under Rule 11]" (Dkt. 24 at 9), are not even remotely relevant to this motion. None of them stand for the proposition that Rule 11 claims that have admittedly been mooted are still relevant to a sanctions inquiry. *See In re Kunstler*, 914 F.2d 505 (4th Cir. 1990) (makes no mention of redactions or a distinction between information in the complaint versus amended complaint); *accord Teno v. Iwanski*, 464 F. Supp. 3d 924 (E.D. Tenn. 2020); *Odish v. Apple, Inc.*, 2016 WL 931184 (E.D. Mich. Mar. 11, 2016).

At bottom, this Court should recognize what Defendants already have: the portions of their Rule 11 Motion that were redacted have been mooted, are subject

---

"needlessly prolonged the proceedings" and "acted in bad faith" by refusing to dismiss suit attempting to undue 2020 election on patently absurd grounds premised on "alternative slate of electors"); *Liberty Legal Found. v. Nat'l Democratic Party*, 575 F. App'x 662, 663 (6th Cir. 2014) (plaintiffs sued Democratic Party, alleging without basis that the Party was part of a conspiracy to misrepresent that President Obama is a "natural-born citizen"); *Albert v. Edward J. DeBartolo Corp.*, 999 F.2d 539 (Table), 1993 WL 272477, at *1 and *6 (6th Cir. 1993) (security guard fired for sexually abusing employees filed specious claims against employer for gender discrimination, and after receiving notice of the "frivolity of these claims", instead of dismissing his claims, doubled down by adding an additional frivolous claim); *Michelle W. v. Michael*, 2022 WL 17253654, at *1-3 (W.D. Tenn. Nov. 28, 2022) (plaintiffs' counsel, running in an election against an incumbent judge "entitled to judicial immunity", filed a "plainly frivolous" suit against the judge, "mere weeks before the election" and posted the lawsuit on "Plaintiffs' counsel's Facebook campaign page").

to the Rule 11 Safe Harbor, and there is no basis for them in law or fact to be exempt from that Rule's scope and purpose.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for leave to file an unredacted version of the Motion for Relief.

Dated:  October 11, 2024
          Detroit, Michigan

By:  /s/ *Brandon C. Hubbard*

John T. Zach
Marc Ayala
David L. Simons
Andrew P. Steinmetz
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, New York 10001
Tel.: (212) 446-2300

Tyler Ulrich
**BOIES SCHILLER FLEXNER LLP**
100 SE Second Street, Suite 2800
Miami, Florida 33131
Tel.: (305) 357-8422

Brandon C. Hubbard (P71085)
**DICKINSON WRIGHT PLLC**
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
Tel.: (517) 371-1730

Mark C. Mao
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Tel.: (415) 293-6800

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2024, I caused the foregoing document to

be filed with the Clerk of the Court using CM/ECF, which will effectuate service

upon all counsel of record.

By:  <u>/s/ *Brandon C. Hubbard*</u>

Brandon C. Hubbard (P71085)
**DICKINSON WRIGHT PLLC**
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
Tel.: (517) 371-1730

*Attorney for Plaintiffs*

8