UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Therisa D. Escue, Billy R. Escue, Jr., Kim Schelbe, Brian P. Weatherill, Kenneth C. Morandi, Jill Jeffries, and Daniel Singh on behalf of themselves and all others similarly situated,<br><br>      *Plaintiffs*,<br><br>v.<br><br>United Wholesale Mortgage, LLC, UWM Holdings Corporation, SFS Holding Corp., and Mathew Randall Ishbia,<br><br>      *Defendants*. | Case No. 2:24-cv-10853-BRM-DRG<br><br>Hon. Brandy R. McMillion,<br>United States District Judge<br><br>Hon. David R. Grand,<br>Magistrate Judge |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE CLASS ALLEGATIONS**

## TABLE OF CONTENTS

**Page**

I. Plaintiffs' facially flawed, unprecedented classes fail as a matter of law.......1

II. In this Circuit, Article III standing is needed for each out-of-state claim.......2

III. Under *Pilgrim*, legal variation defeats Plaintiffs' multistate classes ..............3

IV. The FAC alleges broker services, dooming any RESPA class .......................5

V. Plaintiffs' hypothetical RICO arguments ignore their own allegations ..........5

VI. Plaintiffs fail to support even their single-state common-law classes ............7

VII. Plaintiffs cannot tack 23(b)(2) onto an identical (b)(3) damages class...........7

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Bridge v. Phoenix*,
 553 U.S. 639 (2008) ................................................................................................5

*Chapman v. GM*,
 2024 WL 698789 (E.D. Mich. 2024) ......................................................................2

*Ciccio v. SmileDirect*,
 2024 WL 559235 (M.D. Tenn. 2024) .....................................................................3

*Colley v. P&G*,
 2016 WL 5791658 (S.D. Ohio 2016) .....................................................................3

*Corwin v. Lawyers Title*,
 276 F.R.D. 484 (E.D. Mich. 2011) .........................................................................4

*Cross. Grp. v. Cleve. Hghts.*,
 346 F.R.D. 75 (N.D. Ohio 2024) ............................................................................7

*Davis v. Colerain Twp.*,
 51 F.4th 164 (6th Cir. 2022) ...................................................................................2

*In re First Alliance*,
 471 F.3d 977 (9th Cir. 2006) ..................................................................................6

*Fox v. Saginaw Cnty.*,
 67 F.4th 284 (6th Cir. 2023) ...............................................................................2, 3

*In re Nissan*,
 122 F.4th 239 (6th Cir. 2024) .................................................................................4

*Jones v. Lubrizol*,
 583 F. Supp. 3d 1045 (N.D. Ohio 2022) ................................................................1

*Jones v. Micron*,
   400 F. Supp. 3d 897 (N.D. Cal. 2019)...................................................................3

*Ketayi v. Health Enr.*,
   2023 WL 6373071 (S.D. Cal. 2023)......................................................................6

*Negrete v. Allianz*,
   287 F.R.D. 590 (C.D. Cal. 2012)...........................................................................6

*O'Sullivan v. Countrywide*,
   319 F.3d 732 (5th Cir. 2003) .................................................................................5

*Pilgrim v. Univ.*,
   2010 WL 1254849 (N.D. Ohio 2010)....................................................................4

*Pilgrim v. Univ.*,
   660 F.3d 943 (6th Cir. 2011) ........................................................................1, 3, 4

*Rivers of Life v. GuideOne*,
   2022 WL 17261845 (W.D. Tenn. 2022)............................................................1, 2

*Rosen v. Tenn. Com'r*,
   288 F.3d 918 (6th Cir. 2002) .............................................................................2, 3

*Speerly v. GM*,
   123 F.4th 840 (6th Cir. 2024) ............................................................................2, 3

*Snowdy v. Mercedes-Benz*,
   2024 WL 1366446 (D.N.J. 2024) ..........................................................................3

*Stout v. J.D. Byrider*,
   228 F.3d 709 (6th Cir. 2000) .................................................................................6

*White v. Symetra*,
   104 F.4th 1182 (9th Cir. 2024) ..............................................................................6

**STATUTES**

12 U.S.C. § 2602(3) ............................................................................................. 5

**OTHER AUTHORITIES**

Fed. R. Civ. P 23 ........................................................................................ *passim*

12 C.F.R. § 1024.2 .............................................................................................. 5

CFPB, RESPA Docs., at
  https://files.consumerfinance.gov/f/documents/cfpb_RESPA_Other
  _Applicable_Documents-HUD.pdf .................................................................. 5

RESPA Policy 2001-1, 64 FR 53052-01 ............................................................. 5

I. **Plaintiffs' facially flawed, unprecedented classes fail as a matter of law**

Plaintiffs' sprawling class action—combining more than 201 federal and state claims, in mix-and-match alternative classes, for hundreds of thousands of borrowers who worked with thousands of independent-broker competitors nationwide, led by just seven named Plaintiffs from only four states—is unprecedented. Plaintiffs cite no similar case because there is none. And Plaintiffs willfully ignore the seminal Sixth Circuit case on motions to strike: *Pilgrim v. Univ.*, 660 F.3d 943 (6th Cir. 2011). As cases applying *Pilgrim* make plain, motions to strike are neither rare nor rarely granted. Rule 23(d) motions properly test "a class as pleaded … as a matter of law." *Jones v. Lubrizol*, 583 F. Supp. 3d 1045, 1055 (N.D. Ohio 2022).

Plaintiffs' bald claim that 201-federal-and-multistate-claims classes "would not impose substantially higher discovery burdens" (Opp. 1) than four single-state, single-claim classes is baseless. The Court should not "indulge in the … expensive implication[s]" of deferring matters of law, allowing "lengthy class discovery [in] every state in the Union," "only to be faced with the same problem months down the road." *Rivers of Life v. GuideOne*, 2022 WL 17261845, *3 (W.D. Tenn. 2022). Plaintiffs' inapposite, vacated, or mischaracterized cases[1] do not save their classes. Indeed, Plaintiffs actually concede this motion should be granted at least in part by:

---

[1] *Bowles*, *Whirlpool*, and *Comcast* (Opp. 2-3 & n.2) discuss a **plaintiff's burden** at the certification stage—not the standard for a defendant's motion to strike. That's what *Pilgrim* does. *Speerly* (*id.* n.13) has been vacated. 123 F.4th 840.

1

**(a)** retreating from the "broadest possible" nationwide classes, Opp. 13 (defending only "37-state" subclass); **(b)** abandoning failed subclasses, *e.g.*, *id*. 15 (conspiracy "subclass 2"); **(c)** admitting "few cases" support some claims, *id*. 15; and **(d)** providing no argument on key issues, *compare* MTS § IV.A *with* Opp. § VI (no response on RICO bribery predicates); MTS § V.B *with* Opp. § VII (no response on unjust enrichment fact variation argument). The only question is how much to strike.

**II.     In this Circuit, Article III standing is needed for each out-of-state claim**

Plaintiffs argue that Article III standing for "their own [home state-law] claims" lets them also pursue claims from states where they have no connection, "provided Rule 23 is satisfied." Opp. 6. Plaintiffs cite no Sixth Circuit case allowing this. In this Circuit, "it is black-letter law that standing is a claim-by-claim issue." *Rosen v. Tenn. Com'r*, 288 F.3d 918, 928 (6th Cir. 2002); *Davis v. Colerain Twp.*, 51 F.4th 164, 171 (6th Cir. 2022). At least one named plaintiff must have standing for each claim. *Fox v. Saginaw Cnty.*, 67 F.4th 284, 294 (6th Cir. 2023).

Plaintiffs' sole Sixth Circuit case, *Fallick*, is irrelevant, as it "concerned a [federal] claim that was legally identical" for the class. *Chapman v. GM*, 2024 WL 698789, *10 (E.D. Mich. 2024). *Withrow*, *Chapman*, and *Rivers of Life* (MTS 7-8)—cases that Plaintiffs ignore—carefully apply Article III and explain why cases like *Generation Changers* and *Zantac*—which use Rule 23 to fill gaps when plaintiffs lack standing for out-of-state claims—do not govern in this Circuit. In this

2

Circuit, Rule 23 "adds nothing to the question of standing," *Fox*, 67 F.4th at 288, which must be analyzed claim-by-claim, *Rosen*, 288 F.3d at 928.[2]

### III. Under *Pilgrim*, legal variation defeats Plaintiffs' multistate classes

*Pilgrim*, which Plaintiffs never mention, controls. *Pilgrim* held that "[i]f more than a few of the laws of the fifty states differ, [a court] would face an impossible task." 660 F.3d at 948. *Pilgrim* holds this is a "legal determination" requiring no discovery. *Id*. Plaintiffs' mix-and-match multistate classes—with states varying by subclass and even by element—compound "an impossible task." The Sixth Circuit has never approved such sprawling classes. And contrary to the claim that UWM ignores alternatives, UWM's motion showed just why Plaintiffs' alternative multistate classes, last-resort "substantially similar" classes, and even single-state common-law classes all fail. MTS 9-12. Half-baked subclasses do not save "doomed class allegations" under *Pilgrim*. *Colley v. P&G*, 2016 WL 5791658, at *7 (S.D. Ohio 2016). Nor can vague gestures to Rule 23(c)(4) "salvage" a class full of individualized issues. *Ciccio v. SmileDirect*, 2024 WL 559235 (M.D. Tenn. 2024).

**Consumer Protection.** *Pilgrim* held that a multistate consumer protection class is "[in]consistent with … Rule 23." 660 F.3d at 945-47. Plaintiffs cannot erase critical differences among state statutes—many of which raise complex *Erie*

---

[2] UWM's cases are not outliers, contrary to Plaintiffs' claim (Opp. 7). *See, e.g.*, *Snowdy v. Mercedes-Benz*, 2024 WL 1366446 (D.N.J. 2024) (courts in Third Circuit agree); *Jones v. Micron*, 400 F. Supp. 3d 897 (N.D. Cal. 2019) (same in Ninth).

3

questions—by using broad, ambiguous "term[s] of art." *See In re Nissan*, 122 F.4th 239, 248 (6th Cir. 2024) (must assess elements of "each state law claim"). And even accepting their groupings, Plaintiffs concede a split on scienter, two 3-way splits on reliance (standard and proof), and a split on limitations (Opp. 8-11)—creating dozens of combinations from only 3 of 10 columns of variation. *See* Appx. A. Plaintiffs fail to argue any two statutes are substantially similar on all issues.

**Unjust Enrichment.** Plaintiffs abandon their nationwide class, FAC ¶ 331, for a 37-state backup, Opp. 13, but that concession fails to deal with the massive variation among the states. Appx. B. *Pilgrim*—which affirmed striking an unjust enrichment class, 2010 WL 1254849—holds that even "many common issues of fact" are "not … sufficient to overcome the key defect" of legal variation. 660 F.3d at 948. Most of Plaintiffs' cases do not apply *Pilgrim*.[3]

**Other claims.** Plaintiffs cite no precedent at all for a multistate class of fiduciary duty, civil conspiracy, or RICO claims with state-law predicates (let alone bribery). Plaintiffs also ignore key nuances in Appx. C on duty, and do not address variation in conspiracy or bribery set out in Appx. D and E. That the law is "unclear" on some issues makes the problem worse, requiring repeated *Erie* guesses by state.

---

[3] Opp. 13 & n.21 (*Kimber*, ignores *Pilgrim* on legal variation; *Keilholtz*, applies CA law only; *In re Abbott*, inapposite antitrust injury; *Hoving*, pre-*Pilgrim*, judge later changed mind, *Corwin v. Lawyers Title*, 276 F.R.D. 484 (E.D. Mich. 2011)). *Kirkbride*'s suggestion that this issue was "premature" conflicts with *Pilgrim*.

4

### IV. The FAC alleges broker services, dooming any RESPA class

As five Circuits and the CFPB agree, if a broker "perform[s] **some** services," § 8(c)(2) requires "transaction-by-transaction" analysis that forecloses class treatment. *O'Sullivan v. Countrywide*, 319 F.3d 732, 742 (5th Cir. 2003); RESPA Policy 2001-1, 64 FR 53052-01; CFPB, RESPA Docs. (adopting HUD policies [at link](#)). Plaintiffs' cases admit this rule, Opp. n.23, but found "no services" there at all. Any such "no services" argument would be frivolous here: The FAC admits on its face, as it must, that "brokers provided 'settlement services,'" FAC ¶ 394, and even defines the class itself with such a service, FAC ¶ 328 ("originated by … broker"); *id.* ¶ 112 ("applications"); 12 U.S.C. § 2602(3) ("origination"); 12 C.F.R. § 1024.2. Plaintiffs' purported distinction between services "for borrowers" and "for UWM" is baseless, as CFPB explains: "All services inure to the benefit of both the borrower and the lender," so it is not "necessary or even feasible to" distinguish them. 64 FR 53052-01. Where, as here, brokers admittedly provided some services, the requisite case-by-case analysis precludes any RESPA class as a matter of law. MTS 13-14.

### V. Plaintiffs' hypothetical RICO arguments ignore their own allegations

Plaintiffs do not defend their RICO bribery predicates, MTS 17; Opp. 21-23, and their fraud arguments obfuscate the law and their own allegations. For RICO fraud claims, plaintiffs must show "that **someone** relied." *Bridge v. Phoenix*, 553 U.S. 639, 658 (2008). So proving causation requires either reliance by each class

5

member or reliance by some "third party" who then harms the plaintiffs. *Id.* Plaintiffs' cases agree on this basic rule: Causation requires "proving reliance in some form." *Negrete v. Allianz*, 287 F.R.D. 590 (C.D. Cal. 2012). But Plaintiffs' only causation theory is reliance by each class member. MTD Opp. 12-13 (claims "not contingent on an injury to a third party," each class member "relied"); *Ketayi v. Health Enr.*, 2023 WL 6373071 (S.D. Cal. 2023) ("This theory … is … direct reliance by Plaintiffs, rather than reliance by third parties as in *Bridge*."). That is fatal to a RICO class because "a fraud class action cannot be certified when individual reliance will be an issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 718 (6th Cir. 2000); MTS 18. Even with common evidence of a scheme, individual reliance forecloses class treatment here. Fed. Civ. P. 23 note ("fraud" with varying "degrees of reliance" improper, even with "some common core"); *White v. Symetra*, 104 F.4th 1182, 1194 (9th Cir. 2024) ("uniform" scheme still "require[s] an analysis of … individual circumstances"). Unlike Plaintiffs' inapposite cases, Opp. nn. 28-29,[4] the purported scheme here is not uniform, instead mirroring *Countrywide*: unscripted,

---

[4] *First Alliance* had "a standardized protocol [its **employees**] were carefully trained to perform," requiring "strict adherence" to a "memorized" script. 471 F.3d at 991. *Negrete*, where employees signed a document saying they did not diverge from a standard brochure, holds its analysis does not apply to "mortgage loan transactions," given varied motivations for those purchases. 287 F.R.D. at 612. There is just "no uniform method" to determine the best loan. 75 FR 43232. *Bowe*, with a "standard … presentation," says that the analysis does not apply to mortgage cases like *Countrywide*. *Compound* involved "illegally structured" trusts, not fraud through one-to-one statements about relative price of a valid product or the independence of brokers selling it. *Juul* is a no-broker, direct-to-consumer false advertising case.

6

one-to-one interactions with thousands of independent brokers. MTD 19.

### VI. Plaintiffs fail to support even their single-state common-law classes

Plaintiffs do not respond to UWM's arguments on the individualized nature of unjust enrichment or civil conspiracy claims. MTS 23 & n.9. Plaintiffs argue that fiduciary duty classes "are not precluded … as a matter of law," but they cite only inapposite cases, none involving thousands of individual broker relationships. Opp. 23-24 (citing federal ERISA, corporate officer fiduciary, or uniform written trusts cases). The disputes about duty in three states, MTD Reply 10, exemplify the *Erie* guesses the Court will have to resolve state-by-state. *Supra* III. Plaintiffs agree that "sometimes the existence of fiduciary duties depends on the general nature of the relationship," Opp. 25, proving the inquiry is too individualized for class treatment.

### VII. Plaintiffs cannot tack 23(b)(2) onto an identical (b)(3) damages class

After *Dukes*, Plaintiffs cannot "combine" damages under (b)(3) and injunctive relief under (b)(2) within a single class. *Cross. Grp. v. Cleve. Hghts.*, 346 F.R.D. 75, 89 (N.D. Ohio 2024). That is what Plaintiffs do here. FAC ¶ 328. So (b)(2) should be struck, as at least five in-Circuit cases, MTS 6-7, have held.

Dated: January 16, 2025           Respectfully submitted,

                                        */s/ Jeffrey J. Jones*
                                        Jeffrey J. Jones (P80231)
                                        JONES DAY
                                        150 W. Jefferson Ave., Suite 2100
                                        Detroit, MI 48226
                                        (313) 733-3939
                                        jjjones@jonesday.com

| | |
|---|---|
| Rebekah B. Kcehowski<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>(412) 391-3939<br>rbkcehowski@jonesday.com | Stephen J. Cowen (P82688)<br>Amanda K. Rice (P80460)<br>Andrew J. Clopton (P80315)<br>JONES DAY<br>150 W. Jefferson Ave., Suite 2100<br>Detroit, MI 48226<br>(313) 733-3939<br>scowen@jonesday.com<br>arice@jonesday.com<br>aclopton@jonesday.com<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2025, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

                                                */s/ Jeffrey J. Jones*
                                                Jeffrey J. Jones (P80231)
                                                JONES DAY
                                                150 W. Jefferson Ave, Suite 2100
                                                Detroit, MI 48226
                                                (313) 733-3939
                                                jjjones@jonesday.com

                                                *Counsel for Defendants*