EXHIBIT 40

# JONES DAY

150 WEST JEFFERSON • SUITE 2100 • DETROIT, MICHIGAN 48226.4438

TELEPHONE: +1.313.733.3939 • JONESDAY.COM

Direct Number: +1.313.230.7950
JJJONES@JONESDAY.COM

June 20, 2024

VIA EMAIL & OVERNIGHT MAIL

John T. Zach
Marc Ayala
David L. Simons
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001

Brandon C. Hubbard
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226

Re:   Follow-up to Cease and Desist Letter

Dear Counsel:

We are writing in response to your letter dated May 24, 2024. We are in receipt of the list of brokers to whom BSF sent document preservation letters. Thank you for providing that information. Your letter otherwise fails to adequately address the concerns raised in our May 2, 2024 letter—namely that: (1) Plaintiffs have engaged in improper solicitation via text message, telephone, webpage, "investigators," and various other means; and (2) Plaintiffs' counsel has engaged in misleading advertising regarding the facts and merits of this action. As to the remaining matters, we would simply state:

**A.   UWM Has Every Right to Update Its Webpage**

As set forth in our May 2, 2024 letter, your allegations of alleged failure to preserve information relating to UWM's websites are unfounded. As we previously noted, UWM, like any other business, is entitled to update the communications and videos on its own websites in the ordinary course of business. UWM and counsel are aware of their preservation obligations in connection with such modifications to the extent otherwise relevant to the claims filed in this matter.

**B.   Your Allegations Regarding UWM's April 9 Statement Are Meritless**

Your allegations regarding UWM's April 9, 2024 statement and the lawsuit are again unfounded. UWM has every right to issue statements on its views concerning the litigation that was wrongfully levied against it. Your arguments continue to assume that plaintiffs' allegations in this lawsuit have merit; in our view, they do not. Similarly, there is nothing objectionable about

JONES DAY

Boies Schiller Flexner LLP
June 20, 2024
Page 2

UWM's willingness to take responsibility for the legal fees of brokers who may be unjustly targeted because of their business relationship with UWM. Nor has UWM otherwise engaged in any wrongful conduct of the type referenced in your authorities.

### C. Dickinson Wright's Potential Conflicts of Interest

Your letter continues to try to obscure Dickinson Wright's potential conflicts of interest by objecting to Mr. Roslin's pointing them out. But as explained in our May 2 letter, Mr. Roslin had every right to contact Dickinson about those potential conflicts. Nothing in your latest letter citing inapposite ethics opinions undermines that position. UWM continues to reserve its rights regarding those potential conflicts, including whether Dickinson is adequate class counsel or should be disqualified from representing plaintiffs in this action on any other grounds.

### D. Broker Communications

As stated in our previous letter, it is entirely unsurprising to UWM that Mr. Elkins personally contacted the Escues regarding your filings given that Mr. Elkins had a longstanding personal relationship with the Escues predating the complaint, and your filings name him personally. Again, Mr. Elkins is not a party to this litigation. Nor is he a lawyer or counsel to a party. Based on our inquiries, UWM did not direct Mr. Elkins to reach out to the Escues or play any role in prompting such communications. As we previously requested, if you contend there were discussions with unnamed "third party intermediar[ies]," please identify the intermediaries and the dates, form, and nature of the communications, so we can follow-up as needed.

Thank you for your assistance with these matters.

Sincerely,

Jeffrey J. Jones

cc: Tyler Ulrich (Boies Schiller Flexner LLP)
Mark C. Mao (Boies Schiller Flexner LLP)
Andrew P. Steinmetz (Boies Schiller Flexner LLP)
Rebekah Kcehowski (Jones Day)
Stephen J. Cowen (Jones Day)