# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Therisa D. Escue, Billy R. Escue, Jr., Kim Schelbe, Brian P. Weatherill, Kenneth C. Morandi, Jill Jeffries, and Daniel Singh on behalf of themselves and all others similarly situated,<br><br>      *Plaintiffs*,<br><br>v.<br><br>United Wholesale Mortgage, LLC, UWM Holdings Corporation, SFS Holding Corp., and Mathew Randall Ishbia,<br><br>      *Defendants*. | Case No. 2:24-cv-10853-BRM-DRG<br><br>Hon. Brandy R. McMillion, United States District Judge<br><br>Hon. David R. Grand, Magistrate Judge |

**DECLARATION OF GARRETT B. TODD**

I, Garrett B. Todd, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am a licensed loan officer working with National Trust Lending in Van Nuys, California. I submit this Declaration based on my personal knowledge and my review of the materials described below.

2. Kenneth Morandi approached me in May 2022 to refinance his mortgage. A real estate broker at Coldwell Banker, with whom I have worked before, referred Mr. Morandi to me because Mr. Morandi's situation at that time required special help. Among other things, Mr. Morandi was in debt, had a poor

1

credit score, and a loan modification on his prior mortgage, and was looking to refinance to be able to generate cash.

3. I pulled Mr. Morandi's credit score on May 12, 2022, and Mr. Morandi had an Equifax credit score of 603, a TransUnion credit score of 659, and an Experian credit score of 600. These credit scores make it more difficult to secure a mortgage loan. A true and accurate redacted copy of a credit report reflecting those scores is attached as **Exhibit 1**. As noted on that credit report, Mr. Morandi had, among other things, a "number of accounts with delinquency," and his "proportion of balances to credit limits [was] too high."

4. When referred to me, Mr. Morandi had a quote for a mortgage that he had received from a loan officer at Allied First Bank. The loan officer at Allied First Bank provided Mr. Morandi with an estimate for an FHA 360 Month Mortgage. Mr. Morandi forwarded me the loan estimate from Allied First Bank on May 11, 2022. A true and accurate copy of that email is attached as **Exhibit 2**. Compared to the UWM loan ultimately originated on June 22, 2022 for Mr. Morandi, the proposed Allied First Bank FHA mortgage loan was less favorable because, among other things, it required payment of a mortgage insurance premium.

5. I worked with Mr. Morandi to help him increase his credit score. Among other things, I assisted him in removing certain collections from his credit report. As a result, Mr. Morandi increased his credit score from the low 600s to 725.

A true and accurate redacted copy of a credit report reflecting his updated credit score is attached as **Exhibit 3**.

6. I recall that not long after Mr. Morandi approached me, Mr. Morandi lost his job and had to take a new job.

7. With Mr. Morandi's updated credit score, I was able to look at other loan options for Mr. Morandi and ultimately secured a conventional 30-year fixed mortgage loan with UWM for Mr. Morandi in June 2022. Given the circumstances described above, Mr. Morandi had to "buy the rate down" with discount points to qualify for a non-FHA loan based on his debt-to-income ratio. I explained to Mr. Morandi that paying the discount points and securing a non-FHA loan would be cheaper than securing an FHA loan and paying for a mortgage insurance premium. I explained that, given his situation, including losing his job, the best way to qualify for a non-FHA loan with a favorable interest rate was to "buy down the rate" with points.

8. Mr. Morandi indicated that he was unable to pay the upfront appraisal fee of $575.00 before the loan was closed, so I paid the appraisal fee for Mr. Morandi and was later reimbursed out of escrow. A true and accurate redacted copy of the appraisal service summary showing my payment is attached as **Exhibit 4**.

3

9. The loan I secured from UWM for Mr. Morandi was far more favorable than the Allied First Bank quote that he had when he came to me.

10. I understand that the Plaintiffs' First Amended Class Action Complaint alleges that "[Garrett] Todd signed UWM's Wholesale Broker Agreement[.]" ECF No. 21 at ¶ 275. I did not sign UWM's Wholesale Broker Agreement. In my role as a loan officer, I would not sign such agreements in the ordinary course of my work.

11. In March 2023, Mr. Morandi returned to me for a home equity line of credit. I used Flagstar Bank for that line of credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _November 7th_, 2024.

_____
Garrett B. Todd
Loan Officer, National Trust Lending

4