## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Therisa D. Escue, Billy R. Escue, Jr., Kim Schelbe, Brian P. Weatherill, Kenneth C. Morandi, Jill Jeffries, and Daniel Singh on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

United Wholesale Mortgage, LLC, UWM Holdings Corporation, SFS Holding Corp., and Mathew Randall Ishbia,

*Defendants.*

Case No. 2:24-cv-10853-BRM-DRG

Hon. Brandy R. McMillion,
United States District Judge

Hon. David R. Grand,
Magistrate Judge

## DEFENDANTS' MOTION FOR LEAVE TO FILE AN UNREDACTED VERSION OF DEFENDANTS' CONSOLIDATED MOTION FOR RELIEF UNDER RULE 11, 28 U.S.C. § 1927, AND THIS COURT'S INHERENT POWERS

Defendants respectfully seek leave to file an unredacted copy of their Consolidated Motion for Relief Under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and this Court's inherent powers ("Consolidated Motion for Relief"). On June 21, 2024, and November 11, 2024, Defendants served Plaintiffs' counsel with copies of the two Motions for Relief (with exhibits) that this Court ordered consolidated after holding a status conference with the parties (hereinafter, with the brief and exhibits, collectively referred to as the "Motions for

Relief").  The Motions for Relief set forth the grounds on which Defendants contend this lawsuit was filed for an improper purpose and that Plaintiffs' counsel made false and improper allegations to further that goal.

After receiving Defendants' first Motion for Relief, Plaintiffs filed their First Amended Complaint ("FAC") on August 30, 2024.  Although the FAC modified or deleted certain allegations, the FAC did not cure or correct the other grounds on which Defendants sought relief, including the fact that this lawsuit was filed for an improper purpose.  Accordingly, Defendants prepared a second Motion for Relief, which was later filed with the Court. Defendants maintained that those Motions could be filed in full without redactions.  Out of an abundance of caution, however, Defendants redacted arguments and withheld exhibits that discussed specific allegations that had been deleted or substantially modified in the FAC.  They also filed a Motion for Leave to File an Unredacted Motion for Sanctions, requesting this Court's approval to file complete versions of their Motions for Relief.  *See* ECF No. 24; *see also* ECF No. 37 (Notice of Filing Redacted Documents) (explaining that Motion for Leave to File an Unredacted Motion for Sanctions sought relief as to the second Motion for Relief as well).

On May 1, 2025, the Court entered an order granting Defendants' Motion for Leave to File an Unredacted Motion for Sanctions, but the Court later vacated that ruling pending an opportunity to hold a status conference with the parties on May 8,

2025, to discuss next steps for briefing these matters. *See* ECF Nos. 44, 45. Based on the discussions held at the May 8, 2025 status conference, and by agreement of the parties, this Court entered an order directing Defendants to file a Consolidated Motion for Relief. *See Escue et al v. Ishbia et al*, Docket No. 2:24-cv-10853 (E.D. Mich. Apr 02, 2024), Text-Only Order dated May 8, 2025.

Based on this Court's initial order granting the relief that Defendants' Motion for Leave sought, and the dialogue of the parties and the Court at the status conference concerning its vacatur and the Court's wish for a consolidated motion, Defendants understood they should proceed to file an unredacted version of the Consolidated Motion for Relief.  After meeting and conferring with Plaintiffs' counsel, however, Plaintiffs' counsel took the position that Defendants should redact the Consolidated Motion for Relief as well.  Therefore, out of an abundance of caution, the Defendants are re-filing this motion to file unredacted copies of the Consolidated Motion for Relief.

Pursuant to Local Rule 7.1(a), Defendants' counsel conferred with Plaintiffs' counsel on May 15, 2025, requesting consent to file an unredacted version of the Consolidated Motion for Relief.  Plaintiffs' counsel disagreed.  As explained in the accompanying brief in support, redactions are not required—and, indeed, the redacted portions of the Consolidated Motion for Relief, and accompanying exhibits, remain relevant.  Accordingly, Defendants respectfully request leave to file an

3

unredacted version of the Consolidated Motion for Relief, including its brief in support and accompanying exhibits

Dated:  May 30, 2025

Respectfully submitted,

/s/ *Jeffrey J. Jones*

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

Jeffrey J. Jones (P80231)
Stephen J. Cowen (P82688)
Amanda K. Rice (P80460)
Andrew J. Clopton (P80315)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com
scowen@jonesday.com
arice@jonesday.com
aclopton@jonesday.com

*Counsel for Defendants*

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Therisa D. Escue, Billy R. Escue, Jr.,
Kim Schelbe, Brian P. Weatherill,
Kenneth C. Morandi, Jill Jeffries, and
Daniel Singh on behalf of themselves
and all others similarly situated,

       *Plaintiffs*,

v.

United Wholesale Mortgage, LLC,
UWM Holdings Corporation, SFS
Holding Corp., and Mathew Randall
Ishbia,

       *Defendants.*

Case No. 2:24-cv-10853-BRM-DRG

Hon. Brandy R. McMillion,
United States District Judge

Hon. David R. Grand,
Magistrate Judge

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AN UNREDACTED VERSION OF DEFENDANTS' CONSOLIDATED MOTION FOR RELIEF UNDER RULE 11, 28 U.S.C. § 1927, AND THIS COURT'S INHERENT POWERS

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED............................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ........................................vi

INTRODUCTION..........................................................................................................1

ARGUMENT ................................................................................................................6

    I.      The Redacted Portions Of Defendants' Consolidated Motion For Relief May Be Filed With The Court Because They Support Defendants' Request For Relief Under 28 U.S.C. § 1927 And This Court's Inherent Powers.........................................................................................................9

    II.     The Redacted Portions Of Defendants' Consolidated Motion For Relief Also Support Defendants' Argument Under Rule 11 That This Lawsuit Was Filed For An Improper Purpose.......................................................13

    III.    The Plaintiffs' Position Makes No Sense As A Matter of Logic or Policy – The Court Should Have A Full Record Before It.  And, Even If Plaintiffs Had Any Basis For Their Position, They Waived It By Sending Copies Of Their Complaint to Third Party Brokers Throughout The Country. .........15

CONCLUSION ...........................................................................................................16

# TABLE OF AUTHORITIES

**Page**

CASES

*Albert v. Edward J. DeBartolo Corp.*,
    999 F.2d 539, 1993 WL 272477 (6th Cir. 1993) .........................................10, 11

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991)........................................................................................10, 11

*Davis v. Detroit Downtown Dev. Auth.*,
    782 F. App'x 455 (6th Cir. 2019) ......................................................................12

*EB-Bran Prods., Inc. v. Warner Elektra Atl., Inc.*,
    No. 03-75149, 2006 WL 932085 (E.D. Mich. Apr. 10, 2006), *aff'd*
    *as amended sub nom.*, 242 F. App'x 311 (6th Cir. 2007) ....................................7

*Huggins v. Lueder, Larkin & Hunter*,
    39 F.4th 1342, 1345 (11th Cir. 2022) .................................................................15

*In re Kunstler*,
    914 F.2d 505 (4th Cir. 1990) ......................................................................13, 14

*King v. Whitmer*,
    71 F.4th 511 (6th Cir. 2023) ........................................................................9, 11

*Liberty Legal Found. v. Nat'l Democratic Party*,
    575 F. App'x 662 (6th Cir. 2014) .................................................................10, 11

*Metz v. Unizan Bank*,
    655 F.3d 485 (6th Cir. 2011) .............................................................................11

*Michelle W. v. Michael*,
    2022 WL 17253654 (W.D. Tenn. Nov. 28, 2022)...............................................10

*Odish v. Apple, Inc.*,
    2016 WL 931184 (E.D. Mich. Mar. 11, 2016).....................................................14

*Ridder v. City of Springfield*,
109 F.3d 288 (6th Cir. 1997) .......................................................9, 12, 13

*Swaab v. Calm.com*,
2022 WL 566179 (E.D. Mich. Feb. 24, 2022)................................................9, 11

*Teno v. Iwanski*,
464 F. Supp. 3d 924 (E.D. Tenn. 2020)........................................................13, 14

**STATUTES**

28 U.S.C. § 1927 ...................................................................................passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 ...............................................................................passim

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.    Should the Court grant leave to Defendants to file an unredacted version of their Consolidated Motion for Relief Under Rule 11, 28 U.S.C. § 1927, and This Court's Inherent Powers?

       Defendants' answer: Yes

       Plaintiffs' answer: No

       This Court should answer: Yes

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

**CASES**

*Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997)

*King v. Whitmer*, 71 F.4th 511, 530 (6th Cir. 2023)

*Teno v. Iwanski*, 464 F. Supp. 3d 924 (E.D. Tenn. 2020)

**STATUTES & OTHER AUTHORITIES**

Federal Rule of Civil Procedure 11

28 U.S.C. § 1927

**INTRODUCTION**

As set forth below, the Court should grant Defendants leave to file a complete unredacted record with the Court in support of its Consolidated Motion for Relief Under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and this Court's inherent powers.  The Defendants redacted the motion and exhibits out of an abundance of caution pending guidance from the Court, but the full unredacted version of the motion and exhibits should be filed with the Court for three reasons: (1) The motion seeks relief under Section 1927 and this Court's inherent powers (in addition to Rule 11) and neither Section 1927 nor this Court's inherent powers require a "safe harbor" period.  Numerous courts in the Sixth Circuit have evaluated arguments under all three sources of law and those courts have evaluated a full evidentiary record (without redactions) when doing so.  (2) The false statements made by Plaintiffs in their first complaint support the Defendants' argument that this lawsuit was filed for an improper purpose, which necessitates having a full record before the Court to decide that question.  Numerous court decisions support that conclusion.  And (3) Plaintiffs' position makes no sense as a matter of logic or policy.  Nothing in Rule 11 effectively enjoins parties from discussing Plaintiffs' false statements for other purposes (as Plaintiffs appear to contend) and Plaintiffs have cited no case to date so holding.  And, even if they had any support for their position, Plaintiffs certainly waived any such protections by sending copies of their

1

complaint to third party brokers throughout the country when they filed their complaint.  Thus, their position lacks any support here.

The events of early April 2024 that led to the filing of this lawsuit are more fully set forth in Defendants' Consolidated Motion For Relief separately filed with the Court.  As explained in that filing, Defendant United Wholesale Mortgage, LLC ("UWM") became the victim of a coordinated campaign by a hedge fund (Hunterbrook Capital LP), its media arm (Hunterbrook Media, collectively with its affiliates, "Hunterbrook"), and Plaintiffs' counsel to disparage UWM's business and destroy its stock value.

On April 2, 2024, Hunterbrook published a "report" ("Hunterbrook Report" or the "Report") that disparages UWM through inflammatory rhetoric and numerous improper and unsupportable allegations of wrongdoing.  That same day, Plaintiffs' counsel filed this lawsuit, repeating verbatim many of the same quotes, charts, and accusations that appeared in the Hunterbrook Report.  Before the Report's publication date (and the filing of this lawsuit), Hunterbrook "shorted" UWM's stock and went "long" on one of its competitor's stock (Rocket Mortgage)—betting that UWM's stock price would fall to Rocket's benefit.  The timing of the initial complaint—rife with many inflammatory allegations that were demonstrably wrong—was an integral component of the coordinated attack on UWM.

On June 21, 2024, Defendants served their first Motion for Relief on Plaintiffs' counsel, outlining the conduct that Defendants contend was improper and seeking relief under Rule 11, 28 U.S.C. § 1927, and this Court's inherent powers. Plaintiffs filed the FAC on August 30, 2024. Although the FAC deleted or modified certain improper allegations from their initial complaint, Plaintiffs opted to continue pursuing this action by filing their FAC. And the FAC largely parrots the same inflammatory allegations set forth in their initial complaint and fails to cure or correct many of the other critical deficiencies set forth in Defendants' first Motion for Relief. Although Plaintiffs' counsel switched out charts from the initial complaint that bore Hunterbrook's logo, they continue to use nearly identical charts as a basis for their purported allegations. *Compare* Initial Compl. ¶¶ 69, Fig. 6; 147, Fig. 22, *with* FAC ¶¶ 133, Fig. 25; 217, Fig. 31. And the FAC's allegations only further underscore Plaintiffs' counsel's coordination with Hunterbrook. Indeed, the FAC now alleges that "Plaintiffs were not on notice of the RESPA violations until Plaintiffs learned of the steering scheme in 2024 following Hunterbrook Media LLC's analysis"—which is perplexing considering Plaintiffs' initial complaint, totaling over 100 pages in length, was filed *mere hours* after Hunterbrook published its Report. *See* FAC ¶ 448; *see also* Brief in Support of Consolidated Motion for Relief, at 4.

Because the FAC did not cure the defects in the original complaint, Defendants filed their original Motion for Relief on September 17, 2024. Defendants maintained the original allegations remained relevant to their Motion for Relief but redacted references to specific allegations that had been deleted or modified in the FAC out of an abundance of caution. Defendants filed a Motion for Leave to File an Unredacted Motion for Sanctions, seeking leave from this Court to file a unredacted version. *See* ECF No. 24.

On November 11, 2024, Defendants served a second Motion for Relief, this time focusing on the new allegations in the FAC (and the continuing improper purpose underpinning the entire lawsuit) and again seeking relief under the same legal authorities. After Plaintiffs refused to withdraw or amend, Defendants filed their second Motion for Relief on December 13, 2024. Again, Defendants redacted references to specific allegations that had been deleted or modified in the FAC out of an abundance of caution. Defendants also filed a Notice explaining that their second Motion for Relief should be unredacted for the same reasons as the original Motion. *See* ECF No. 37.

On May 1, 2025, the Court entered an order granting Defendants' Motion for Leave to File an Unredacted Motion for Sanctions. *See* ECF Nos. 44, 45. The Court later vacated that Order pending an opportunity to discuss the briefing issues at a status conference with the parties on May 8. *See* ECF Nos. 44, 45. Consistent with

4

this Court's order following the conference, Defendants filed a Consolidated Motion for Relief combining the arguments in their two initial Motions for Relief. *See Escue et al v. Ishbia et al*, Docket No. 2:24-cv-10853 (E.D. Mich. Apr 02, 2024), Text-Only Order dated May 8, 2025.

Based on the Court's original order granting leave to file the unredacted copy and the dialogue of the parties and the Court at the status conference, Defendants understood that they should proceed to file an unredacted version of the Consolidated Motion for Relief.  But Plaintiffs' counsel disagreed.  In response to Plaintiffs' counsel's objections and out of abundance of caution, Defendants have again redacted references to allegations from the original complaint that were later removed or changed in the FAC, and have withheld the related exhibits.

As explained further below, however, the redacted sections of Defendants' Consolidated Motion for Relief—including the withheld exhibits—support the Defendants' request for relief under 28 U.S.C. § 1927 and the Court's inherent powers, which have no "safe harbor" requirements.  Moreover, the Plaintiffs' improper allegations in their first complaint support a finding that Plaintiffs filed this lawsuit for an improper purpose under Rule 11.  And, finally, Plaintiffs have no basis for arguing that Rule 11 somehow enjoins the Defendants from discussing their improper filings or from the Court having a full record before it.  Moreover, even if Plaintiffs had any basis for taking that position, Plaintiffs certainly waived any such

alleged protections by sending copies of the first complaint to third party brokers throughout the country.  Therefore, Defendants respectfully request leave to file an unredacted version of the Consolidated Motion for Relief, so that this Court can review the consolidated Motion and exhibits in full.

## **ARGUMENT**

Defendants complied with Rule 11(c)(2)'s 21-day notice requirement by serving Plaintiffs with the Motions for Relief on June 21, 2024, and November 11, 2024, thereby alerting Plaintiffs to the numerous, fundamental flaws in both their original complaint and the FAC. Both Motions—now consolidated in the Consolidated Motion—focused on a recurring and glaring issue: This lawsuit was initiated for an improper purpose. *See* Brief in Support of Consolidated Motion for Relief, at 7–11.  Defendants further sought relief on the ground that Plaintiffs' original complaint and the FAC included false factual and legal allegations that were employed to support their improper purpose. *Id*. at 11–25.

Despite being afforded ample notice of these issues, Plaintiffs refused to withdraw the complaint.  Instead, they filed an FAC that parrots many of the same inflammatory and improper allegations contained in the initial complaint.  And the FAC does nothing to erase the improper purpose that preceded it.  Accordingly, Defendants filed their Motions for Relief.  *See EB-Bran Prods., Inc. v. Warner Elektra Atl., Inc.*, No. 03-75149, 2006 WL 932085, at *5 (E.D. Mich. Apr. 10, 2006),

*aff'd as amended sub nom.*, 242 F. App'x 311 (6th Cir. 2007) (imposing Rule 11 sanctions where "objectionable conduct described in Defendants' . . . draft Rule 11 motion was not appropriately corrected by Plaintiff's amended complaint").

Out of an abundance of caution, Defendants redacted portions of both motions that discussed allegations that were deleted or substantially modified in the FAC to seek guidance from the Court before filing those arguments. *See* Fed. R. Civ. P. 11(c)(2) (providing that a Rule 11 motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected"). Out of an abundance of caution, Defendants have again implemented similar redactions to the Consolidated Motion for Relief. Defendants contend, however, that those portions of the Consolidated Motion for Relief are still relevant and should be considered by this Court—notwithstanding Rule 11(c)(2)—for three reasons.

*First*, Defendants' Consolidated Motion for Relief seeks relief not only under Rule 11, but also under 28 U.S.C. § 1927 and this Court's inherent powers. Rule 11(c)(2) does not apply to those independent sources of authority that support Defendants' Consolidated Motion for Relief. And the redacted portions of the Consolidated Motion for Relief that discuss allegations in the initial complaint support Defendants' requests for relief under 28 U.S.C. § 1927 and this Court's inherent powers.

7

*Second*, the redacted portions of the Consolidated Motion for Relief are still relevant to Defendants' request for relief under Rule 11. One of Defendants' primary arguments under Rule 11 is that Plaintiffs' counsel filed this lawsuit for an improper purpose. Although Plaintiffs deleted or modified some allegations, the fact that they made those allegations in the first place—and have not withdrawn this lawsuit—supports the conclusion that Plaintiffs' counsel filed this action as part of a coordinated effort to drive down UWM's stock price and should be evaluated by the Court for that purpose.

And, finally, *third*, the Plaintiffs have no basis for arguing that the Court should be precluded from considering a full record in support of the Defendants' Consolidated Motion for Relief and have cited no case law to date supporting that request. Nor would such a rule make any sense as a matter of logic or policy. The Court should have a full evidentiary record before it. And, even if such a rule existed, Plaintiffs certainly waived any such protections by sending copies of the first complaint to third party brokers throughout the country—Plaintiffs cannot publicize their wrongful complaint to everyone and then argue the Court should not review the wrongful statements in it.

I.     **The Redacted Portions Of Defendants' Consolidated Motion For Relief May Be Filed With The Court Because They Support Defendants' Request For Relief Under 28 U.S.C. § 1927 And This Court's Inherent Powers.**

Defendants' Consolidated Motion for Relief seeks relief on three separate grounds: (1) Rule 11, (2) 28 U.S.C. § 1927 and (3) this Court's inherent powers.  *See* Consolidated Motion for Relief, at 1.  Rule 11(c)(2)'s safe-harbor rule does not apply to requests for relief under § 1927 or a court's inherent powers.  *See Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) ("Unlike Rule 11 sanctions, a motion for excess costs and attorney fees under § 1927 is not predicated upon a 'safe harbor' period, nor is the motion untimely if made after the final judgment in a case."); *Swaab v. Calm.com*, 2022 WL 566179, at *5 (E.D. Mich. Feb. 24, 2022) (same).  For this reason alone, the redacted portions of the motion may be presented to the Court.

As the Consolidated Motion for Relief explains, Defendants argue that Plaintiffs violated 28 U.S.C. § 1927, which provides for cost-shifting where a litigant "multiplies the proceedings in any case unreasonably and vexatiously," by filing and then maintaining this lawsuit and restating the same critically flawed allegations for an improper purpose after notice from Defendants.  *See e.g.,* Brief in Support of Consolidated Motion for Relief, at 7–12, 21–25; *see also, e.g.*, *King v. Whitmer*, 71 F.4th 511, 530 (6th Cir. 2023) (upholding sanctions under 28 U.S.C. § 1927 where plaintiffs unreasonably multiplied the proceedings by refusing to dismiss their suit);

9

*Liberty Legal Found. v. Nat'l Democratic Party*, 575 F. App'x 662, 663 (6th Cir. 2014) (upholding imposition of 28 U.S.C. § 1927 sanctions based on continued frivolous litigation through amended complaint); *Albert v. Edward J. DeBartolo Corp.*, 999 F.2d 539 (Table), 1993 WL 272477, at *5–6 (6th Cir. 1993) (upholding sanctions under 28 U.S.C. § 1927 where plaintiff maintained meritless claims despite having notice that claims were without foundation); *Michelle W. v. Michael*, 2022 WL 17253654, at *2 (W.D. Tenn. Nov. 28, 2022) (imposing sanctions under 28 U.S.C. § 1927 where "circumstances of [the] suit [were] also problematic" given plaintiffs filed the lawsuit "mere weeks" before an election).

Defendants also seek relief under the Court's inherent powers, which authorizes the assessment of attorney's fees against a party that "has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). This "bad-faith exception" resembles, in some respects, the third prong of Rule 11's certification requirement, which "mandates that a signer of a paper filed with the court warrant that the paper 'is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.'" *Chambers*, 501 U.S. at 46 n.10.

Although Plaintiffs' counsel deleted or modified some of the allegations in their initial complaint, those allegations continue to support the relief sought by

Defendants under 28 U.S.C. § 1927 and the Court's inherent powers. Those allegations show that there was no valid basis for key allegations made in this lawsuit in the first place, such that costs expended as a result of Plaintiffs' continued litigation and refusal to withdraw their lawsuit are "excess" costs resulting from vexatious litigation tactics under § 1927. *See King*, 71 F.4th at 530; *Liberty Legal Found.*, 575 F. App'x at 663; *Albert*, 1993 WL 272477, at *5–6. These same vexatious litigation tactics should also be sanctioned under the Court's inherent powers because the filing of Plaintiffs' initial complaint in coordination with Hunterbrook to drive down UWM's stock price was "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489–90 (6th Cir. 2011).

As other courts have found, making critical false or misleading statements in conjunction with other conduct can support relief under § 1927 and this Court's inherent powers. Parties often seek relief under all three mechanisms in concert, just as the Defendants did here, and courts examine such motions based on the full evidentiary record. *Chambers,* 501 U.S. at 46–49; *see also, e.g.*, *Swaab,* 2022 WL 566179, at *4 (E.D. Mich. Feb. 24, 2022) (seeking relief under Rule 11, § 1927, and inherent powers). Plaintiffs have provided no caselaw to date to support their position that a federal court need not examine wrongful conduct supporting relief under § 1927 or this Court's inherent powers simply because such conduct also supported bringing a Rule 11 motion.

11

In *Ridder*, for instance, the defendant filed a motion under both Rule 11 and 28 U.S.C. § 1927. *Ridder*, 109 F.3d at 290. The Sixth Circuit affirmed the district court's sanctions award under § 1927, even while it reversed the Rule 11 award for failing to satisfy its separate "safe harbor" rule. *Id.* Like the defendant in *Ridder*, Defendants here seek relief under Rule 11 and other authority and cite caselaw and make arguments supporting each ground for relief. *See, e.g.*, Brief in Support of Consolidated Motion for Relief, at 6–7. And because Rule 11's safe harbor requirement does not even apply to § 1927 or this Court's inherent powers, an unredacted motion can clearly be presented to the Court for those purposes. *See Ridder*, 109 F.3d at 290.

Similarly, in *Williams v. White Castle Systems*, the plaintiff voluntarily withdrew a frivolous claim from her original complaint. 526 F. Supp. 2d 830, 840 (M.D. Tenn. 2007). The court found that Rule 11 sanctions were not warranted as to that particular claim, *id.* at 839–40, but awarded costs under § 1927 because the plaintiff had filed the frivolous claim and forced the defendant to litigate it. *Id.* at 848; *see also Davis v. Detroit Downtown Dev. Auth.*, 782 F. App'x 455, 458 (6th Cir. 2019) (awarding § 1927 sanctions even though plaintiff voluntarily withdrew frivolous claims). In those cases, none of the briefing addressing such frivolous conduct was redacted; to the contrary, the Court examined the wrongful conduct. The Court should take the same approach here.

12

Accordingly, this Court should grant Defendants leave to file an unredacted version of their Consolidated Motion for Relief so it can adequately assess whether to award relief under § 1927 and its inherent powers. *See, e.g.*, *Ridder*, 109 F.3d at 297.

## II.     The Redacted Portions Of Defendants' Consolidated Motion For Relief Also Support Defendants' Argument Under Rule 11 That This Lawsuit Was Filed For An Improper Purpose.

Even setting aside § 1927 and this Court's inherent powers, one of Defendants' primary arguments under Rule 11 is that Plaintiffs' counsel filed this lawsuit for an improper purpose in violation of Rule 11(b)(1). *See* Brief in Support of Consolidated Motion for Relief, at 7–11. And, under federal law, filing false or improper allegations in an opening complaint is strong evidence of improper purpose. *See, e.g., In re Kunstler*, 914 F.2d 505, 519 (4th Cir. 1990) ("The fact that so many allegations in the complaint lacked a basis in law or in fact strongly supports the court's finding of improper purpose."); *Teno v. Iwanski*, 464 F. Supp. 3d 924, 953–54 (E.D. Tenn. 2020) (finding lawsuit brought for the improper purpose of plaintiff's "own personal and political reasons" and noting that "pursuing an action that is without merit may be evidence" of improper purpose under Rule 11(b)(1) when coupled with "something more").

Plaintiffs have not withdrawn their lawsuit. And the fact that Plaintiffs' counsel amended their complaint to remove or modify certain improper allegations

does not undermine the basis for "improper purpose" sanctions under Rule 11.  To the contrary, those same allegations remain strong evidence of improper purpose *at the time* Plaintiffs' counsel filed the initial complaint on April 2.  *See Kunstler*, 914 F.2d at 519–20 (finding no abuse of discretion where a "district court inferred an improper purpose from the timing of the filing of the complaint"); *Teno*, 464 F. Supp. 3d at 954 (finding that the timing of the filing of plaintiff's complaint, along with the "meritless nature of most of Plaintiff's claims and contentions," served as credible evidence that plaintiff and his counsel had brought the lawsuit for an improper purpose); *Odish v. Apple, Inc.*, 2016 WL 931184, at *3 (E.D. Mich. Mar. 11, 2016) (condemning filing of inaccurate complaints at a particular time in an effort of gamesmanship).

Defendants' Consolidated Motion for Relief exposes the true nature of this lawsuit: Plaintiffs' counsel, working in concert with Hunterbrook, filed this lawsuit as part of a calculated attack on UWM, designed to smear the company and drive down its stock price.  Stripping out false allegations from the original complaint does nothing to undo the damage; to the contrary, the fact that Plaintiffs included such improper allegations in the first instance only further supports the improper purpose. By the time Plaintiffs amended their complaint, the scheme had already had its intended effect. *See* Brief in Support of Consolidated Motion for Relief, at 5 (noting

that "[t]he day the Report issued and the lawsuit hit, UWM's share price declined by 8.5%[.]").

### III. The Plaintiffs' Position Makes No Sense As A Matter of Logic or Policy – The Court Should Have A Full Record Before It.  And, Even If Plaintiffs Had Any Basis For Their Position, They Waived It By Sending Copies Of Their Complaint to Third Party Brokers Throughout The Country.

Plaintiffs' position—that Rule 11 somehow enjoins parties from ever discussing wrongful contentions in their first complaint—has no support.  Nowhere does the Rule demand that withdrawn *contentions* must remain secret from the Court for *all other purposes*.  To the contrary, as noted above, many courts assess sanctions under § 1927 or the Court's inherent powers based on a full evidentiary record.  And courts do so in the Rule 11 context as well.  In *Huggins v. Lueder, Larkin & Hunter*, for instance, the defendant served draft Rule 11 motions, and the plaintiffs withdrew "some but not all of the claims" within the safe harbor period.  39 F.4th 1342, 1345 (11th Cir. 2022).   In defendant's later-filed motion for sanctions, the defendant discussed the withdrawn contentions without seeking sanctions on those grounds.  Motion for Sanctions, *Huggins*, No. 1:19-cv-04333, Dkt. 57, at 3–6 & Dkt. 57–1, at 3–4 (N.D. Ga. Jul. 13, 2020).  This raised no controversy even as the Eleventh Circuit found that defendant complied with Rule 11's safe harbor.  *Huggins*, 39 F.4th at 1349.

Moreover, Plaintiffs' position finds no support in Rule 11's text.  The Rule permits challenges to "paper[s]," "claim[s]," and "contention[s]," not just

15

"contention[s]." Fed. R. Civ. P. 11(c)(2).  A party can amend a specific "contention," but that does not undermine or alter a Rule 11 challenge to the "paper" or "claims[s]" that continue to run afoul of Rule 11.  Nowhere does the Rule restrict a motion challenging a "paper" just because the plaintiff amended a "contention."

Even if the Plaintiffs could find support for their position, Plaintiffs waived any protections they may otherwise claim to have.  Plaintiffs' Counsel not only filed the first complaint, but they also publicized copies of it everywhere—Plaintiffs' counsel sent copies of the complaint to over sixty third party brokers throughout the country, and the action was widely reported in the media.  *See e.g.,* Consolidated Motion for Relief, Exs. 4, 34–36.  Plaintiffs cannot credibly maintain that everyone else—including the press and third party brokers—should review Plaintiffs' improper allegations in their first complaint but the Court should somehow be precluded from doing so.  *Cf. In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 302–07 (6th Cir. 2002) (finding waiver of claimed privilege).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' leave to file an unredacted version of the Consolidated Motion for Relief, including its brief in support and accompanying exhibits.

16

Dated: May 30, 2025                    Respectfully submitted,

                                       /s/ *Jeffrey J. Jones*
Rebekah B. Kcehowski                   Jeffrey J. Jones (P80231)
JONES DAY                              Stephen J. Cowen (P82688)
500 Grant Street, Suite 4500           Amanda K. Rice (P80460)
Pittsburgh, PA 15219                   Andrew J. Clopton (P80315)
(412) 391-3939                         JONES DAY
rbkcehowski@jonesday.com               150 W. Jefferson Ave, Suite 2100
                                       Detroit, MI 48226
                                       (313) 733-3939
                                       jjjones@jonesday.com
                                       scowen@jonesday.com
                                       arice@jonesday.com
                                       aclopton@jonesday.com

                                       *Counsel for Defendants*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2025, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

/s/ *Jeffrey J. Jones*
Jeffrey J. Jones (P80231)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com

*Counsel for Defendants*

18