# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

THERISA D. ESCUE, BILLY R. ESCUE,
JR., KIM SCHELBE, BRIAN P.
WEATHERILL, KENNETH C. MORANDI,
JILL JEFFRIES, and DANIEL SINGH on
behalf of themselves and all others similarly
situated,

                           Plaintiffs,

            v.

UNITED WHOLESALE MORTGAGE, LLC,
UWM HOLDINGS CORPORATION,
SFS HOLDING CORP., and
MATHEW RANDALL ISHBIA,

                        Defendants.

Case No. 2:24-cv-10853

Hon. Brandy R. McMillion

Hon Mag. David R. Grand

# PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AN UNREDACTED VERSION OF DEFENDANTS' CONSOLIDATED MOTION FOR RELIEF UNDER RULE 11, 28 U.S.C. § 1927, AND THIS COURT'S INHERENT POWERS

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED.............................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................iv

INTRODUCTION AND FACTUAL BACKGROUND .........................................1

ARGUMENT ......................................................................................................3

     I.    Rule 11 Provides No Exception To Its Safe Harbor Prohibition .........3

     II.   28 U.S.C. § 1927 and This Court's Inherent Powers Do Not Swallow the Rule 11 Safe Harbor Prohibition on Withdrawn or Corrected Materials ...........................................................................................5

CONCLUSION ..................................................................................................8

CERTIFICATE OF SERVICE .........................................................................9

## TABLE OF AUTHORITIES

**<u>Cases</u>**

*Albert v. Edward J. DeBartolo Corp.*,
   999 F.2d 539 (Table), 1993 WL 272477 (6th Cir. 1993) ....................................6

*In re Kunstler*,
   914 F.2d 505 (4th Cir. 1990) ...................................................................6

*King v. Whitmer*,
   71 F.4th 511, 519 (6th Cir. 2023) ...........................................................5

*Liberty Legal Found. v. Nat'l Democratic Party*,
   575 F. App'x 662 (6th Cir. 2014) ............................................................6

*Michelle W. v. Michael*,
   2022 WL 17253654 (W.D. Tenn. Nov. 28, 2022)...............................................6

*Odish v. Apple, Inc.*,
   2016 WL 931184 (E.D. Mich. Mar. 11, 2016) ..................................................6

*Teno v. Iwanski*,
   464 F. Supp. 3d 924 (E.D. Tenn. 2020)........................................................6

**<u>Rules</u>**

Fed. R. Civ. P. Rule 11 ...........................................................................2

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.    Should the Court grant leave to Defendants to file an unredacted version of
their Consolidated Motion for Relief Under Rule 11, 28 U.S.C. § 1927, and
This Court's Inherent Powers?

Plaintiffs' answer: No

Defendants' answer: Yes

This Court should answer: No

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

**STATUTES & OTHER AUTHORITIES**

Federal Rule of Civil Procedure 11

28 U.S.C. § 1927

## INTRODUCTION AND FACTUAL BACKGROUND

Defendants' request to file an unredacted copy of their Consolidated Motion for Relief Under Rule 11, 28 U.S.C. § 1927, and This Court's Inherent Powers ("Consolidated Motion") should be rejected for at least two reasons. First, granting the request would violate Rule 11(c)(2). *See* Fed. R. Civ. P. Rule 11(c)(2) (the "Rule 11 Safe Harbor"). While Defendants urge the Court to create a novel "it's relevant" exception to Rule 11(c)(2), that would improperly allow Defendants to file otherwise prohibited materials, which the Court should decline to do. Second, Defendants fail to identify any independent reason for sanctions under 28 U.S.C. § 1927 or this Court's inherent powers, and their passing references to these general sources of authority do not displace the express limitations under the Rule 11 Safe Harbor.

As explained more completely in Plaintiffs' Opposition to the Consolidated Motion (the "Opposition" or "Opp."), Plaintiffs' counsel ("Counsel") conducted a substantial investigation into the factual and legal foundation of the Complaint prior to commencing this action on April 2, 2024. Counsel's investigation included reviewing and analyzing extensive amounts of data, working directly with an expert and other industry professionals to develop the allegations, and interviewing actual borrowers and loan officers with experience in the wholesale market to verify the allegations. Opposition, ECF No. 53, PageID.3428.

On June 21, 2024, Defendants served on Plaintiffs (but did not file) their first Rule 11 motion, making various accusations about the Complaint. Counsel vigorously disagreed with Defendants' accusations, but invested still more hours refining and strengthening Plaintiffs' claims in good faith. Counsel's efforts culminated in Plaintiffs' First Amended Complaint (the "FAC," ECF No. 21), which was filed on August 30, 2024—within the Rule 11 Safe Harbor (a fact Defendants concede).

Defendants thereafter filed two Rule 11 motions, baselessly accusing Counsel of purportedly filing this lawsuit for an improper purpose and claiming that the FAC did not fully resolve their Rule 11 arguments. *See* ECF Nos. 23, 38. This Court then ordered Defendants on May 8, 2025, to consolidate their Rule 11 motions. Defendants thereafter filed their Consolidated Motion (ECF No. 51), as well as the instant Motion for Leave to File an Unredacted Version of Defendants' Consolidated Motion ("Motion for Leave," ECF No. 52).

The Rule 11 Safe Harbor unambiguously prohibits a party from filing or presenting to the Court a motion for sanctions "if the challenged paper, claim, defense, contention, or denial [was] withdrawn or appropriately corrected." Fed. R. Civ. P. Rule 11(c)(2). In light of that prohibition, Defendants' Consolidated Motion properly redacts references to certain of the initial Complaint's claims and exhibits, which Defendants freely admit were "deleted or substantially modified in the FAC."

2

Mot. Leave, ECF No. 52, PageID.3401. Defendants now argue that their own redactions should be removed. Mot. Leave, ECF No. 52, PageID.3407–09. Specifically, Defendants ask this Court to find an exception to the Rule 11 Safe Harbor based solely on their view that the redacted allegations—even though subject to the Rule 11 Safe Harbor—remain "relevant" to Defendants' unfounded allegation that Counsel has an "improper purpose" in bringing this lawsuit.  But there is no textual basis for Defendants' requested end-run around the Rule 11 Safe Harbor.

Defendants also argue they may remove redactions irrespective of the Rule 11 Safe Harbor because they name 28 U.S.C. § 1927 and this Court's inherent powers as alternative bases for sanctions. Defendants, however, fail to identify a single independent argument supporting an award of sanctions under either theory. In reality, Defendants' attempted application of 28 U.S.C. § 1927 and the Court's inherent powers aims to swallow the Rule 11 Safe Harbor. And Defendants cite no cases in support of such a result. Defendants' Motion for Leave should be denied.

## ARGUMENT

### I.    Rule 11 Provides No Exception to Its Safe Harbor Prohibition

Defendants erroneously argue that materials redacted from the Consolidated Motion should be unsealed because such materials are "relevant" to Counsel's alleged improper purpose in filing this lawsuit. Indeed, Rule 11 contains no such "it's relevant" exception.  Instead, Rule 11(c)(2) prohibits a party from filing or

3

presenting a motion for sanctions to the Court "if the challenged paper, claim, defense, contention, or denial [was] withdrawn or appropriately corrected."  Here, Defendants concede that, during the safe harbor period, Plaintiffs' FAC updated or removed certain allegations and exhibits that were the subject of Defendants' Rule 11 arguments.  Mot. Leave, ECF No. 52, PageID.3401.  Therefore, those materials may not "be filed or be presented to the court" under the plain language of the Rule 11 Safe Harbor.

Defendants nevertheless incorrectly assert that they may avoid the Rule 11 Safe Harbor because they have asserted, without basis, that Counsel filed this action purportedly in pursuit of an "improper purpose," namely, to drive down UWM's stock price. But Defendants' assertion in that regard is itself sanctionable. *See* Opp. at PageID.3421–31. Indeed, as Plaintiffs explain, Defendants' accusation is unfounded; Counsel has no interest in any trade by any Hunterbrook entity on UWM's stock. *Id.* at PageID.3424.[1] Defendants' repetitive and baseless Rule 11

---

[1] Defendants' improper purpose accusations are debunked, meaning the cases Defendants cite for the proposition that the redacted communications are relevant to Counsel's improper purpose "at the time of filing" are inapplicable. Mot. Leave, ECF No. 52, PageID.3407-08. Even so, none of Defendants' cases stand for the proposition that Rule 11 claims that have admittedly been mooted are still relevant to a sanctions inquiry. *See In re Kunstler*, 914 F.2d 505 (4th Cir. 1990) (makes no mention of redactions or a distinction between information in the complaint versus amended complaint); *accord Teno v. Iwanski*, 464 F. Supp. 3d 924 (E.D. Tenn. 2020) *and Odish v. Apple, Inc.*, 2016 WL 931184 (E.D. Mich. Mar. 11, 2016).

motions compel Counsel to again highlight two basic principles of civility: (i) "We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety," and (ii) "We will not seek court sanctions **without first conducting a reasonable investigation** and unless fully justified by the circumstances and necessary to protect our client's lawful interests." E.D. Mich, *In re: Civility Principles*, Admin. Order No. 08-A0-009 (emphasis added).

Respectfully, the Court should not take the extraordinary measure of adopting an unprecedented exception to the Rule 11 Safe Harbor, particularly when Defendants concede that they themselves redacted those materials *because of* the Rule 11 Safe Harbor.

## II.   28 U.S.C. § 1927 and this Court's Inherent Powers Do Not Swallow the Rule 11 Safe Harbor Prohibition on Withdrawn or Corrected Materials

Even the slightest scrutiny confirms that neither 28 U.S.C. § 1927 nor this Court's inherent powers allow Defendants to end-run the Rule 11 Safe Harbor. They claim, for instance, that their nominal references to 28 U.S.C. § 1927 and the Court's inherent powers somehow render the Rule 11 Safe Harbor inapplicable.  But their Consolidated Motion is fundamentally a motion seeking relief under Rule 11. Defendants make passing reference to 28 U.S.C. § 1927 and the Court's inherent powers, but their Consolidated Motion does not purport to identify *a single independent argument* for this Court to award sanctions on either of those bases, as

distinct from Rule 11. *See* Consol. Mot., ECF No. 51, PageID.2572-73 (reciting legal standards under 28 U.S.C. § 1927); *id.* at PageID.2574 (mentioning Section 1927 in a parenthetical as part of a long string-cite related to Rule 11); *id.* at PageID.2577 (conflating Rule 11 and Section 1927 standards); *id.* at PageID.2587 (same).

Defendants' own case law should have dissuaded Defendants from conflating the standards and bases for relief under Rule 11 on the one hand, and relief under Section 1927 or the Court's inherent powers on the other.[2]  In *Ridder v. City of Springfield*, for example, the court held that Rule 11 sanctions may be rejected even as Section 1927 sanctions are imposed. 109 F.3d 288, 297 (6th Cir. 1997). Plaintiffs

---

[2] The cases Defendants cite concerning 28 U.S.C. § 1927 are readily distinguishable and do not approach the circumstances here, where Plaintiffs have filed a robust, well-supported FAC with clear intention to fulsomely litigate the matter. *See King v. Whitmer*, 71 F.4th 511, 519, 530 (6th Cir. 2023) (plaintiffs "needlessly prolonged the proceedings" and "acted in bad faith" by refusing to dismiss suit attempting to undue 2020 election on patently absurd grounds premised on "alternative slate of electors"); *Liberty Legal Found. v. Nat'l Democratic Party*, 575 F. App'x 662, 663 (6th Cir. 2014) (plaintiffs sued Democratic Party, alleging without basis that the Party was part of a conspiracy to misrepresent that President Obama is a "natural-born citizen"); *Albert v. Edward J. DeBartolo Corp.*, 999 F.2d 539 (Table), 1993 WL 272477, at *1 and *6 (6th Cir. 1993) (security guard fired for sexually abusing employees filed specious claims against employer for gender discrimination, and after receiving notice of the "frivolity of these claims", instead of dismissing his claims, doubled down by adding an additional frivolous claim); *Michelle W. v. Michael*, 2022 WL 17253654, at *1-3 (W.D. Tenn. Nov. 28, 2022) (plaintiffs' counsel, running in an election against an incumbent judge "entitled to judicial immunity", filed a "plainly frivolous" suit against the judge, "mere weeks before the election" and posted the lawsuit on "Plaintiffs' counsel's Facebook campaign page").

agree. Defendants, however, stretch *Ridder* to suggest that an improper purpose analysis under Rule 11 can stand in for a frivolousness analysis. To the contrary, the *Ridder* court awarded Section 1927 sanctions based on a finding of frivolity—not any alleged improper purpose. Indeed, the sanctioned attorney there "persisted in pressing the allegations for over five years, despite unearthing no evidentiary support for the claims **even after full discovery**." *Id.* at 298 (emphasis added). That is, the *Ridder* court sanctioned the attorney for persisting with frivolous claims *without* considering his purpose for doing so.

Defendants similarly misconstrue *Williams v. White Castle Sys., Inc.*, 526 F. Supp. 2d 830, 847 (M.D. Tenn. 2007). There, the court was considering two motions to amend the complaint—there were no withdrawn or corrected pleadings to consider. Still, the court held that "counsel knew or should have known" Plaintiff's claims were futile regardless of his purpose for pursuing them. *Id.* Because Defendants fail to argue anything other than a debunked improper purpose, they cannot shirk the Rule 11 Safe Harbor and cannot unseal their motion. Any other result would allow section 1927 and the Court's inherent powers to swallow the Rule 11 improper purpose analysis and render its associated Safe Harbor a nullity.[3]

---

[3] Courts in this district further advise that "the act of filing an amended complaint," moreover, does not support sanctions under Section 1927. *El-Khalil v. Tedeschi*, No. 18-12759, 2023 WL 5827666, at *9 (E.D. Mich. Sept. 8, 2023). To the extent Defendants argue that persisting with, or refusing to dismiss, a complaint supports

At bottom, this Court should recognize what Defendants already have: the portions of their Rule 11 Motion that were redacted have been mooted, are subject to the Rule 11 Safe Harbor, and cannot properly be exempted from that Rule's scope and purpose.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for leave to file an unredacted version of the Consolidated Motion for Relief.

Dated:  June 20, 2025                By:  /s/ *Brandon C. Hubbard*
           Detroit, Michigan                  Brandon C. Hubbard (P71085)
                                                      **DICKINSON WRIGHT PLLC**
                                                      500 Woodward Avenue, Suite 4000
John T. Zach                                 Detroit, Michigan 48226
Marc Ayala                                   Tel.: (517) 371-1730
Andrew P. Steinmetz
**BOIES SCHILLER FLEXNER LLP**    Tyler Ulrich
55 Hudson Yards                          **BOIES SCHILLER FLEXNER LLP**
New York, New York 10001          100 SE Second Street
Tel.: (212) 446-2300                     Miami Florida 33131
                                                      Tel.: (305) 357-8422

                                                      *Attorneys for Plaintiffs*

---

sanctions, Defendants do not point to any such authority. Indeed, no authority suggests that Section 1927 sanctions may be applied absent any showing that a party vexatiously or unreasonably (frivolously) multiplied proceedings.

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2025, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

By: <u>/s/ *Brandon C. Hubbard*</u>

Brandon C. Hubbard (P71085)
**DICKINSON WRIGHT PLLC**
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
Tel.: (517) 371-1730

*Attorney for Plaintiffs*

9