# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| Therisa D. Escue, Billy R. Escue, Jr., Kim Schelbe, Brian P. Weatherill, Kenneth C. Morandi, Jill Jeffries, and Daniel Singh on behalf of themselves and all others similarly situated, | Case No. 2:24-cv-10853-BRM-DRG |
| *Plaintiffs*, | Hon. Brandy R. McMillion, United States District Judge |
| v. | Hon. David R. Grand, Magistrate Judge |
| United Wholesale Mortgage, LLC, UWM Holdings Corporation, SFS Holding Corp., and Mathew Randall Ishbia, | |
| *Defendants.* | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AN UNREDACTED VERSION OF DEFENDANTS' CONSOLIDATED MOTION FOR RELIEF UNDER RULE 11, 28 U.S.C. § 1927, AND THIS COURT'S INHERENT POWERS**

# TABLE OF CONTENTS

I.      The redacted portions support Defendants' request for relief under 28
        U.S.C. § 1927 and this Court's inherent powers and should be reviewed
        by the Court as the Sixth Circuit and other courts have done. ....................2

II.     The redacted portions also support Defendants' argument under Rule 11
        that this lawsuit was filed for an improper purpose and should be
        reviewed under the plain language of the Rule. ..........................................5

III.    Plaintiffs forfeited any claimed protections by sending copies of their
        complaint to third party brokers throughout the country............................7

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Albert v. Edward J. DeBartolo Corp.*,
    999 F.2d 539 (6th Cir. 1993) ................................................................4

*Coates v. Castilla*,
    2022 WL 2162926 (E.D. Mich. Jan. 20, 2022) ...................................1

*Deutsche Bank Nat'l Tr. Co. v. Quarles*,
    2013 WL 3863969 (E.D. Mich. July 24, 2013) ..................................1

*Dixon v. GMAC Mortg., LLC*,
    2012 WL 1564702 (E.D. Mich. May 2, 2012) ....................................1

*Farmland Partners Inc. v. Fortunae*,
    2021 WL 1978739 (D. Colo. May 18, 2021) ......................................7

*Huggins v. Lueder, Larkin & Hunter*,
    39 F.4th 1342 (11th Cir. 2022) ...........................................................6

*In re Kunstler*,
    914 F.2d 505 (4th Cir. 1990) ...............................................................6

*King v. Whitmer*,
    71 F.4th 511 (6th Cir. 2023) ............................................................3, 4

*Liberty Legal Found. v. Nat'l Democratic Party*,
    575 F. App'x 662 (6th Cir. 2014) .......................................................4

*Odish v. Apple, Inc.*,
    2016 WL 931184 (E.D. Mich. Mar. 11, 2016) ...................................6

*Ridder v. City of Springfield*,
    109 F.3d 288 (6th Cir. 1997) ...............................................................3

*Teno v. Iwanski,*
　　464 F. Supp. 3d 924 (E.D. Tenn. 2020)...................................................6

*Williams v. White Castle Sys.,*
　　526 F. Supp. 2d 830 (M.D. Tenn. 2007) ...........................................3, 4

**STATUTES**

28 U.S.C. § 1927...............................................................................passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 ..............................................................................passim

E.D. Mich. L.R. 7.1.................................................................................1

Plaintiffs' position is untenable.  Their attorneys filed a complaint with allegations that are demonstrably wrong and then sent that complaint to over sixty mortgage brokers across the country as part of a coordinated campaign to disparage UWM for the benefit of an activist hedge fund who shorted UWM's stock.  And now they want to prevent the Court from even examining which allegations were false and why.  Neither federal law nor common sense permits that result.  In fact, Plaintiffs cite no cases—none—in which a court did what they are advocating.

Notably, at the outset, Plaintiffs' brief in opposition (ECF No. 54) ("Opp") was untimely and should be rejected on that basis alone.[1]  Moreover, on the merits, Plaintiffs' brief offers no coherent reason or caselaw to support their odd claim that their wrongful conduct should remain concealed from the Court for all purposes.  To the contrary, the Court should review the redacted portions as other courts have done for three reasons:  (1) Plaintiffs' improper allegations support relief under 18 U.S.C. § 1927 and this Court's inherent authority, neither of which has a "safe harbor"

---

[1] Responses to non-dispositive motions must be filed "within 14 days after the service of the motion."  L.R. 7.1(e)(1)(A).  Defendants filed their motion for leave on May 30, 2025, but Plaintiffs did not respond on June 13, 2025, as required.  "Since [Plaintiffs] filed an untimely response to [Defendants'] motion, the Court need not examine [their] response on the merits." *Coates v. Castilla*, 2022 WL 2162926, at *4 (E.D. Mich. Jan. 20, 2022); *see, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Quarles*, 2013 WL 3863969, at *1 (E.D. Mich. July 24, 2013); *Dixon v. GMAC Mortg., LLC*, 2012 WL 1564702, at *1 (E.D. Mich. May 2, 2012).  By contrast, this reply is timely because Defendants have filed it "within 7 days after service of the response."  L.R. 7.1(e)(1)(B).  Defendants likewise intend to file a reply in support of their Motion for Relief on July 3, 2025, consistent with this Court's order.

1

requirement; (2) Plaintiffs' wrongful allegations support the conclusion that their counsel filed this lawsuit for an improper purpose; and (3) Plaintiffs' counsel cannot possibly disseminate their false allegations to third parties throughout the country and then claim the Court cannot examine them.

## I.   The redacted portions support Defendants' request for relief under 28 U.S.C. § 1927 and this Court's inherent powers and should be reviewed by the Court as the Sixth Circuit and other courts have done.

As Defendants' Motion explained, the Court should consider the redacted portions of Defendants' Consolidated Motion for Relief because they support the relief requested under 28 U.S.C. § 1927 and this Court's inherent powers (in addition to Rule 11).  Mot. 9–13.  Plaintiffs do not dispute that Defendants seek relief on three separate grounds—Rule 11, 28 U.S.C. § 1927, and this Court's inherent authority. They do not dispute that false or unreasonable allegations can support relief under § 1927 and inherent authority (in addition to Rule 11).  And they do not dispute that neither § 1927 nor inherent authority has a "safe harbor" requirement.   The conclusion should follow directly:  This Court should examine the full record in evaluating Defendants' Motion as other courts have done in these circumstances.

Plaintiffs attempt to avoid that straightforward conclusion by claiming that Defendants' Consolidated Motion is "fundamentally" a Rule 11 motion.  Opp. 5–6. But that is inaccurate and belied by precedent.  Defendants clearly elucidated three independent grounds for their requested relief, and they cited caselaw and made

arguments under all three sources of authority.  *See, e.g.*, ECF No. 51 at 6–8, 11, 21, 25.  Thus, Defendants' Motion is not fundamentally a Rule 11 motion any more than it is fundamentally a § 1927 or an inherent authority motion.

Nor does Plaintiffs' argument comport with federal law.  The Sixth Circuit and other courts routinely review multiple grounds for sanctions and examine the entire record (not a partial record) in doing so.  *See* Mot. 11 (citing cases); *see also King v. Whitmer*, 71 F.4th 511, 530 (6th Cir. 2023) (affirming sanctions under both Rule 11 and § 1927).  Plaintiffs fail to distinguish any of Defendants' supporting cases.  They argue that *Ridder* did not award § 1927 sanctions based on "any alleged improper purpose," Opp. 6–7 (citing *Ridder*, 109 F.3d 288 (6th Cir. 1997)), but that is irrelevant here.  *Ridder* shows that defendants can obtain § 1927 sanctions even where a Rule 11 motion based on the same set of facts failed to satisfy the "safe harbor" rule.  *See Ridder*, 109 F.3d at 290.  The same applies here.  Consistent with *Ridder*, this Court can consider the unredacted Consolidated Motion for purposes of assessing § 1927 sanctions regardless of whether Rule 11's safe harbor applies.  Plaintiffs do not challenge this core point from *Ridder*.

Plaintiffs similarly claim that *Williams* did not involve "withdrawn or corrected pleadings to consider."  Opp. 7 (citing *Williams*, 526 F. Supp. 2d 830, 847 (M.D. Tenn. 2007)).  But that is not true.  In *Williams*, the plaintiff filed a frivolous claim in her original complaint and only later agreed to dismiss it.  526 F. Supp. 2d

at 840.   While that correction precluded a Rule 11 challenge, the court awarded § 1927 sanctions on a complete record because plaintiff "persisted" in "asserting the claim" prior to that point.   *Id.* at 848.   Like *Ridder*, *Williams* thus directly refutes Plaintiffs' position that Rule 11's safe harbor somehow limits the Court's ability to consider all relevant evidence when evaluating other grounds for sanctions.

Lastly, Plaintiffs try to distinguish Defendants' § 1927 cases through a string of parentheticals in a footnote.   Opp. 6 n.2.   Even a cursory glance at these parentheticals shows that Plaintiffs' claimed distinctions are all beside the point.   In those cases, the courts considered other grounds for sanctions and examined the statements at issue on a full record, which is the issue present here.   *See id.*   Plaintiffs cite no cases to the contrary on that issue.   Plaintiffs also claim that their case is different because it is "robust" and "well supported."   *Id.*   But that speaks to the merits of the Consolidated Motion, not whether the disputed allegations should be examined in the first place.[2]   Under federal law and sound policy, the Court should

---

[2] Plaintiffs say that "no authority" supports § 1927 sanctions based on "persisting with, or refusing to dismiss, a complaint." Opp. 7 n.3. That is not true. In fact, Defendants cited several cases holding that plaintiffs can violate § 1927 by "multipl[ying] the proceedings" in precisely that way. *See, e.g.*, *King*, 71 F.4th at 530; *Liberty Legal Found. v. Nat'l Democratic Party*, 575 F. App'x 662, 663 (6th Cir. 2014); *Albert v. Edward J. DeBartolo Corp.*, 999 F.2d 539 (Table), at *5–6 (6th Cir. 1993). In any event, that issue goes to the merits of Defendants' motion, not whether the Court should have a full record before it.

have a full record before it to determine whether relief is warranted under § 1927 and its inherent authority.

## II.    The redacted portions also support Defendants' argument under Rule 11 that this lawsuit was filed for an improper purpose and should be reviewed under the plain language of the Rule.

Defendants' Motion also explained why Rule 11's safe harbor does not apply even as to their request under Rule 11:  The redacted portions show that Plaintiffs' counsel filed this lawsuit for an improper purpose under Rule 11(b)(1), and the portions should be reviewed under that Rule's plain language.  Mot. 13–14.

In response, Plaintiffs claim that Defendants are attempting to create a so-called "it's relevant" exception to Rule 11 where none exists.  Opp. 3–4.  That is not true; Defendants are simply applying the Rule's plain text and settled precedent.  It is *Plaintiffs* who inject new words into Rule 11's text.  Rule 11 permits challenges to "paper[s]," "claim[s]," and "contention[s]."  Fed. R. Civ. P. 11(c)(2).  Rule 11's safe harbor disallows Rule 11 challenges to "contentions" that have been "withdrawn" or "corrected" (and Defendants do not seek Rule 11 relief based on the falsity of those particular "contentions"), but Rule 11 *also* allows challenges to any "paper[s]" or "claim[s]" that *continue* to violate Rule 11.  *That* is what Defendants maintain here:  Plaintiffs' counsel brought the "paper" and its "claims" for an improper purpose; they did not withdraw them and indeed doubled down on them in

their amended complaint.  Defendants explained all of that in their Motion, and Plaintiffs offer no response to it.  Mot. 15–16.

Nowhere does Rule 11 say that withdrawn allegations must remain *hidden* for all other purposes, and Plaintiffs cite no cases so holding.  As Defendants already noted, parties seeking sanctions (and courts reviewing them) can and do analyze withdrawn allegations where relevant.  *See id.* at 15 (citing *Huggins v. Lueder, Larkin & Hunter*, 39 F.4th 1342, 1345 (11th Cir. 2022)).  Here, the false contentions dropped from Plaintiffs' original Complaint clearly evidence their counsel's improper purpose *at the time of filing*, as Defendants' cases confirm.  *See In re Kunstler*, 914 F.2d 505, 519 (4th Cir. 1990); *Teno v. Iwanski*, 464 F. Supp. 3d 924, 953–54 (E.D. Tenn. 2020); *Odish v. Apple, Inc.*, 2016 WL 931184, at *3 (E.D. Mich. Mar. 11, 2016).  Plaintiffs argue those cases did not involve "claims that have admittedly been mooted," Opp. 4 n.1, but that is irrelevant here.  Defendants are not challenging the withdrawn contentions on Rule 11 grounds.  Defendants contend that this *lawsuit* was brought for an improper purpose in violation of Rule 11 and those cases confirm that Plaintiffs' false allegations support that conclusion.

Plaintiffs also say that the Court should not consider the redacted material because "Defendants' accusation" of an "improper purpose" is "unfounded."  Opp. 4–5.  In effect, Plaintiffs argue that the Court should ignore evidence of the lawsuit's improper purpose because there is insufficient evidence of improper purpose.  That

6

circular argument goes nowhere.  If the evidence counsel seeks to keep redacted is so innocuous, why insist the Court cannot review it?  Under federal law, the Court should decide the improper purpose question based on a full record.

## III.   Plaintiffs forfeited any claimed protections by sending copies of their Complaint to third party brokers throughout the country.

Lastly, Defendants argued that Plaintiffs cannot have it both ways—sending copies of their false allegations to third-party brokers throughout the country and then arguing that the Court itself cannot analyze the propriety of those allegations. Here, Plaintiffs did more than simply file a lawsuit; they spread their false allegations throughout the country.  If Rule 11 offered any basis for keeping Plaintiffs' counsel's conduct secret from the Court (and it does not), they forfeited those protections by publicizing their allegations.  *Cf. Farmland Partners Inc. v. Fortunae*, 2021 WL 1978739, at *1–2 (D. Colo. May 18, 2021) (publicizing supports inference of malice); ECF No. 51 at 9–10 n.2 (citing cases).  Plaintiffs offer no response to that argument, which speaks volumes about the merits of their position.

Dated:  June 27, 2025

Respectfully submitted,

*/s/ Jeffrey J. Jones*
Jeffrey J. Jones (P80231)
JONES DAY
150 W. Jefferson Ave., Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com

7

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

Stephen J. Cowen (P82688)
Amanda K. Rice (P80460)
Andrew J. Clopton (P80315)
JONES DAY
150 W. Jefferson Ave., Suite 2100
Detroit, MI 48226
(313) 733-3939
scowen@jonesday.com
arice@jonesday.com
aclopton@jonesday.com

*Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2025, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

/s/ *Jeffrey J. Jones*
Jeffrey J. Jones (P80231)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com

*Counsel for Defendants*