UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Therisa D. Escue, Billy R. Escue, Jr., Kim Schelbe, Brian P. Weatherill, Kenneth C. Morandi, Jill Jeffries, and Daniel Singh on behalf of themselves and all others similarly situated, | Case No. 2:24-cv-10853-BRM-DRG |
| *Plaintiffs*, | Hon. Brandy R. McMillion, United States District Judge |
| v. | Hon. David R. Grand, Magistrate Judge |
| United Wholesale Mortgage, LLC, UWM Holdings Corporation, SFS Holding Corp., and Mathew Randall Ishbia, | |
| *Defendants*. | |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants (together, "UWM") hereby provide notice of new authority supporting UWM's Motion to Strike Class Allegations, ECF No. 31: *Speerly v. Gen. Motors, LLC*, 2025 WL 1775640 (6th Cir. June 27, 2025) (en banc).[1] *See Lee v. McDonald*, 2008 WL 597287, at *1 (E.D. Mich. 2008) ("[N]otices of supplemental authority ha[ve] precedent in this district."). In *Speerly*, the en banc Sixth Circuit

---

[1] As background, in Plaintiffs' Response to UWM's Motion to Strike Class Allegations, ECF No. 36 at 7-8 & n.13, Plaintiffs cited as support the Sixth Circuit panel's decision in *Speerly v. Gen. Motors, LLC*, 115 F.4th 680 (6th Cir. 2024), in a section titled "Variations in State Law Do Not Warrant Striking Any Class Allegations." On Reply, UWM noted that the Sixth Circuit had vacated the panel's decision and voted to rehear the case en banc. *See* ECF No. 41 at 1 n.1.

1

vacated a district court's order "certif[ying] 26 state-wide subclasses with a total of 59 state-law claims on behalf of roughly 800,000 individual car buyers." *Id.* at *1.

Relevant to UWM's argument at pp. 9-12 of its Motion to Strike that "Plaintiffs' attempts to certify nationwide and multistate classes for claims under the substantive laws of 50 states must fail," *Speerly* held:

- "[T]here are high costs to a legal system that asks one district court to understand and apply nearly 60 causes of action across 26 states. In taking on that task, the court must 'follow the decisions of the state's highest court when that court has addressed the relevant issue.' But not all high courts have addressed all of the relevant claims as they apply to this action. In that setting, the court must 'anticipate' through an educated guess 'how the relevant state's highest court would rule.'" 2025 WL 1775640, at *8 (citations omitted).

- "A bulky multi-state class action forces a federal court to play 'central planner' to 26 state economies under 'one case, one court, one set of rules[.]' And it forces one federal judge to guess, sometimes in the first instance, the contours of local business norms." *Id.* (citation omitted).

- "More complicated still, would the court empanel one jury to crown the winner, what amounts to empowering six Michigan citizens to predict 59 rules of the road for 26 state commercial and consumer norms?" *Id.*

- "[T]he district court may not ignore 'slight variations across state law.' . . . [E]ven a slight variation in state law—say, a reliance requirement—might markedly increase the 'difficulties in managing [the] class.'" *Id.* at *9 (citations omitted).

Relevant to UWM's argument at pp. 3-4 of its Reply Brief that "Plaintiffs cannot erase critical differences among state statutes—many of which raise complex *Erie* questions—by using broad, ambiguous 'term[s] of art,'" *Speerly* held:

- "A court may not simply ask whether generalized questions yield a common answer. . . . By hitching all 59 claims to a question about 'defect' in the

2

abstract, the court overlooked how significant differences across each cause of action raise serious commonality concerns." 2025 WL 1775640 at *6.

And relevant to UWM's arguments that "Plaintiffs' individual-reliance fraud theory cannot support class treatment," Motion to Strike at 18-20, *Speerly* held:

- "[R]eliance tends to pose 'an insuperable barrier to class certification.' This case does not call for an exception to the rule. GM's consumers went to different dealerships, heard different sales pitches, purchased different vehicles, and received different prices. It thus remains unclear whether they would 'react uniformly to a change in information about . . . the alleged transmission issues.'" 2025 WL 1775640 at *16 (citations omitted).

- "All of this suggests that common questions do not predominate in the state consumer protection statutes that require reliance . . . ." *Id.* at *20.

UWM respectfully requests this Court consider *Speerly* in assessing UWM's Motion to Strike Class Allegations (ECF No. 31), to the extent the Court does not otherwise dismiss this action. *See* ECF Nos. 30 (Motion to Dismiss), 51 (Sanctions).

| | |
|---|---|
| Dated: July 30, 2025 | Respectfully submitted, |
| | |
| | */s/ Jeffrey J. Jones* |
| Rebekah B. Kcehowski | Jeffrey J. Jones (P80231) |
| JONES DAY | Stephen J. Cowen (P82688) |
| 500 Grant Street, Suite 4500 | Amanda K. Rice (P80460) |
| Pittsburgh, PA 15219 | Andrew J. Clopton (P80315) |
| (412) 391-3939 | JONES DAY |
| rbkcehowski@jonesday.com | 150 W. Jefferson Ave, Suite 2100 |
| | Detroit, MI 48226 |
| | (313) 733-3939 |
| | jjjones@jonesday.com |
| | scowen@jonesday.com |
| | arice@jonesday.com |
| | aclopton@jonesday.com |
| | |
| | *Counsel for Defendants* |

3

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2025, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

                                          */s/ Jeffrey J. Jones*
                                          Jeffrey J. Jones (P80231)
                                          JONES DAY
                                          150 W. Jefferson Ave, Suite 2100
                                          Detroit, MI 48226
                                          (313) 733-3939
                                          jjjones@jonesday.com

                                          *Counsel for Defendants*