# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THERISA D. ESCUE, BILLY R. ESCUE, JR., KIM SCHELLBE, BRIAN P. WEATHERILL, KENNETH C. MORANDI, JILL JEFFRIES, and DANIEL SINGH on behalf of themselves and all others similarly situated, | Case No. 2:24-cv-10853 |
| Plaintiffs, | Hon. Brandy R. McMillion |
| v. | Hon Mag. David R. Grand |
| UNITED WHOLESALE MORTGAGE, LLC, UWM HOLDINGS CORPORATION, SFS HOLDING CORP., and MATHEW RANDALL ISHBIA, | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY [ECF NO. 60]**

On July 30, 2025, Defendants filed a Notice of Supplemental Authority, asserting that *Speerly v. Gen. Motors, LLC*, 143 F.4th 306 (6th Cir. 2025) "support[s] [their] Motion to Strike Class Allegations, ECF No. 31[.]" *See* ECF No. 60, PageID.3614. Respectfully, Defendants overstate the significance of *Speerly*.

To begin, *Speerly* is procedurally inapposite. *Speerly* was decided on the appeal of a class-certification order, not a "disfavored"[1] motion to strike class allegations. *MSP Recovery Claims, Series LLC v. Auto Club Ins. Ass'n*, No. 21-11606, 2022 WL 3686424, *2 (E.D. Mich. Aug. 25, 2022) ("Motions to strike class allegations are disfavored because class defendants are often in control of the information plaintiffs need to meet that Rule 23 burden.") (internal quotation omitted). Thus, the plaintiffs in *Speerly* were permitted to conduct discovery, develop a record relative to common issues of fact and law, and fully brief the Rule 23 factors prior to the court rendering any class certification decisions. *Speerly v.*

---

[1] Notwithstanding Defendants' argument to the contrary (ECF No. 41, PageID.2397), motions to strike class allegations are still disfavored even after *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (2011). *See e.g. In re General Motors Air Conditioning Marketing and Sales Practices Litig.*, 568 F. Supp. 3d 837, 846 (E.D. Mich. 2021) (denying motion to strike class allegations and noting "that it would be more appropriate to review GM's arguments at the class certification stage of these proceedings, where the parties can provide the Court a more fulsome set of briefs on these issues."); *Geary v. Green Tree Servicing, LLC*, No. 2:14-cv-00522, 2015 WL 1286347, *17 (S.D. Ohio Mar. 20, 2015) (denying motion to strike class allegations because "[w]ithout further insight into the facts, the Court lack[ed] the foundation to conduct the 'rigorous analysis' required by Rule 23 and determine the appropriateness of class certification.").

*Gen. Motors, LLC*, 343 F.R.D. 493, 505 (E.D. Mich. 2023), *vacated and remanded* 143 F.4th 306 ("After the discovery period relating to class certification issues closed, the plaintiffs filed their class certification motion."). Plaintiffs should be afforded the same opportunity here. *See Bowles v. Sabree*, 121 F.4th 539, 549 (6th Cir. 2024) (cautioning that "[o]rdinarily, courts need more information than the pleadings provide to analyze matters thoroughly. That usually entails some opportunity for the parties to gather evidence, develop a record, or depose the other side.") (internal citation omitted).

Moreover, the *Speerly* quotes cherry-picked by Defendants are mere dicta— not holdings as Defendants represent. *See e.g.* ECF No. 60 at PageID.3615 (mischaracterizing as a holding the general proposition that "'there are high costs to a legal system that asks one district court to understand and apply nearly 60 causes of action across 26 states…the court must 'anticipate' through an educated guess 'how the relevant state's highest court would rule'"); *id.* (mischaracterizing as a holding the observation that "[a] bulky multi-state class action forces a federal court to play 'central planner' to 26 state economies under 'one case, one court, one set of rules[.]'").

Indeed, the Sixth Circuit in *Speerly* neither struck class allegations, nor held that the plaintiffs were incapable of certifying a class. Instead, the Court remanded the case back to the district court (Judge Lawson) to conduct a rigorous claim-by-

2

claim, element-by-element analysis of Rule 23's commonality and predominance factors. *See e.g.* 143 F.4th at 319 ("We vacate and remand for the district court to conduct an element-by-element analysis that assesses how each question is common by fitting it into each claim"); *id.* at 333-34 ("We vacate and remand for the district court to re-assess, according to these principles, whether common questions predominate and, if so, as to which subclasses.").

Simply put, *Speerly* neither governs Defendants' Motion to Strike nor counsels in favor of granting the same. To the contrary, it illustrates why this case should proceed to discovery, so the Court can conduct the "rigorous" claim-by-claim, element-driven analysis required by Rule 23, including for each sub-class.

| | |
|---|---|
| Dated: August 13, 2025<br>Detroit, Michigan | By: /s/ *Brandon C. Hubbard*<br>Brandon C. Hubbard (P71085)<br>**DICKINSON WRIGHT PLLC**<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>Tel.: (517) 371-1730 |
| John T. Zach<br>Marc Ayala<br>Andrew P. Steinmetz<br>**BOIES SCHILLER FLEXNER LLP**<br>55 Hudson Yards<br>New York, New York 10001<br>Tel.: (212) 446-2300 | Tyler Ulrich<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE Second Street<br>Miami Florida 33131<br>Tel.: (305) 357-8422<br><br>*Attorneys for Plaintiffs* |

3