## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRIAN P. WEATHERILL, *et al.*, | Case No. 2:24-cv-10853 |
| Plaintiffs, | Hon. Brandy R. McMillion |
| v. | Hon. Mag. David R. Grand |
| UNITED WHOLESALE MORTGAGE, LLC, | |
| Defendant. | **Demand for Jury Trial** |

## UNITED WHOLESALE MORTGAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

United Wholesale Mortgage, LLC ("UWM"), by and through the undersigned counsel, responds to Brian P. Weatherill, Jill Jeffries, and Daniel Singh's ("Plaintiffs") First Amended Class Action Complaint as follows:

1.      In response to Paragraph 1, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent that any further response is required, UWM denies the allegations in Paragraph 1.

2.      In response to Paragraph 2, UWM states that in the wholesale sector of residential mortgages, mortgage brokers have a direct relationship with borrowers. These independent mortgage brokers have access to multiple loan options for home purchases or refinances.  UWM denies any remaining allegations in Paragraph 2.

3.      In response to Paragraph 3, UWM states that the residential mortgage industry includes both retail lenders and wholesale lenders.  UWM states that retail mortgage lenders offer mortgage loans directly to individual borrowers and underwrite the mortgage loan.  UWM states that a number of different financial institutions, such as, but not limited to, those listed in Paragraph 3, operate in the retail residential mortgage industry.  UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 3 and, on that basis, denies these allegations.

4.      In response to Paragraph 4, UWM states that, unlike retail mortgage lenders, UWM as a wholesale lender works with brokers during the mortgage loan

1

financing process.  The broker discusses loan options, runs the initial credit check, gathers the borrower's information for the loan application, and submits the loan application, among other services.  UWM denies any remaining allegations in Paragraph 4.

5.     In response to Paragraph 5, UWM states that, unlike the retail sector, independent brokers in the wholesale sector are not employed by UWM or other wholesale lenders and work directly with borrowers based upon their individual circumstances.  UWM also states that it has made public statements, the terms of which speak for themselves.  UWM denies any remaining allegations in Paragraph 5.

6.     In response to Paragraph 6, UWM states that it has made public statements, the terms of which speak for themselves, including public statements that "brokers are better."  Responding further, UWM states that Paragraph 6 purports to quote portions of statements made by Mat Ishbia, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 6.

7.     In response to Paragraph 7, UWM states that this paragraph purports to quote portions of statements made by Mat Ishbia, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 7.

8.     In response to Paragraph 8, UWM states that this paragraph purports to quote portions of statements made by Mat Ishbia, a complete copy of which contains terms that speak for themselves.   UWM denies any remaining allegations in Paragraph 8.

9.     In response to Paragraph 9, UWM states that this paragraph purports to set forth statements made by a third party.  UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7 and, on that basis, denies those allegations.

10.     UWM denies the allegations in Paragraph 10.

11.     UWM denies the allegations in Paragraph 11.

12.     UWM denies the allegations in Paragraph 12.

13.     UWM denies the allegations in Paragraph 13.

14.     UWM denies the allegations in Paragraph 14.

15.     UWM denies the allegations in Paragraph 15.

## **THE PARTIES**

16.     In response to Paragraph 16, UWM states that the allegations relate to individuals whose claims were dismissed from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

3

17.     In response to Paragraph 17, UWM states that the allegations relate to an individual whose claims were dismissed from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

18.     In response to Paragraph 18, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and, on that basis, denies those allegations.

19.     In response to Paragraph 19, UWM states that the allegations relate to an individual whose claims were dismissed from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

20.     In response to Paragraph 20, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 and, on that basis, denies those allegations.

21.     In response to Paragraph 21, UWM admits that United Wholesale Mortgage, LLC, is a limited liability company formed under the laws of the State of Michigan, with a principal place of business in Pontiac, Michigan.  UWM admits that United Wholesale Mortgage, LLC was formerly known as United Shore

Financial Services, LLC.  UWM denies any remaining allegations in Paragraph 21.

22.     In response to Paragraph 22, UWM states that UWM Holdings, LLC is not a named party in this action.  Further responding, UWM admits that UWM Holdings, LLC is a limited liability company, formed under the laws of the State of Delaware, with a principal place of business in Pontiac, Michigan.  UWM further admits that UWM Holdings, LLC is the sole member and manager of United Wholesale Mortgage, LLC.  UWM denies any remaining allegations in Paragraph 22.

23.     In response to Paragraph 23, UWM states that the allegations relate to a Defendant which was dismissed from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM admits that UWM Holdings Corporation is a corporation formed under the laws of the State of Delaware, with a principal place of business in Pontiac, Michigan.  UWM further admits that UWM Holdings Corporation is a publicly traded company, and a corporate parent entity to UWM Holdings, LLC and United Wholesale Mortgage, LLC.  UWM denies any remaining allegations in Paragraph 23.

24.     In response to Paragraph 24, UWM states that the allegations relate to a Defendant which was dismissed from the action pursuant to the Court's Opinion

and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required. To the extent any further response is required, UWM states that Paragraph 24 purports to quote from a portion of UWM Holdings Corporation's Annual Report (Form 10-K), a complete copy of which contains terms that speak for themselves. Further responding, UWM admits that SFS Holding Corp. is a Michigan corporation with its principal place of business in Pontiac, Michigan. UWM denies any remaining allegations in Paragraph 24.

25.     In response to Paragraph 25, UWM states that the allegations relate to a Defendant who was dismissed from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required. To the extent any further response is required, UWM admits that Mathew Randall Ishbia is the Chief Executive Officer of United Wholesale Mortgage, LLC; the Chairman, President and Chief Executive Officer of Holdings Corp.; the Secretary and Director of SFS; and a resident of the state of Michigan. UWM denies any remaining allegations in Paragraph 25.

## JURISDICTION AND VENUE

26.     In response to Paragraph 26, UWM states that this is a legal conclusion which is not subject to admission or denial, but UWM does not contest the Court's

subject matter jurisdiction based on claims currently alleged.

27.     In response to Paragraph 27, UWM states that this is a legal conclusion which is not subject to admission or denial, but UWM does not contest the Court's personal jurisdiction over UWM based on claims currently alleged.

28.     In response to Paragraph 28, UWM states that this is a legal conclusion which is not subject to admission or denial, but UWM does not contest that venue is proper in this Court based on claims currently alleged.

## **FACTUAL ALLEGATIONS**

29.     In response to Paragraph 29, UWM states that residential mortgage loans in the United States can generally be obtained through the retail or wholesale sectors, among other options.  UWM denies any remaining allegations in Paragraph 29.

30.     In response to Paragraph 30, UWM states that retail mortgage lenders offer mortgage loans directly to individual borrowers and underwrite the mortgage loans.  UWM further states that Paragraph 30 purports to cite a portion of a regulatory provision and an article, complete copies of which contain terms that speak for themselves.  UWM is informed and believes that the institutions identified in Paragraph 30 offer retail residential mortgages.  UWM denies any remaining allegations in Paragraph 30.

31.     In response to Paragraph 31, UWM states that, unlike retail mortgage

7

lenders, UWM as a wholesale lender works with brokers during the mortgage loan financing process.  UWM states that, as a wholesale mortgage lender, it markets and originates mortgage loans through independent third-parties, comprised of independent mortgage brokers.  The broker discusses loan options, runs the initial credit check, gathers the borrower's information for the loan application and submits the loan application, among other services.  UWM further states that Footnote 8 purports to cite to a portion of an article, a complete copy of which contains terms that speak for themselves.  UWM also states that it has made public statements, the terms of which speak for themselves.  UWM denies the inclusion of both brokerage firms and individual loan officers within the term "brokers" as framed in Footnote 9. Responding further, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations concerning third parties and, on that basis, denies those allegations.  UWM denies any remaining allegations in Paragraph 31.

32.     UWM denies the allegations in Paragraph 32.

33.     In response to Paragraph 33, UWM states that Paragraph 33 purports to characterize portions of certain federal and state statutes and authorities, complete copies of which contain terms that speak for themselves.  UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of any allegations concerning third parties and, on that basis, denies those allegations.

8

UWM denies any remaining allegations in Paragraph 33.

34.     In response to Paragraph 34, UWM states that Paragraph 34 purports to characterize portions of the Truth in Lending Act ("TILA"), the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), and the Real Estate Settlement Practices Act ("RESPA"), complete copies of which contain terms that speak for themselves. UWM states that the allegations in Paragraph 34 are incomplete and do not accurately state obligations under the cited statutes. UWM denies any remaining allegations in Paragraph 34.

35.     In response to Paragraph 35, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required. To the extent any further response is required, UWM states that Paragraph 35 purports to characterize portions of statutes passed by state legislatures and certain consumer protection laws (which vary significantly from state to state in whether or how they address any duties owed by mortgage brokers), complete copies of which contain terms that speak for themselves. UWM denies any remaining allegations in Paragraph 35.

36.     In response to Paragraph 36, UWM states that Paragraph 36 purports to characterize certain federal laws and state laws (which vary significantly from state

to state in whether or how they address any duties owed by mortgage brokers), complete copies of which contain terms that speak for themselves. UWM further states that Paragraph 36 purports to quote a portion of an Annual Report submitted by UWM to the Securities and Exchange Commission ("SEC"), a complete copy of which contains terms that speak for themselves. UWM denies any remaining allegations in Paragraph 36.

37.     UWM denies the allegations in Paragraph 37.

38.     UWM denies the allegations in Paragraph 38.

39.     In response to Paragraph 39, UWM states that purchasing a home is often an important transaction. UWM also states that it has made public statements, the terms of which speak for themselves. UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 39 and, on that basis, denies those allegations.

40.     In response to Paragraph 40, UWM states that Paragraph 40 purports to cite a portion of an Association of Independent Mortgage Experts ("AIME") infographic, a complete copy of which contains terms that speak for themselves. UWM denies any remaining allegations in Paragraph 40.

41.     UWM denies the allegations in Paragraph 41.

42.     In response to Paragraph 42, UWM states that Paragraph 42 purports to quote portions of different sources published by AIME, complete copies of which

contain terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 42.

43.    In response to Paragraph 43, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 and, on that basis, denies those allegations

44.    In response to Paragraph 44, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and, on that basis, denies those allegations.

45.    In response to Paragraph 45, UWM states that Paragraph 45 purports to cite portions of various articles, complete copies of which contain terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 45.

46.    In response to Paragraph 46, UWM states that Paragraph 46 purports to reference or characterize portions of certain UWM public statements, complete copies of which contain terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 46.

47.    In response to Paragraph 47, UWM states that Paragraph 47 purports to reference or cite portions of various podcasts and articles, complete copies of which speak for themselves.  UWM denies any remaining allegations in Paragraph 47.

48.    In response to Paragraph 48, UWM states that Paragraph 48 purports to reference or characterize portions of certain UWM public statements, complete

11

copies of which contain terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 48.

49.    In response to Paragraph 49, UWM states that Paragraph 49 purports to quote a portion of a post from the Instagram account "uwmlending," a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 49.

50.    In response to Paragraph 50, UWM states that Paragraph 50 purports to quote a portion of a blog post from MortgageMatchup.com, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 50.

51.    In response to Paragraph 51, UWM states that Paragraph 51 purports to quote portions of  UWM's 2022 Annual Report filed with the SEC, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 51.

52.    In Response to Paragraph 52, UWM states that Paragraph 52 purports to quote portions of  UWM's 2022 Annual Report filed with the SEC, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 52.

53.    In response to Paragraph 53, UWM states that Paragraph 53 purports to cite to portions of various social media posts, complete copies of which contain

terms that speak for themselves. UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 concerning third parties and, on that basis, denies those allegations. UWM denies any remaining allegations in Paragraph 53.

54.    In response to Paragraph 54, UWM states that it offers "Brand 360" to mortgage brokers, which includes communications tools. UWM denies any remaining allegations in Paragraph 54.

55.    In response to Paragraph 55, UWM states that it has business relationships with industry vendors LenderHomePage and TAYGO. UWM states that mortgage brokers may pay to access certain information or features on LenderHomePage and TAYGO, which can be modified. UWM denies any remaining allegations in Paragraph 55.

56.    In response to Paragraph 56, UWM states that Paragraph 56 purports to quote portions of a blog post titled "How Working With A Mortgage Professional Can Save You Money," a complete copy of which contains terms that speak for themselves. UWM denies any remaining allegations in Paragraph 56.

57.    UWM denies the allegations in Paragraph 57.

58.    In response to Paragraph 58, UWM states that it offers Brand Builder (now called Content Creator), a component of Brand 360, to mortgage brokers. Responding further, UWM states that Paragraph 58 purports to quote portion of

UWM's webpage, a complete copy of which speaks for itself.  UWM denies any remaining allegations in Paragraph 58.

59.     In response to Paragraph 59, UWM states that UWM makes trainings available to mortgage brokers and account executives discuss how to access various marketing tools available to brokers.  Responding further, UWM further states that Paragraph 59 purports to quote portions of a YouTube video, a complete copy of which speaks for itself.  UWM denies any remaining allegations in Paragraph 59.

60.     In response to Paragraph 60, UWM states that Paragraph 60 purports to quote portions of a YouTube video, a complete copy of which speaks for itself.  UWM denies any remaining allegations in Paragraph 60.

61.     In response to Paragraph 61, UWM states that mortgage brokers may change Brand Builder (now called Content Creator) language.  UWM further states that Paragraph 61 purports to quote portions of a YouTube video, a complete copy of which speaks for itself.  UWM denies any remaining allegations in Paragraph 61.

62.     In response to Paragraph 62, UWM states that mortgage brokers may change Brand Builder (now called Content Creator) language.  UWM states that it is currently without knowledge or information sufficient to form a belief as to the truth or falsity of any allegations in Paragraph 62 concerning third parties and, on that basis, denies those allegations.  UWM denies any remaining allegations in Paragraph 62.

63.     UWM denies the allegations in Paragraph 63.

64.     In response to Paragraph 64, UWM states that Paragraph 64 purports to paraphrase from portions of an article from Inside Mortgage Finance, a complete copy of which contains terms that speak for themselves.   UWM denies any remaining allegations in Paragraph 64.

65.     In response to Paragraph 65, UWM states that, as of December 31, 2020, it was the largest wholesale mortgage lender in the United States by closed loan volume and later became the largest overall residential mortgage lender by closed loan volume.  Responding further, UWM  states that Paragraph 65 purports to paraphrase portions of certain articles, complete copies of which contain terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 65.

66.     In response to Paragraph 66, UWM states that Rocket Mortgage, LLC is one of many other mortgage lenders in the United States.  UWM further states that Paragraph 66 purports to quote portions of certain articles and a podcast, complete copies of which speak for themselves.  UWM denies any remaining allegations in Paragraph 66.

67.     In response to Paragraph 67, UWM states that Paragraph 67 purports paraphrase portions of an online article and YouTube video, complete copies of which speak for themselves. Responding further, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the

15

allegations in Paragraph 67 concerning third parties and, on that basis, denies those allegations.  UWM denies any remaining allegations in Paragraph 67.

68.     In response to Paragraph 68, UWM states that Paragraph 68 purports to quote and paraphrase portions of certain articles, complete copies of which contain terms that speak for themselves.   UWM denies any remaining allegations in Paragraph 68.

69.     In response to Paragraph 69, UWM states that the allegations relate to a Defendant which was dismissed from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM states that in 2021, UWM completed a business combination with Gores Holdings IV, Inc., a Special Purpose Acquisition Company (SPAC), with a transaction value of approximately $16.1 billion, and began trading on the New York Stock Exchange as UWMC.  UWM denies any remaining allegations in Paragraph 69.

70.     In response to Paragraph 70, UWM states that the allegations relate to Defendants who were dismissed from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM states that as of December 31, 2024,

16

United Wholesale Mortgage, LLC is 100% owned by UWM Holdings, LLC, which is in turn owned by SFS Holding Corp. Jeffrey Ishbia, Mat Ishbia, and Justin Ishbia serve as members of the Board of Directors of UWM Holdings Corporation. UWM denies any remaining allegations in Paragraph 70.

71.    In response to Paragraph 71, UWM states that it is the largest overall mortgage lender in the United States by closed loan volume. UWM further states that Paragraph 71 purports to paraphrase portions of an Inside Mortgage Finance article and a UWM Holdings Corporation presentation, complete copies of which contain terms that speak for themselves. UWM denies any remaining allegations in Paragraph 71.

72.    In response to Paragraph 72, UWM states Paragraph 72 purports to quote and paraphrase portions of a UWM Holdings Corporation presentation, a complete copy of which contains terms that speak for themselves. UWM denies any remaining allegations in Paragraph 72.

73.    In response to Paragraph 73, UWM states that Paragraph 73 purports to reference or characterize portions of a Wholesale Broker Agreement, a complete copy of which contains terms that speak for themselves. UWM denies any remaining allegations in Paragraph 73.

74.    In response to Paragraph 74, UWM states that Paragraph 74 purports to reference or characterize portions of provisions of a Wholesale Broker Agreement,

complete copies of which contain terms that speak for themselves. UWM denies any remaining allegations in Paragraph 74.

75.   In response to Paragraph 75, UWM states that Paragraph 75 purports to reference or characterize portions of provisions of a Wholesale Broker Agreement, complete copies of which contain terms that speak for themselves. UWM denies any remaining allegations in Paragraph 75.

76.   In response to Paragraph 76, UWM states that Paragraph 76 purports to paraphrase portions of a YouTube video and an article, complete copies of which speak for themselves. UWM denies any remaining allegations in Paragraph 76.

77.   In response to Paragraph 77, UWM states that it announced an initiative on March 4, 2021, and distributed an amendment to its Wholesale Broker Agreement to brokers within its network. UWM states that Paragraph 77 purports to characterize a portion of the amendment, a complete copy of which contains terms that speak for themselves. Responding further, UWM states that Paragraph 77 also purports to quote from a portion of a federal docket exhibit in a prior legal matter, *The Okavage Group, LLC v. UWM Holdings Corporation et al.*, and UWM states that a complete copy of the exhibit contains terms that speak for themselves. UWM denies any remaining allegations in Paragraph 77.

78.   In response to Paragraph 78, UWM states that brokers who received the amendment electronically were presented with certain options. UWM further states

that Paragraph 78 purports to quote a portion of the statement included with the electronic option, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 78.

79.    In response to Paragraph 79, UWM states that Paragraph 79 purports to reference or characterize portions of a Wholesale Broker Agreement in effect prior to March 15, 2021, and later versions of a Wholesale Broker Agreement, complete copies of which contain terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 79.

80.    In response to Paragraph 80, UWM states that Paragraph 80 purports to quote portions of a press release and a news article, complete copies of which contain terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 80.

81.    In response to Paragraph 81, UWM states that Paragraph 81 purports to quote portions of a news article, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 81.

82.    In response to Paragraph 82, UWM states that Paragraph 82 purports to quote portions of a news article and a YouTube video, complete copies of which speak for themselves.  UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of any allegations in Paragraph 82

concerning third parties and, on that basis, denies those allegations. UWM denies any remaining allegations in Paragraph 82.

83.     UWM denies the allegations in Paragraph 83.

84.     UWM denies the allegations in Paragraph 84.

85.     In response to Paragraph 85, UWM states that Paragraph 85 purports to reference or characterize portions of a Wholesale Broker Agreement, a complete copy of which contains terms that speak for themselves.  UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 concerning third parties, and, on that basis, denies those allegations.  UWM denies any remaining allegations in Paragraph 85.

86.     In response to Paragraph 86, UWM states that Paragraph 86 purports to reference or characterize and quote portions of a Wholesale Broker Agreement, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 86.

87.     In response to Paragraph 87, UWM states that Paragraph 87 purports to reference or characterize and quote portions of a Wholesale Broker Agreement, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 87.

88.     In response to Paragraph 88, UWM states that Paragraph 88 purports to reference or characterize portions of a Wholesale Broker Agreement, a complete

20

copy of which contains terms that speak for themselves.  UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 concerning third parties and, on that basis, denies those allegations.  UWM denies any remaining allegations in Paragraph 88.

89.    In response to Paragraph 89, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 and, on that basis, denies those allegations.  UWM denies any remaining allegations in Paragraph 89.

90.    UWM denies the allegations in Paragraph 90.

91.    In response to Paragraph 91, UWM states that it tracks certain metrics compiled from publicly available data, subject to various limitations, inaccuracies, or capabilities in the publicly available data, related to broker submissions as do other wholesale lenders.  To the extent of the capabilities of the publicly available data, UWM states that it can undertake to determine if a broker is complying with certain provisions in its agreements.  UWM denies any remaining allegations in Paragraph 91.

92.    UWM denies the allegations in Paragraph 92.

93.    UWM denies the allegations in Paragraph 93.

94.    In response to Paragraph 94, UWM states that it has taken certain legal action to enforce its contractual rights under Wholesale Broker Agreements.  UWM

21

states that Paragraph 94 purports to characterize portions of certain legal complaints, complete copies of which contain terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 94.

95.     UWM denies the allegations in Paragraph 95.

96.     UWM denies the allegations in Paragraph 96.

97.     In response to Paragraph 97, UWM states that in 2018, UWM launched a borrower-facing website originally named FindAMortgageBroker.com that allows borrowers to locate mortgage brokers in their area and serves as an educational tool for consumers. UWM states that the same website was later renamed MortgageMatchup.com.  Responding further, UWM states that Paragraph 97 purports to quote portions of an online article, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 97.

98.     In response to Paragraph 98, UWM states that Paragraph 98 purports to quote portions of archived content on the website FindAMortgageBroker.com from 2021, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 98.

99.     In response to Paragraph 99, UWM states that Paragraph 99 purports to quote archived content from the website FindAMortgageBroker.com from 2021, a

complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 99.

100.   In response to Paragraph 100, UWM states that Paragraph 100 purports to quote portions of archived content from the website FindAMortgageBroker.com from 2021, a complete copy of which contains terms that speak for themselves. UWM denies any remaining allegations in Paragraph 100.

101.   In response to Paragraph 101, UWM states that in 2024, UWM renamed FindAMortgageBroker.com to MortgageMatchup.com.  UWM further states that Paragraph 101 purports to quote portions of certain webpages on MortgageMatchup.com, complete copies of which contain terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 101.

102. In response to Paragraph 102, UWM states that FindAMortgageBroker.com was advertised in two local, regional markets during the Super Bowl.  UWM states that it advertises the website MortgageMatchup.com and spends funds to do so.  UWM denies any remaining allegations in Paragraph 102.

103.   In response to Paragraph 103, UWM states that Paragraph 103 purports to quote portions of statements by Mat Ishbia during a 2021 interview with Bloomberg, a complete copy of which contains terms that speak for themselves. UWM denies any remaining allegations in Paragraph 103.

104.   UWM denies the allegations in Paragraph 104.

23

105.    In response to Paragraph 105, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding third party impressions and, on that basis, denies those allegations.  UWM denies any remaining allegations in Paragraph 105.

106.    UWM denies the allegations in Paragraph 106.

107.    UWM denies the allegations in Paragraph 107.

108.    UWM denies the allegations in Paragraph 108.

109.    In response to Paragraph 109, UWM states that MortgageMatchup.com allows borrowers to enter their address, city, or ZIP code.  UWM states that the search results are populated using PRO Scores, geographic parameters, and borrower inputs, among other inputs.  UWM states that Paragraph 109 purports to quote portions of UWM's website, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 109.

110.    In response to Paragraph 110, UWM states that Paragraph 110 purports to summarize content from portions of a Scoring Key on the UWM website, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 110.

111.    UWM denies the allegations in Paragraph 111.

112.    In response to Paragraph 112, UWM states Paragraph 112 purports to summarize content from portions of the UWM website, complete copies of which

contain terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 112.

113.   UWM denies the allegations in Paragraph 113.

114.   UWM denies the allegations in Paragraph 114.

115.   UWM denies the allegations in Paragraph 115.

116.   UWM denies the allegations in Paragraph 116.

117.   In response to Paragraph 117, UWM states that three tiers exist within the PRO Score system: PRO Elite (score of 70+), which includes certain sub-buckets, PRO Plus (score of 30–65), and PRO Basic (score of 0–25).  UWM denies any remaining allegations in Paragraph 117.

118.   In response to Paragraph 118, UWM states that Paragraph 118 purports to quote from portions of an Instagram post, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 118.

119.   In response to Paragraph 119, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity allegations in Paragraph 119 concerning third parties and, on that basis, denies those allegations. UWM denies any remaining allegations in Paragraph 119.

120.   UWM denies the allegations in Paragraph 120.

121.   UWM denies the allegations in Paragraph 121.

122.    In response to Paragraph 122, UWM states that LO Partner Points can be redeemed for, among other things, various borrower gifts.  UWM denies any remaining allegations in Paragraph 122.

123.    UWM denies the allegations in Paragraph 123.

124.    In response to Paragraph 124, UWM is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations in Paragraph 124 concerning third parties and, on that basis, denies those allegations. UWM denies the remaining allegations in Paragraph 124.

125.    UWM denies the allegations in Paragraph 125.

126.    In response to Paragraph 126, UWM states that UWM hosts an annual event called UWM LIVE!, which is an opportunity for networking and exchanging information.  UWM states that Paragraph 126 purports to quote portions of a post and video from the UWM website, complete copies of which speak for themselves. UWM denies any remaining allegations in Paragraph 126.

127.    In response to Paragraph 127, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127 and, on that basis, denies those allegations.  UWM denies any remaining allegations in Paragraph 127.

128.   In response to Paragraph 128, UWM states that it has made certain public pronouncements regarding awards, the terms of which speak for themselves. UWM denies any remaining allegations in Paragraph 128.

129.   UWM denies the allegations in Paragraph 129.

130.   UWM denies the allegations in Paragraph 130.

131.   UWM denies the allegations in Paragraph 131.

132.   UWM denies the allegations in Paragraph 132.

133.   UWM denies the allegations in Paragraph 133.

134.   UWM denies the allegations in Paragraph 134.

135.   UWM denies the allegations in Paragraph 135.

136.   UWM denies the allegations in Paragraph 136.

137.   UWM denies the allegations in Paragraph 137.

138.   UWM denies the allegations in Paragraph 138.

139.   UWM denies the allegations in Paragraph 139.

140.   UWM denies the allegations in Paragraph 140.

141.   In response to Paragraph 141, UWM states that Paragraph 141 purports to quote portions of statements from a UWM earnings call with investors, complete copies of which contain terms that speak for themselves.   UWM denies any remaining allegations in Paragraph 141.

142.   UWM denies the allegations in Paragraph 142.

143.    In response to Paragraph 143, UWM states that Paragraph 143 purports to quote portions of UWM's and Rocket Mortgage, LLC's Form 10-Ks for the year 2023, complete copies of which contain terms that speak for themselves.   UWM denies any remaining allegations in Paragraph 143.

144.    In response to Paragraph 144, UWM admits that UWM is the largest wholesale lender in the United States by closed loan volume.   UWM states that it lends to different types of borrowers with differing individual circumstances and with varying FICO scores, among many other things.   UWM denies any remaining allegations in Paragraph 144.

145.    UWM denies the allegations in Paragraph 145.

146.    In response to Paragraph 146, UWM states that Paragraph 146 purports to quote portions of statements made by an alleged former member of the National Association of Mortgage Brokers and an alleged professional in the mortgage lending industry without any citations provided.   UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning third parties and, on that basis, denies those allegations. UWM denies any remaining allegations in Paragraph 146.

147.    UWM denies the allegations in Paragraph 147.

148.    UWM denies the allegations in Paragraph 148.

149.    UWM denies the allegations in Paragraph 149.

150.   UWM denies the allegations in Paragraph 150.

151.   In response to Paragraph 151, UWM states that Paragraph 151 purports to quote portions of a post from Reddit, a complete copy of which contains terms that speak for themselves.   UWM denies any remaining allegations in Paragraph 151.

152.   UWM denies the allegations in Paragraph 152.

153.   UWM denies the allegations in Paragraph 153.

154.   UWM denies the allegations in Paragraph 154.

155.   UWM denies the allegations in Paragraph 155.

156.   UWM denies the allegations in Paragraph 156.

157.   UWM denies the allegations in Paragraph 157.

158.   UWM denies the allegations in Paragraph 158.

159.   UWM denies the allegations in Paragraph 159.

160.   UWM denies the allegations in Paragraph 160.

161.   UWM denies the allegations in Paragraph 161.

162.   UWM denies the allegations in Paragraph 162.

163.   UWM denies the allegations in Paragraph 163.

164.   UWM denies the allegations in Paragraph 164.

165.   UWM denies the allegations in Paragraph 165.

166.   UWM denies the allegations in Paragraph 166.

167.    UWM denies the allegations in Paragraph 167.

168.    UWM denies the allegations in Paragraph 168.

169.    UWM denies the allegations in Paragraph 169.

170.    In response to Paragraph 170, UWM states that Paragraph 170 purports to quote a portion of an Instagram post, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 170.

171.    In response to Paragraph 171, UWM states that Paragraph 171 purports to quote portions of an Instagram post, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 171.

172.    UWM denies the allegations in Paragraph 172.

173.    UWM denies the allegations in Paragraph 173.

174.    In response to Paragraph 174, UWM states that Paragraph 174 purports to quote portions of a statement from UWM, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 174.

175.    In response to Paragraph 175, UWM states that Paragraph 175 purports to quote portions of  a statement by UWM from a federal court pleading dated April 23, 2024, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 175.

176.   UWM denies the allegations in Paragraph 176.

**Plaintiffs' and Dismissed Plaintiffs' Allegations**

**A.   Therisa and Billy Escue**

177.   In response to Paragraph 177, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

178.   In response to Paragraph 178, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

179.   In response to Paragraph 179, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

180.   In response to Paragraph 180, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant

to the Court's Opinion and Order Granting in Part and Denying in Part Defendants'
Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no
response is required.

181.   In response to Paragraph 181, UWM states that the allegations relate
to individuals whose claims were dismissed with prejudice from the action pursuant
to the Court's Opinion and Order Granting in Part and Denying in Part Defendants'
Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no
response is required.

182.   In response to Paragraph 182, UWM states that the allegations relate
to individuals whose claims were dismissed with prejudice from the action pursuant
to the Court's Opinion and Order Granting in Part and Denying in Part Defendants'
Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no
response is required.

183.   In response to Paragraph 183, UWM states that the allegations relate
to individuals whose claims were dismissed with prejudice from the action pursuant
to the Court's Opinion and Order Granting in Part and Denying in Part Defendants'
Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no
response is required.

184.   In response to Paragraph 184, UWM states that the allegations relate
to individuals whose claims were dismissed with prejudice from the action pursuant

to the Court's Opinion and Order Granting in Part and Denying in Part Defendants'
Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no
response is required.

185.   In response to Paragraph 185, UWM states that the allegations relate
to individuals whose claims were dismissed with prejudice from the action pursuant
to the Court's Opinion and Order Granting in Part and Denying in Part Defendants'
Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no
response is required.

186.   In response to Paragraph 186, UWM states that the allegations relate
to individuals whose claims were dismissed with prejudice from the action pursuant
to the Court's Opinion and Order Granting in Part and Denying in Part Defendants'
Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no
response is required.

187.   In response to Paragraph 187, UWM states that the allegations relate
to individuals whose claims were dismissed with prejudice from the action pursuant
to the Court's Opinion and Order Granting in Part and Denying in Part Defendants'
Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no
response is required.

188.   In response to Paragraph 188, UWM states that the allegations relate
to individuals whose claims were dismissed with prejudice from the action pursuant

to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

189.    In response to Paragraph 189, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

190.    In response to Paragraph 190, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

191.    In response to Paragraph 191, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

192.    In response to Paragraph 192, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant

to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

193.    In response to Paragraph 193, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

194.    In response to Paragraph 194, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

195.    In response to Paragraph 195, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

196.    In response to Paragraph 196, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant

to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

197.    In response to Paragraph 197, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

198.    In response to Paragraph 198, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

199.    In response to Paragraph 199, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM denies that the summary provided is an accurate summary of all the factors involved and, further responding, denies any remaining allegations in Paragraph 199.

200.    In response to Paragraph 200, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

201.    In response to Paragraph 201, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

202.    In response to Paragraph 202, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

203.    In response to Paragraph 203, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

204.   In response to Paragraph 204, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

205.   In response to Paragraph 205, UWM states that the allegations relate to individuals whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

**B.   Kim Schelble**

206.   In response to Paragraph 206, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

207.   In response to Paragraph 207, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and

therefore, no response is required.

208.   In response to Paragraph 208, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

209.   In response to Paragraph 209, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

210.   In response to Paragraph 210, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

211.   In response to Paragraph 211, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and

therefore, no response is required.

212.    In response to Paragraph 212, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

213.    In response to Paragraph 213, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

214.    In response to Paragraph 214, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

215.    In response to Paragraph 215, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and

therefore, no response is required.

216.     In response to Paragraph 216, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

217.     In response to Paragraph 217, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

218.     In response to Paragraph 218, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

219.     In response to Paragraph 219, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and

therefore, no response is required.

220.    In response to Paragraph 220, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

221.    In response to Paragraph 221, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

222.    In response to Paragraph 222, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

223.    In response to Paragraph 223, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and

therefore, no response is required.

224.   In response to Paragraph 224, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

225.   In response to Paragraph 225, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

226.   In response to Paragraph 226, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

227.   In response to Paragraph 227, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and

therefore, no response is required.

228.    In response to Paragraph 228, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

229.    In response to Paragraph 229, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

230.    In response to Paragraph 230, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

231.    In response to Paragraph 231, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and

therefore, no response is required.

232.    In response to Paragraph 232, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

233.    In response to Paragraph 233, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

234.    In response to Paragraph 234, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

235.    In response to Paragraph 235, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and

therefore, no response is required.

236.    In response to Paragraph 236, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

237.    In response to Paragraph 237, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

238.    In response to Paragraph 238, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

**C.    Brian Weatherill**

239.    In response to Paragraph 239, UWM states that Weatherill's Closing Disclosure, dated May 25, 2021, indicates that Weatherill purchased a property located at 2257 SE 37th Rd. in Bushnell, Florida.   UWM is currently without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 239 and, on that basis, denies those allegations.

240.   In response to Paragraph 240, UWM states that Weatherill's Closing Disclosure, dated May 25, 2021, lists Toni Raulerson, as the Mortgage Broker for Weatherill's loan.  UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the  remaining allegations in Paragraph 240 and, on that basis, denies those allegations.

241.   In response to Paragraph 241, UWM states that Weatherill's Closing Disclosure, dated May 25, 2021, lists The Florida Mortgage Firm as Weatherill's Mortgage Broker.  UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the  allegations in Paragraph 241 and, on that basis, denies those allegations.

242.   In response to Paragraph 242, UWM states that Paragraph 242 purports to quote portions of the Facebook page for Florida Mortgage Firm, a complete copy of which contains terms that speak for themselves.  UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 242 and, on that basis, denies those allegations.

243.   In response to Paragraph 243, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 243 and, on that basis, denies those allegations.

244.   In response to Paragraph 244, UWM states that Paragraph 244 purports to quote portions of the website for Florida Mortgage Firm, a complete copy of which contains terms that speak for themselves.   UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 244 and, on that basis, denies those allegations.

245.   In response to Paragraph 245, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 245 and, on that basis, denies those allegations.

246.   In response to Paragraph 246, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 246.

247.   UWM denies the allegations in Paragraph 247.

248.   In response to Paragraph 248, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 248 and, on that basis, denies those allegations.

249.   UWM denies the allegations in Paragraph 249.

250.   In response to Paragraph 250, UWM states that Raulerson's brokerage firm signed a Wholesale Broker Agreement, a complete copy of which contains terms that speak for themselves.  UWM states that Raulerson has participated in one or more UWM programs, including the PRO Rankings and LO Partner Points

48

programs.  UWM denies any remaining allegations in Paragraph 250.

251.   In response to Paragraph 251, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 251 and, on that basis, denies those allegations.

252.   In response to Paragraph 252, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 252 and, on that basis, denies those allegations.

253.   In response to Paragraph 253, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 253 and, on that basis, denies those allegations.

254.   UWM denies the allegations in Paragraph 254.

255.   UWM denies the allegations in Paragraph 255.

256.   UWM states that Weatherill's Closing Disclosure, dated May 25, 2021, states that the loan was originated by Raulerson and that it was a 30-year conventional loan at a fixed interest rate of 2.999% for a principal amount of $343,200.  UWM denies any remaining allegations  in Paragraph 256.

257.   In response to Paragraph 257, UWM states that the Closing Disclosure, dated May 25, 2021, shows Weatherill paid $10,682.50 in closing costs and shows 0.895% of the loan amount for Points.  UWM denies any remaining  allegations in Paragraph 257.

258.    In response to Paragraph 258, UWM states that the Closing Disclosure, dated May 25, 2021, shows a fee to the Florida Mortgage Firm in the amount of $9,438.00, identified as lender paid.  UWM denies any remaining allegations  in Paragraph 258.

259.    UWM denies the allegations in Paragraph 259.

260.    UWM denies the allegations in Paragraph 260.

261.    UWM denies the allegations in Paragraph 261.

262.    In response to Paragraph 262, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 262 and, on that basis, denies those allegations.  UWM denies any remaining allegations in Paragraph 262.

263.    UWM denies the allegations in Paragraph 263.

264.    UWM denies the allegations in Paragraph 264.

**D.    Kenneth Morandi**

265.    In response to Paragraph 265, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

266.    In response to Paragraph 266, UWM states that the allegations relate to

50

an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

267.   In response to Paragraph 267, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

268.   In response to Paragraph 268, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

269.   In response to Paragraph 269, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

270.   In response to Paragraph 270, UWM states that the allegations relate to

an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

271.   In response to Paragraph 271, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

272.   In response to Paragraph 272, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

273.   In response to Paragraph 273, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

274.   In response to Paragraph 274, UWM states that the allegations relate to

an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

275.    In response to Paragraph 275, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

276.    In response to Paragraph 276, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

277.    In response to Paragraph 277, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

278.    In response to Paragraph 278, UWM states that the allegations relate to

an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

279.   In response to Paragraph 279, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

280.   In response to Paragraph 280, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

281.   In response to Paragraph 281, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

282.   In response to Paragraph 282, UWM states that the allegations relate to

54

an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

283.  In response to Paragraph 283, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

284.  In response to Paragraph 284, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

285.  In response to Paragraph 285, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

286.  In response to Paragraph 286, UWM states that the allegations relate to

an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

287.   In response to Paragraph 287, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

288.   In response to Paragraph 288, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

289.   In response to Paragraph 289, UWM states that the allegations relate to an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

290.   In response to Paragraph 290, UWM states that the allegations relate to

an individual whose claims were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

### E.    Jill Jeffries and Daniel Singh

291.   In response to Paragraph 291, UWM states that Jeffries and Singh's Closing Disclosure, dated November 6, 2023, lists the closing date for their home located at 1662 Kadashow Ave., North Port, Florida as October 2, 2023.  UWM is currently without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in Paragraph 291 and, on that basis, denies those allegations.

292.   In response to Paragraph 292, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 291 and, on that basis, denies those allegations.

293.   In response to Paragraph 293, UWM states that Jeffries and Singh's Closing Disclosure, dated November 6, 2023, lists Joshua McCombs as the contact under Mortgage Broker. UWM is currently without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in Paragraph 293 and, on that basis, denies those allegations.

294.   In response to Paragraph 294, UWM states that, based on information

available on the NMLS website, Core Financial, Inc. is a mortgage brokerage in the state of Florida, and Josh McCombs was issued a mortgage loan originator license in April 2011.  UWM is currently without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in Paragraph 294 and, on that basis, denies those allegations.

295.   In response to Paragraph 295, UWM is currently without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in Paragraph 295 and, on that basis, denies those allegations.

296.   In response to Paragraph 296, UWM states that Paragraph 296 purports to quote portions of a post on Josh McCombs' Facebook page, a complete copy of which contains terms that speak for themselves.  UWM denies any remaining allegations in Paragraph 296.

297.   In response to Paragraph 297, UWM states that Paragraph 297 purports to quote portions of Core Financial, Inc.'s website and Josh McCombs' Facebook page, complete copies of which contain terms that speak for themselves. UWM is currently without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in Paragraph 297 and, on that basis, denies those allegations.

298.   In response to Paragraph 298, UWM is currently without knowledge or information sufficient to form a belief as to truth or falsity of the remaining

allegations in Paragraph 298 and, on that basis, denies those allegations.

299.   In response to Paragraph 299, UWM states the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 299.

300.   UWM denies the allegations in Paragraph 300.

301.   In response to Paragraph 301, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 301 and, on that basis, denies those allegations.

302.   In response to Paragraph 302, UWM states that McCombs's brokerage firm signed a Wholesale Broker Agreement, a complete copy of which speaks for itself. UWM states that McCombs has participated in one or more UWM programs, including the PRO Rankings and LO Partner Points programs.  UWM states that McCombs attended a trip to the New York Stock Exchange for National Mortgage Broker Day in 2022.  UWM denies any remaining allegations in Paragraph 302.

303.   UWM denies the allegations in Paragraph 303.

304.   In response to Paragraph 304, UWM states that when Jeffries' and Singh's zip code, 34288, is entered into MortgageMatchup.com as of the date of this Answer, Joshua McCombs is among the results listed in varying placements depending on the borrower-selected mile distance filter.   UWM denies any remaining allegations in Paragraph 304.

305.   In response to Paragraph 305, UWM is currently without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in Paragraph 305 and, on that basis, denies those allegations.

306.   UWM denies the allegations in Paragraph 306.

307.   UWM denies the allegations in Paragraph 307.

308.   UWM denies the allegations in Paragraph 308.

309.   UWM denies the allegations in Paragraph 309.

310.   UWM denies the allegations in Paragraph 310.

311.   UWM states that Jeffries' and Singh's Closing Disclosure, dated November 6, 2023, states that the loan was originated by McCombs and that it was a 30-year conventional loan at a fixed interest rate of 7.5% for a principal amount of $320,100.  UWM denies any remaining allegations in Paragraph 311.

312.   UWM denies that UWM paid an origination fee to Core Financial. UWM states that Jeffries' and Singh's Closing Disclosure, dated November 6, 2023, shows a borrower-paid fee of $4,302.40 paid to Core Financial, Inc.  UWM denies any remaining allegations in Paragraph 312.

313.   In response to Paragraph 313, UWM states that Jeffries' and Singh's Closing Disclosure, dated November 6, 2023, lists $19,737.35 in total closing costs, of which $8,736.35 were listed as total loan costs. UWM denies any remaining allegations in Paragraph 313.

60

314.   UWM denies the allegations in Paragraph 314.

315.   UWM denies the allegations in Paragraph 315.

316.   UWM denies the allegations in Paragraph 316.

317.   UWM denies the allegations in Paragraph 317.

318.   UWM denies the allegations in Paragraph 318.

319.   UWM denies the allegations in Paragraph 319.

## TOLLING ALLEGATIONS

320.   In response to Paragraph 320, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

321.   In response to Paragraph 321, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM denies the allegations in Paragraph 321.

322.   In response to Paragraph 322, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required. To the extent any further response is required, UWM denies the allegations

in Paragraph 322.

323.    In response to Paragraph 323, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM denies the allegations in Paragraph 323.

324.    In response to Paragraph 324, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM denies the allegations in Paragraph 324.

325.    In response to Paragraph 325, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM denies the allegations in Paragraph 325.

326.    In response to Paragraph 326, UWM states that the allegations relate to

claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM denies the allegations in Paragraph 326.

## CLASS ACTION ALLEGATIONS

327.   UWM denies the allegations in Paragraph 327.

328.   In response to Paragraph 328, UWM states that Plaintiffs filed this action and seek to maintain it as a class action under Rules 23 of the Federal Rules of Civil Procedure on behalf of themselves and a Nationwide Class as defined by Plaintiffs in Paragraph 328. UWM denies any remaining allegations in Paragraph 328.

329.   In response to Paragraph 329, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM denies the allegations in Paragraph 329.

330.   In response to Paragraph 330, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's

Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.   To the extent any further response is required, UWM denies the allegations in Paragraph 330.

331.   In response to Paragraph 331, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM denies the allegations in Paragraph

332.   In response to Paragraph 332, UWM states that Plaintiffs filed this action and seek to maintain it as a class action under Rules 23 of the Federal Rules of Civil Procedure on behalf of themselves and statewide and multi-state subclasses as defined by Plaintiffs in Paragraph 332.  UWM denies any remaining allegations in Paragraph 332.

333.   In response to Paragraph 333, UWM states that Plaintiffs claim that the Nationwide Class and State/Multi-State Subclasses and their members are referred to, at times, in the First Amended Complaint as the "class" or "classes."  UWM denies any remaining allegations in Paragraph 333.

334.   In response to Paragraph 334, UWM states that Plaintiffs claim to

reserve the right to revise the definition of their proposed classes.  UWM denies any remaining allegations in Paragraph 334.

335.   In response to Paragraph 335, UWM states that the allegations are legal claims not subject to admission or denial. To the extent any further response is required, UWM states that Plaintiffs propose to exclude certain individuals from their proposed class and subclass definitions.   UWM denies any remaining allegations in Paragraph 335.

336.   In response to Paragraph 336, UWM states that the allegations are legal arguments and conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 336.

337.   In response to Paragraph 337, UWM states that the allegations are legal arguments and conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 337.

338.   In response to Paragraph 338, UWM states that the allegations are legal arguments and conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 338.

339.   In response to Paragraph 339, UWM states that the allegations are legal arguments and conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 339.

340.   In response to Paragraph 340, UWM states that the allegations are legal

arguments and conclusions not subject to admission or denial. To the extent any further response is required, UWM denies the allegations in Paragraph 340.

341.   In response to Paragraph 341, UWM states that the allegations are legal arguments and conclusions not subject to admission or denial. To the extent any further response is required, UWM denies the allegations in Paragraph 341.

342.   In response to Paragraph 342, UWM states that the allegations are legal arguments and conclusions not subject to admission or denial. To the extent any further response is required, UWM denies the allegations in Paragraph 342.

343.   In response to Paragraph 343, UWM states that the allegations are legal arguments and conclusions  not subject to admission or denial. To the extent any further response is required, UWM denies the allegations in Paragraph 343.

344.   In response to Paragraph 344, UWM states that the allegations are legal arguments and conclusions  not subject to admission or denial. To the extent any further response is required, UWM denies the allegations in Paragraph 344.

345.   In response to Paragraph 345, UWM states that the allegations are legal arguments and conclusions not subject to admission or denial. To the extent any further response is required, UWM denies the allegations in Paragraph 345.

## CLAIMS FOR RELIEF

## COUNT 1

**Racketeer Influenced and Corrupt Organizations Act ("RICO"),**
**18 U.S.C. § 1962(c)**

346.    In response to Paragraph 320, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

347.    In response to Paragraph 347, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

348.    In response to Paragraph 348, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

349.    In response to Paragraph 349, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

350.    In response to Paragraph 350, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

67

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

351.   In response to Paragraph 351, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

352.   In response to Paragraph 352, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

353.   In response to Paragraph 353, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

354.   In response to Paragraph 354, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

355. In response to Paragraph 355, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

356. In response to Paragraph 356, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

357. In response to Paragraph 357, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

358. In response to Paragraph 358, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

359.   In response to Paragraph 359, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

360.   In response to Paragraph 360, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

361.   In response to Paragraph 361, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

362.   In response to Paragraph 362, UWM states that the allegations  relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

363.   In response to Paragraph 363, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

364.   In response to Paragraph 364, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

365.   In response to Paragraph 365, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

366.   In response to Paragraph 366, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

367.   In response to Paragraph 367, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

368.   In response to Paragraph 368, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

369.   In response to Paragraph 369, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

370.   In response to Paragraph 370, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

371.   In response to Paragraph 371, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

372.   In response to Paragraph 372, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

373.   In response to Paragraph 373, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

374.   In response to Paragraph 374, UWM states that the allegations  relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

## COUNT 2

### RICO, 18 U.S.C. § 1962(d),
### 18 U.S.C. § 1962(c) ("RICO Conspiracy")

375.   In response to Paragraph 375, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

376.   In response to Paragraph 376, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

377.   In response to Paragraph 377, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

378.   In response to Paragraph 378, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is

required.

379.   In response to Paragraph 379, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

380.   In response to Paragraph 380, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

381.   In response to Paragraph 381, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

382.   In response to Paragraph 382, Defendant states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is

required.

383.   In response to Paragraph 383, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

384.   In response to Paragraph 384, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

385.   In response to Paragraph 385, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

386.   In response to Paragraph 386, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is

required.

387.   In response to Paragraph 387, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

388.   In response to Paragraph 388, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

389.   In response to Paragraph 389, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

390.   In response to Paragraph 390, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is

required.

## COUNT 3

### Real Estate Settlement Procedures Act ("RESPA"),
### 12 U.S.C. § 2607

391.   In response to Paragraph 391, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

392.   In response to Paragraph 392, UWM states that the allegations relate to claims that were dismissed from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM states that Plaintiffs claim to bring this action on behalf of themselves and a Nationwide Class.  UWM denies any remaining  allegations in Paragraph 392.

393.   In response to Paragraph 393, UWM states that the allegations relate to claims that were dismissed from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Further responding, UWM states that certain services were provided in connection with mortgages under federal law and complete copies of the

statutes cited speak for themselves.  To the extent any further response is required, UWM denies the allegations in Paragraph 393.

394.   In response to Paragraph 394, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial. Further responding, UWM states that certain services were provided in connection with mortgages under federal law and complete copies of the statutes cited speak for themselves.  To the extent any further response is required, UWM denies the allegations in Paragraph 394.

395.   In response to Paragraph 395, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 395.

396.   In response to Paragraph 396, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that Jeffries and Singh obtained a residential mortgage loan through UWM.  UWM denies any remaining allegations in Paragraph 396.

397.   In response to Paragraph 397, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 397.

398.   In response to Paragraph 398, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in

Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that the complete copies of the statutes cited speak for themselves. UWM denies any remaining allegations in Paragraph 398.

399. In response to Paragraph 399, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial. To the extent any further response is required, UWM denies the allegations in Paragraph 399.

400. In response to Paragraph 400, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that the allegations

consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 400.

401.   In response to Paragraph 401, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 401.

402.   In response to Paragraph 402, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 402.

403.   In response to Paragraph 403, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in

Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 403.

404.    In response to Paragraph 404, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 404.

405.    In response to Paragraph 405, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further,  UWM states that Paragraph 405 purports to quote a portion of UWM's website, a complete copy of which speaks for itself.  UWM denies any remaining allegations in Paragraph 405.

406.    In response to Paragraph 406, UWM states that the allegations relate to

claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that Paragraph 406 purports to quote portions of UWM's website, a complete copy of which contains terms that speak for themselves. UWM denies any remaining allegations in Paragraph 406.

407. In response to Paragraph 407, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that Paragraph 407 purports to quote portions of "Guides" and articles on UWM's website, complete copies of which contain terms that speak for themselves. UWM denies any remaining allegations in Paragraph 407.

408. In response to Paragraph 408, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in

Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM states that Paragraph 408 purports to quote  portions of a webpage on MortgageMatchup.com, a complete copy of which contains terms that speak for themselves.  UWM states that in 2024, UWM renamed FindAMortgageBroker.com to MortgageMatchup.com.  UWM denies any remaining allegations in Paragraph 408.

409.   In response to Paragraph 409, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the  allegations in Paragraph 409.

410.   In response to Paragraph 410, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM is currently without

85

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 410 concerning search results and, on that basis, denies those allegations. UWM denies any remaining allegations in Paragraph 410.

411. In response to Paragraph 411, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 311 concerning search results and, on that basis, denies those allegations. UWM denies any remaining allegations in Paragraph in Paragraph 411.

412. In response to Paragraph 412, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM denies the allegations in Paragraph 412.

413.   In response to Paragraph 413, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.   Responding further, UWM states that it provides certain marketing resources, which can be customized.  UWM denies any remaining allegations in paragraph 413.

414.   In response to Paragraph 414, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM  denies the allegations in Paragraph 414.

415.   In response to Paragraph 415, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs

other than Jeffries and Singh.  Responding further, UWM denies any remaining allegations in Paragraph 415.

416.   In response to Paragraph 416, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM states that the allegations purport to reference marketing materials or public statements, the terms of which speak for themselves.  UWM denies any remaining allegations in Paragraph 416.

417.   In response to Paragraph 417, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.  To the extent any further response is required, UWM states that the allegations purport to reference marketing materials or public statements, the terms of which speak for themselves.  UWM denies any remaining allegations in Paragraph 417.

418.   In response to Paragraph 418, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's

Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required. To the extent any further response is required, UWM states that the allegations purport to reference marketing materials or public statements, the terms of which speak for themselves. UWM denies any remaining allegations in Paragraph 418.

419. In response to Paragraph 419, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required. To the extent any further response is required, UWM states that the allegations purports to reference marketing materials or public statements which speak for themselves. UWM denies any remaining allegations in Paragraph 419.

420. In response to Paragraph 420, UWM states that Paragraph 420 purports to quote portions of marketing materials and McCombs's Facebook page, complete copies of which contain terms that speak for themselves. UWM denies any remaining allegations in Paragraph 420.

421. In response to Paragraph 421, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in

Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 421.

422.   In response to Paragraph 422, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 422.

423.   In response to Paragraph 423, UWM states that the allegations  relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 423.

424.   In response to Paragraph 424, UWM states that the allegations relate to claims that were dismissed from the action for all named Plaintiffs other than Jeffries

and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 424.

425.   In response to Paragraph 425, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 425.

426.   In response to Paragraph 426, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 426.

427.   In response to Paragraph 427, UWM states that the allegations relate to

claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required. To the extent any further response is required, UWM denies the allegations in Paragraph 427.

428.   In response to Paragraph 428, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required. To the extent any further response is required, UWM denies the allegations in Paragraph 428.

429.   In response to Paragraph 429, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.   To the extent any further response is required, UWM denies the allegations in Paragraph 429.

430.   In response to Paragraph 430, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required. To the extent any further response is required, UWM denies the allegations in Paragraph 430.

431. UWM denies the allegations in Paragraph 431.

432. In response to Paragraph 432, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM denies the allegations in Paragraph 432.

433. In response to Paragraph 433, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that Paragraph 433 purports to quote statements from a podcast, a complete copy of which speaks for itself. To the extent any further response is required, UWM denies the allegations in Paragraph 433.

434.   In response to Paragraph 434, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM states that Paragraph 434 purports to quote statements from a podcast, a complete copy of which speaks for itself.  To the extent any further response is required, UWM denies the allegations in Paragraph 434.

435.   In response to Paragraph 435, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM states that Paragraph 435 purports to quote statements from a podcast, a complete copy of which speaks for itself.  To the extent any further response is required, UWM denies the allegations in Paragraph 435.

436.   In response to Paragraph 436, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs

other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that Paragraph 436 purports to quote statements made on the Casey Adams Show, a complete copy of which speaks for itself. To the extent any further response is required, UWM denies the allegations in Paragraph 436.

437.   In response to Paragraph 437, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that Paragraph 437 purports to quote statements from a podcast, a complete copy of which speaks for itself. To the extent any further response is required, UWM denies the allegations in Paragraph 437.

438.   In response to Paragraph 438, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025

(ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that Paragraph 438 purports to quote statements from a podcast, a complete copy of which speaks for itself. To the extent any further response is required, UWM denies the allegations in Paragraph 438.

439.   In response to Paragraph 439, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM denies the allegations in Paragraph 439.

440.   In response to Paragraph 440, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM states that Paragraph 440 purports to quote portions of UWM's annual 10-K, a complete copy of which contains terms that speak for themselves. To the extent any further response is

required, UWM denies the allegations in Paragraph 440.

441. In response to Paragraph 441, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM denies the allegations in Paragraph 441.

442. In response to Paragraph 442, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM denies the allegations in Paragraph 442.

443. In response to Paragraph 443, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs

other than Jeffries and Singh. Responding further, UWM denies the allegations in Paragraph 443.

444. In response to Paragraph 444, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM denies the allegations in Paragraph 444.

445. In response to Paragraph 445, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh. Responding further, UWM denies the allegations in Paragraph 445.

446. In response to Paragraph 446, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025

(ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 446.

447.    In response to Paragraph 447, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM denies the allegations in Paragraph 447.

448.    In response to Paragraph 448, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 448.

449.    In response to Paragraph 449, UWM states that the allegations relate to

claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 449.

450.   In response to Paragraph 450, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 450.

451.   In response to Paragraph 451, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in

Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025

(ECF No. 62), and therefore, no response is required with respect to named Plaintiffs

other than Jeffries and Singh.  Responding further, UWM states that the allegations

consist of argument and legal conclusions not subject to admission or denial.  To the

extent any further response is required, UWM denies the allegations in Paragraph

451.

452.   In response to Paragraph 452, UWM states that the allegations relate to

claims that were dismissed with prejudice from the action for all named Plaintiffs

other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in

Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025

(ECF No. 62), and therefore, no response is required with respect to named Plaintiffs

other than Jeffries and Singh.  Responding further, UWM states that the allegations

consist of argument and legal conclusions not subject to admission or denial.  To the

extent any further response is required, UWM denies the allegations in Paragraph

452.

453.   In response to Paragraph 453, UWM states that the allegations relate to

claims that were dismissed with prejudice from the action for all named Plaintiffs

other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in

Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025

(ECF No. 62), and therefore, no response is required with respect to named Plaintiffs

other than Jeffries and Singh.  Responding further, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 453.

454.   In response to Paragraph 454, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 454.

455.   In response to Paragraph 455, UWM states that the allegations relate to claims that were dismissed with prejudice from the action for all named Plaintiffs other than Jeffries and Singh pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required with respect to named Plaintiffs other than Jeffries and Singh.  Responding further, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the

extent any further response is required, UWM denies the allegations in Paragraph 455.

## COUNT 4

### Aiding and Abetting Breach of Fiduciary Duty

456.   In response to Paragraph 456, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

457.   In response to Paragraph 457, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

458.   In response to Paragraph 458, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

459.   In response to Paragraph 459, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is

required.

460. In response to Paragraph 460, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

461. In response to Paragraph 461, UWM states that the allegations  relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

462. In response to Paragraph 462, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

463. In response to Paragraph 463, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is

required.

464.    In response to Paragraph 464, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

465.    In response to Paragraph 465, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

466.    In response to Paragraph 466, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

467.    In response to Paragraph 467, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is

required.

468.   In response to Paragraph 468, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

469.   In response to Paragraph 469, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

470.   In response to Paragraph 470, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

## **COUNT 5**

### **Civil Conspiracy**

471.   In response to Paragraph 471, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

106

472.     In response to Paragraph 472, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

473.     In response to Paragraph 473, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

474.     In response to Paragraph 474, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

475.     In response to Paragraph 475, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

476.   In response to Paragraph 476, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

477.   In response to Paragraph 477, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

478.   In response to Paragraph 478, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

479.   In response to Paragraph 479, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

480.    In response to Paragraph 480, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

481.    In response to Paragraph 481, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

482.    In response to Paragraph 482, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

483.    In response to Paragraph 483, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

484.   In response to Paragraph 484, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

## COUNT 6

### Unjust Enrichment

485.   In response to Paragraph 485, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

486.   In response to Paragraph 486, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

487.   In response to Paragraph 487, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

488.   In response to Paragraph 488, UWM states that the allegations relate

to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

489.   In response to Paragraph 489, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

490.   In response to Paragraph 490, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

491.   In response to Paragraph 491, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

492.   In response to Paragraph 492, UWM states that the allegations relate

to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

493.   In response to Paragraph 493, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

494.   In response to Paragraph 494, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

495.   In response to Paragraph 495, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

496.   In response to Paragraph 496, UWM states that the allegations relate

to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

497.   In response to Paragraph 497, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

498.   In response to Paragraph 498, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

499.   In response to Paragraph 499, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

500.   In response to Paragraph 500, UWM states that the allegations relate

to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

501.    In response to Paragraph 501, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

502.    In response to Paragraph 502, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

503.    In response to Paragraph 503, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

504.    In response to Paragraph 504, UWM states that the allegations relate

to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

505.    In response to Paragraph 505, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

## COUNT 7

**North Carolina Unfair and Deceptive Practices Act ("NCUDPA"),
N.C. Code §§ 75-1.1 *et seq*.**

506.    In response to Paragraph 506, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

507.    In response to Paragraph 507, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

508.    In response to Paragraph 508, UWM states that the allegations relate

115

to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

509.    In response to Paragraph 509, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

510.    In response to Paragraph 510, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

511.    In response to Paragraph 511, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

512.    In response to Paragraph 512, UWM states that the allegations relate

to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

513.    In response to Paragraph 513, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

514.    In response to Paragraph 514, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

515.    In response to Paragraph 515, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

516.    In response to Paragraph 516, UWM states that the allegations relate

117

to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

517.   In response to Paragraph 517, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

518.   In response to Paragraph 518, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

## COUNT 8

### Tennessee Consumer Protection Act (TCPA),
### Tenn. Code Ann. §§ 47–18–101 *et seq.*

519.   In response to Paragraph 519, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

520.   In response to Paragraph 520, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's

Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

521.     In response to Paragraph 521, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

522.     In response to Paragraph 522, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

523.     In response to Paragraph 523, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

524.     In response to Paragraph 524, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's

Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

525.    In response to Paragraph 525, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

526.    In response to Paragraph 526, UWM states that the allegations  relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

527.    In response to Paragraph 527, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

528.    In response to Paragraph 528, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's

Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

529.    In response to Paragraph 529, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

530.    In response to Paragraph 530, UWM states that the allegations  relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

531.    In response to Paragraph 531, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

532.    In response to Paragraph 532, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's

Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

533.   In response to Paragraph 533, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

534.   In response to Paragraph 534, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

535.   In response to Paragraph 535, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

536.   In response to Paragraph 536, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's

Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

537.    In response to Paragraph 537, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

538.    In response to Paragraph 538, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

539.    In response to Paragraph 539, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

## COUNT 9

**Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"),**
**Fla. Stat. §§ 501.201, *et seq.***

540.   In response to Paragraph 540, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

541.   In response to Paragraph 541, UWM states that Plaintiffs Weatherill, Jeffries, and Singh claim to bring this action under the laws of Florida on behalf of a subclass comprised of class members who purchased UWM mortgages in (a) Florida, and (b) other states or, in the alternative, Plaintiffs claim to bring this action on behalf of a subclass whose claims arise under Florida law. Responding further, Defendant states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 541.

542.   In response to Paragraph 542, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 542.

543.   In response to Paragraph 543, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent any further response is required, UWM denies the allegations in Paragraph 543.

544.   In response to Paragraph 544, UWM states that the allegations consist of argument and legal conclusions not subject to admission or denial.  To the extent

any further response is required, UWM denies the allegations in Paragraph 544.

545.   UWM denies the allegations in Paragraph 545.

546.   UWM denies the allegations in Paragraph 546.

547.   UWM denies the allegations in Paragraph 547.

548.   UWM denies the allegations in Paragraph 548.

549.   UWM denies the allegations in Paragraph 549.

550.   UWM denies the allegations in Paragraph 550.

551.   UWM denies the allegations in Paragraph 551.

## COUNT 10

### California Unfair Competition Law ("CUCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*

552.   In response to Paragraph 552, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

553.   In response to Paragraph 553, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

554.   In response to Paragraph 554, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

555.    In response to Paragraph 555, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

556.    In response to Paragraph 556, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

557.    In response to Paragraph 557, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

558.    In response to Paragraph 558, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

559.    In response to Paragraph 559, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

560.    In response to Paragraph 560, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

561.    In response to Paragraph 561, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

562.    In response to Paragraph 562, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to

Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

563.    In response to Paragraph 563, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

564.    In response to Paragraph 564, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

565.    In response to Paragraph 565, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

566.    In response to Paragraph 566, UWM states that the allegations relate to claims that were dismissed from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated

September 30, 2025 (ECF No. 62), and therefore, no response is required.

## COUNT 11

### California Legal Remedies Act (CLRA),
### Cal. Civ. Code §§ 1750 *et seq.*

567.    In response to Paragraph 567, UWM repeats and realleges the foregoing answers as though they were fully set forth here.

568.    In response to Paragraph 568, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

569.    In response to Paragraph 569, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

570.    In response to Paragraph 570, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

571.    In response to Paragraph 571, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

572.    In response to Paragraph 572, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

573.    In response to Paragraph 573, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

574.    In response to Paragraph 574, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

575.     In response to Paragraph 575, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

576.     In response to Paragraph 576, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

577.     In response to Paragraph 577, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

578.     In response to Paragraph 578, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

579.    In response to Paragraph 579, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

580.    In response to Paragraph 580, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

581.    In response to Paragraph 581, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

582.    In response to Paragraph 582, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

583.    In response to Paragraph 583, UWM states that the allegations relate to claims that were dismissed with prejudice from the action pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated September 30, 2025 (ECF No. 62), and therefore, no response is required.

* * *

Except as specifically admitted, UWM denies any and all allegations, including but not limited to, all captions, headers, footnotes, and subparagraphs. The First Amended Complaint also includes Plaintiffs' prayer for relief, to which no response is required.  To the extent one is required, UWM denies any allegations in Plaintiffs' prayer for relief and further states that Plaintiffs are not entitled to the relief sought, or any relief, in this action.

## AFFIRMATIVE DEFENSES

UWM asserts the affirmative defenses set forth below.  Each defense is asserted as to any remaining claims and "Amended Complaint" shall refer to the claims not already dismissed by the Court.

To the extent that one or more of these defenses could be construed as inconsistent, UWM asserts such defenses in the alternative.  In asserting these defenses, UWM does not assume any burden of proof, persuasion, or production with respect to any issue that should properly belong to Plaintiffs.  UWM reserves any other defenses, at law or in equity, that may now exist or will in the future be

133

available based on discovery and further factual investigation in this case to the extent permitted by applicable law.

Because no class has been certified in this case and absent putative class members are not parties to this action, UWM denies that it has any obligation at this time to identify or plead defenses that would apply to any individual or putative class member other than Plaintiffs, and reserves its rights to supplement and amend this Answer with additional defenses as necessary going forward in this action.

UWM further expressly reserves the right to raise any additional defenses, crossclaims, counterclaims, and/or third-party claims not asserted of which it might become aware through discovery or other investigation to the extent permitted by applicable law.   For avoidance of doubt, each defense below is asserted as to Plaintiffs and any putative class member.

**FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs and/or any putative class members have not sustained any cognizable injury or damages as a result of the matters alleged in the Amended Complaint.

134

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs and/or any putative class members lack constitutional, statutory, and/or prudential standing to assert the claims alleged in the Amended Complaint, either individually or in a representative capacity, including, but not limited to, because they have not sustained concrete injury-in-fact that can be traced to UWM's conduct and because they lack any imminent, nonspeculative threat of future injury.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and/or any putative class members lack constitutional, statutory, and/or prudential standing to assert the state-law claims alleged in the Amended Complaint from states where they do not reside and were not injured.

## FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, by the applicable statute of limitations, and equitable tolling does not excuse them.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or putative class members agreed to or are bound by any applicable agreements to arbitrate, their claims must be pursued in arbitration rather than litigation.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' mortgages contains certain notice-and-cure provisions stating that neither party may commence, join, or be joined to any judicial action arising

135

from the other party's actions pursuant to the security instrument until the complaining party has given written notice of the alleged breach and afforded a reasonable opportunity to cure. Plaintiffs did not provide the contractually required notice or opportunity to cure before filing this action. Their remaining claims are barred, in whole or in part, for failure to satisfy these conditions. *See, e.g.*, Exhibit C (Weatherill Mortgage Contract); Exhibit E (Jeffries and Singh Mortgage Contract).

## EIGHTH AFFIRMATIVE DEFENSE

By filing suit without first providing the contractual notice and reasonable opportunity to cure, the Plaintiffs breached the mortgage's notice-and-cure covenant, which limits their requested relief, excuses performance to the extent permitted by law, and entitles UWM to any permissible remedies under applicable law.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, because any alleged payment or compensation to brokers was bona fide salary and/or compensation for services actually performed.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, to the extent Plaintiffs or any putative class member alleges that their

claims are based on alleged overcharges or high fees provided to brokers, as such allegations are outside the purview of 12 U.S.C. § 2607.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, because UWM's actions were required or specifically permitted by federal and/or state law.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member fail in whole or in part because UWM acted in good faith and in compliance with applicable state laws and regulations. Additionally, UWM's good-faith compliance and reliance on agency guidance, safe harbors, and industry standards preclude liability or, alternatively, bar or mitigate any recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, by any applicable statutory safe harbor provision, including but not limited (i) the provisions under RESPA and (ii) that FDUTPA does not apply to an act or practice required or specifically permitted by federal or state law.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent the claims of Plaintiffs and/or putative class members purport to challenge compliance with any federal or state law, their claims are barred, in whole or in part, by failure to exhaust administrative remedies, abstention, and/or primary

137

jurisdiction.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, due to the absence of any injury or damage for which UWM's actions, conduct, or omissions were the proximate cause, including, without limitation, damages suffered due to the acts or omissions of others.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and/or members of the putative class allege that UWM's statements caused their alleged injuries, any such statements are not actionable as puffery.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, by the First Amendment of the United States Constitution and any applicable parallel state constitutional provision, including to the extent Plaintiffs and any putative class member seek to impose liability or obtain injunctive relief based on UWM's public statements, advertising, marketing, broker-facing communications, or borrower-facing communications, as those statements and communications constitute protected speech and/or nonactionable opinion or puffery. Additionally, any application of state or federal law that penalizes, restrains, or compels UWM's speech regarding lawful services violates the First Amendment

(and parallel state constitutional provisions).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or any putative class member's Florida FDUTPA claim(s), and any other state-law theories asserted by Plaintiffs and/or any putative class member, are preempted or otherwise displaced, in whole or in part, by applicable federal law. In addition, the FDUTPA claims are barred to the extent they seek to impose liability for conduct required or specifically permitted by state or federal law.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or any putative class member's claims under FDUTPA fail, in whole or in part, to the extent Plaintiffs' FDUTPA claim is premised on any lending relationship, as such activity is not actionable "trade or commerce" under FDUTPA.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, because any alleged injury is outweighed by countervailing benefits to the consumer or to competition.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, because any alleged injury is one that Plaintiffs or any putative class member could have reasonably avoided.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Before closing, Weatherill executed among other things, a Mortgage Loan

139

Origination Agreement with his broker and received and signed Anti-Steering and Closing Disclosures. Those documents disclosed, among other things, that the broker could be compensated by the lender, that the broker did not owe Weatherill a duty to obtain the "best" or lowest-cost loan on the market, and that Weatherill should evaluate loan options and costs. Weatherill's written acknowledgments and disclaimers, among other things, negate any reasonable reliance, constitute waiver and ratification of the disclosed compensation structure and loan selection, and bar or limit Weatherill's claims in this action. *See, e.g.*, Exhibit A (Weatherill Loan Origination Agreement); Exhibit B (Weatherill Anti-Steering Disclosure).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs and/or any proposed class member cannot recover damages, in whole or in part, to the extent they failed to mitigate their alleged damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The alleged damages of Plaintiffs and/or any member of the putative class, if any, resulted from the acts or omissions of third parties. The acts of such third parties constitute intervening or superseding causes of such alleged harm.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred in whole, or in part, to the extent they consented to or assumed any applicable risks of any alleged injury or damages.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and/or any putative class member are barred in whole, or in part, to the extent they licensed or authorized, including through any agreement with third parties, any alleged applicable conduct, or alleged resulting injury or damage.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, because any claimed injury or damage has been offset by benefits received by Plaintiffs and/or one or more members of the putative class with respect to the challenged conduct, including any applicable settlements.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, to the extent they are limited by the doctrines of res judicata and/or collateral estoppel.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

To the extent any judgment or award is entered against UWM, it must be reduced, apportioned, and/or satisfied to reflect the comparative fault, acts, or omissions of any other person or entity whose conduct caused or contributed to the alleged harm.

**THIRTIETH AFFIRMATIVE DEFENSE**

UWM is entitled to set off and/or recoup from Plaintiffs any amounts owed

under applicable contracts or law, including, without limitation, contractually authorized costs or fees reasonably incurred due to Plaintiffs' and/or their agents' acts or omissions.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, by the doctrines of fraud, misrepresentation, and concealment to the extent they made material misrepresentations and/or omissions in connection with their applications and loan selection, upon which UWM reasonably relied.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, ratification, and unclean hands.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, by any applicable release provided for in loan documentation, among other documentation, or any applicable agreements, including agreements with third parties.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, by the disclosures Plaintiffs and any putative class member signed or acknowledged, including Anti-Steering disclosures. *See, e.g.*, Exhibit B (Weatherill

Anti-Steering Disclosure); Exhibit D (Jeffries and Singh's Anti-Steering Disclosure).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, to the extent that Plaintiffs or any putative class member received disclosure of the charges and details of their loan products and have chosen to incur costs in connection with the matters alleged, such voluntary expenditures are not compensable.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member for damages are barred in whole or in part to the extent by the economic loss doctrine or gist of the action limits such recovery.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, to the extent those claims seek to impose duties on UWM and/or third parties that conflict with federal or state statutes, regulations, or common law or any applicable contract or agreement.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole or in part, because Plaintiffs and any putative class member did not justifiably rely on UWM's actions alleged in the Amended Complaint, and that the injuries or

143

damages complained of in the Amended Complaint were not caused by UWM's alleged actions.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class members are barred, in whole or in part, by their lack of awareness of, or lack of reliance upon, the representations alleged in the Amended Complaint.

## FORTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have stated any claim, which UWM denies, the claims of Plaintiffs and any putative class member are barred, in whole or in part, to the extent their conduct was in pari delicto.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred in whole or in part by the doctrine of accord and satisfaction or payment.

## FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or any putative class member seek to impose or enforce purported duties on UWM based on alleged preclosing or extracontractual promises, any such alleged obligations fail for lack of consideration between Plaintiffs (or any putative class member) and UWM.

## FORTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or any putative class member rely on alleged applicable oral, implied, or extracontractual promises or representations, such claims

are barred by the applicable statute of frauds, including but not limited to Florida

Statutes § 687.0304 (credit agreements must be in a signed writing) and comparable

statutes in other jurisdictions. Plaintiffs and any putative class member may not

enforce or base liability on alleged unwritten credit-related promises.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole

or in part, because, to the extent any third parties committed any of the alleged acts

or omissions, it was outside the scope of authority conferred and UWM is not

vicariously liable for those acts or omissions.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole

or in part, by any applicable agreements and disclosures Plaintiffs and any putative

class member have with third parties.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member fail, in whole or in

part, to the extent that they seek prospective relief.  Plaintiffs and any member of the

putative classes are not entitled to any equitable relief, as a matter of standing or

otherwise, including because they have an adequate remedy at law.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member are barred, in whole

or part, by the doctrine of election of remedies, because they seek inconsistent and

145

conflicting relief that would, if granted, overcompensate them relative to their alleged injuries.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs do not allege claims or facts sufficient to rise to the level of conduct required to recover punitive damages, and therefore any request for punitive damages is improper.

### FORTY-NINTH AFFIRMATIVE DEFENSE

An award of punitive damages against UWM based on the alleged conduct would be excessive and, therefore, violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

### FIFTIETH AFFIRMATIVE DEFENSE

The FDUTPA claims of Plaintiffs and/or any putative class member are barred, in whole or in part, to the extent FDUTA does not include punitive damages, noneconomic damages, consequential or special or incidental damages, non-restitutionary disgorgement, or diminution in value.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' request for class certification is barred because Plaintiffs and the putative class cannot meet the requirements for class certification under Fed. R. Civ. P. 23 or any applicable Sixth Circuit precedent.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

The certification and maintenance of this action as a class action is prohibited

or limited to the extent any claims would violate UWM's right to a jury trial on the issue of liability as provided in the Seventh Amendment to the United States Constitution.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Certification or maintenance of any class is prohibited or limited to the extent any such findings would violate the Due Process Clause and the Rules Enabling Act, 28 U.S.C. § 2072(b), as to Plaintiffs and/or any putative class member, including because UWM is entitled to present individualized defenses on reliance, causation, damages, limitations, and disclosures and "trial by formula," aggregate damages, fluid recovery, or abridgment of individualized defenses would impermissibly modify substantive rights.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or any putative class member's claims, and any attempt to apply a single state's law (including Florida) to transactions or borrowers in other jurisdictions, are barred, in whole or in part, by constitutional limits on extraterritorial application (Due Process and Full Faith and Credit). Differences among states' laws and constitutionally required contacts preclude application of one state's law to out-of-state transactions and bar certification of any multistate class in the circumstances present here.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or any putative class member, and/or the remedies they seek, are barred or limited to the extent they would violate constitutional protections, including but not limited to due process (e.g., vagueness, lack of fair notice, extraterritorial application, excessive or disproportionate damages), the First Amendment (content- or viewpoint-based burdens on lawful speech), and the Commerce Clause (impermissible burdens on interstate commerce).

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, UWM invokes each and every constitutional defense available to it under the Constitutions (or similar charters) of each of the applicable states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions.  This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on compensatory and punitive damages.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, UWM invokes each and every statutory and common law defense available to it under the laws of the applicable states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions with respect to each of the claims alleged in the First

Amended Complaint that is recognized in that jurisdiction.

## RESERVATION OF DEFENSES

UWM expressly reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may be developed through discovery or further legal analysis of Plaintiffs' claims to the extent permitted by applicable law.  UWM further reserves the right to amend this Answer to add, delete, or modify affirmative defenses to address claims that are reinstated on appeal, by order of the Court, or otherwise.

## PRAYER FOR RELIEF

**WHEREFORE**, UWM asks this Court to enter judgment (1) in favor of UWM and against Plaintiffs on all claims for relief; (2) award UWM its costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and (3) any other relief the Court may deem just and equitable.

## JURY DEMAND

UWM hereby demands a trial by jury of the maximum number of jurors permitted by law on all issues so triable.

Dated: October 28, 2025

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

Respectfully submitted,

/s/ *Jeffrey J. Jones*

Jeffrey J. Jones (P80231)
Stephen J. Cowen (P82688)
Amanda K. Rice (P80460)
Andrew J. Clopton (P80315)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com
scowen@jonesday.com
arice@jonesday.com
aclopton@jonesday.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 28, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of such filing and effectuate service upon all counsel of record.

/s/ *Jeffrey J. Jones*
Jeffrey J. Jones

*Counsel for Defendants*