# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| BRIAN P. WEATHERILL, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> UNITED WHOLESALE MORTGAGE, LLC <br><br> Defendant. | Case No. 2:24-cv-10853-BRM-DRG <br><br> Hon. Brandy R. McMillion, <br> United States District Judge <br><br> Hon. David R. Grand, <br> Magistrate Judge |

**REPLY IN SUPPORT OF DEFENDANT'S
RENEWED MOTION TO STRIKE CLASS ALLEGATIONS**

## **TABLE OF CONTENTS**

                                **Page**

I.   Plaintiffs misstate the standard and contents of this Motion............................1

II.   The complaint concedes brokers provided many services, barring any RESPA class ...............................................................................................2

III.   Standing for their own claims does not allow Plaintiffs to bring other state-law claims when they assert no personal standing .................................3

IV.   On legal variation, Plaintiffs largely concede their position is untenable for good reason—it would be unprecedented in this Circuit..........4

V.   Plaintiffs do not deny FDUTPA requires an "in the same circumstances" analysis ................................................................................5

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Chapman v. GM*,
  2024 WL 698789 (E.D. Mich. 2024)......................................................................4

*Ciccio v. SmileDirect*,
  2024 WL 559235 (M.D. Tenn. 2024).....................................................................1

*Cohen v. Implant Innovs.*,
  259 F.R.D. 617 (S.D. Fla. 2008)............................................................................6

*Coleman v. Burger King Corp.*,
  2023 WL 5507730 (S.D. Fla. 2023) ......................................................................5

*Colley v. P&G*,
  2016 WL 5791658 (S.D. Ohio 2016) .................................................................2, 5

*Fox v. Saginaw Cnty.*,
  67 F.4th 284 (6th Cir. 2023) ..................................................................................4

*Frank v. Gaos*,
  586 U.S. 485 (2019)...............................................................................................4

*Howland v. First American Title Ins. Co.*,
  672 F.3d 531 (7th Cir. 2012) .................................................................................2

*In re Comm. Bank*,
  795 F.3d 380 (3d Cir. 2015) ..................................................................................2

*In re DuPont*,
  2022 WL 4149090 (6th Cir. 2022) .....................................................................1, 4

*In re Ford*,
  2012 WL 379944 (D.N.J. 2012) ............................................................................6

*In re Motions to Certify*,
  715 F. Supp. 2d 1265 (S.D. Fla. 2010)..................................................................7

*In re Nat'l Opiate Litig.*,
  976 F.3d 664 (6th Cir. 2020) .................................................................................1

*In re Nissan*,
    122 F.4th 239 (6th Cir. 2024) ................................................................................1

*Miami Auto. v. Baldwin*,
    97 So. 3d 846 (Fla. Dist. Ct. App. 2012) ...............................................................7

*Mod. Holdings v. Corning*,
    2015 WL 1481459 (E.D. Ky. 2015) .......................................................................1

*Perisic v. Ashley Furn.*,
    2018 WL 3391359 (M.D. Fla. 2018) ......................................................................6

*Pickens v. Hamilton-Ryker*,
    133 F.4th 575 (6th Cir. 2025) .................................................................................3

*Pilgrim v. Univ.*,
    660 F.3d 943 (6th Cir. 2011) ..............................................................................1, 5

*Pop's Pancakes v. NuCO2*,
    251 F.R.D. 677 (S.D. Fla. 2008) .............................................................................7

*Porsche Cars v. Diamond*,
    140 So. 3d 1090 (Fla. Dist. Ct. App. 2014) ............................................................7

*Rivers of Life v. GuideOne*,
    2022 WL 17261845 (W.D. Tenn. 2022) .............................................................2, 4

*Snowdy v. Mercedes-Benz*,
    2024 WL 1366446 (D.N.J. 2024) ...........................................................................4

*Speerly v. GM*,
    143 F.4th 306 (6th Cir. 2025) ........................................................................2, 5, 6

*Townhouse Rest. v. NuCO2*,
    2021 WL 230021 (S.D. Fla. 2021) ..........................................................................7

**STATUTES**

12 U.S.C. § 2607 ............................................................................................................1, 3

12 U.S.C. § 2617 ...............................................................................................................3

**REGULATIONS**

66 FR 53052 ......................................................................................................................3

**I.** ***Plaintiffs misstate the standard and contents of this Motion***. Plaintiffs first argue motions to strike are rare. Opp., PageID.4137. They are not. Plaintiffs ignore the seminal Sixth Circuit case on striking class allegations, *Pilgrim v. Univ.*, 660 F.3d 943 (6th Cir. 2011), and the many cases citing the correct standard, Mot., PageID.3847-49, and instead highlight inapposite cases on a ***plaintiff's*** burden at the class certification stage, Opp., PageID.4138-40 & n.3 (citing *Comcast*, *Whirlpool*, *Bowles*). Even their own cases strike in part. *Id.*, PageID.4138-39, .4160 (*Sowders*, *Bearden*, *Kirkbride*). Plaintiffs next argue the motion "assess[es] fact[s] without evidence." *Id.* Not so. It argues the "facial deficiency" of unprecedented classes "as a matter of law" from "the face of the complaint," as Plaintiffs' cases agree is the standard. *See Mod. Holdings v. Corning*, 2015 WL 1481459, *2-6 (E.D. Ky. 2015).[1]

Plaintiffs also argue UWM does not "dispute" a 23(b)(2) injunctive relief class or other alternatives. Opp., PageID.4141. That is not true either. UWM expressly challenges "all class allegations remaining in the Complaint," Mot., PageID.3827, and argues that individualized issues bar any class—under 23(b)(2),[2] (b)(3), (c)(4),[3]

---

[1] Plaintiffs' other "controlling" cases are inapposite. *E.g.*, Opp., PageID.4135 (*Chevy Bolt* and *Albright* are uniform warranty breach cases addressing "identical U.C.C." provisions without individualized circumstances; *Kimber* ignores *Pilgrim*).

[2] A (b)(2) class needs even "more cohesiveness" than (b)(3). *In re DuPont*, 2022 WL 4149090, *8 (6th Cir. 2022). Notably, too, Plaintiffs seek no nationwide RESPA injunction. FAC ¶ 455 (damages, fees only); 12 U.S.C. § 2607(d).

[3] 23(c)(4) imposes Rule 23 elements, *e.g.*, commonality and predominance, within each issue. *In re Nat'l Opiate Litig.*, 976 F.3d 664, 675 (6th Cir. 2020); *In re Nissan*, 122 F.4th 239, 247 (6th Cir. 2024) ("one stroke" for class). Citations to (c)(4) will not save a class. *Ciccio v. SmileDirect*, 2024 WL 559235, *11 (M.D. Tenn. 2024).

or (c)(5).[4] *See, e.g.*, *id.*, PageID.3848 (23(a) applies to any class); *id.* (*Pilgrim* struck in part for "commonality"); PageID.3860 (*Nissan* on 23(a)(2)). The Court should not allow "lengthy class discovery" on any class "only to … face[] the same problem" later. *Rivers of Life v. GuideOne*, 2022 WL 17261845, *3 (W.D. Tenn. 2022).

**II. *The complaint concedes brokers provided many services, barring any RESPA class.*** Every federal court of appeals to consider the issue has rejected any RESPA class where some services are provided. Mot., PageID.3850-51. Plaintiffs try to frame this as a "no services" case but cannot erase the many services alleged and conceded. *Id.*; Opp., PageID.4142–47 (no response). Those are dispositive. Plaintiffs assert one supposed "service" went unprovided, *id.*, but Plaintiffs notably cite no authority segmenting out some services from others to make the safe harbor inapplicable, as they argue. Their only cases involve "absolutely no services." *In re Comm. Bank*, 795 F.3d 380, 405 & n.23 (3d Cir. 2015); Opp., PageID.4147 & n.8 (citing this and other "no services" cases only). The authority is clear—even if plaintiffs allege that a particular service went unprovided: "[W]here a person provides ***any*** services … individual [safe harbor] analysis of each transaction" forecloses any class. *See Howland*, 672 F.3d at 531-34 (plaintiffs alleged "core title agent services" not provided, but the court still required "individual comparisons of

---

[4] *See Speerly v. GM*, 143 F.4th 306, 322 (6th Cir. 2025) (all class requirements apply within (c)(5)); *Colley v. P&G*, 2016 WL 5791658, *7 (S.D. Ohio 2016) ("it was not the absence of state subclasses that doomed class allegations in *Pilgrim*").

2

compensation" to any services that were, as agents still deserve "a reasonable fee").

With no cases, Plaintiffs target a CFPB Policy Statement—a single piece of analysis in UWM's cases. They say it covers only yield-spread premiums (YSPs), Opp., PageID.4144-45, yet on its face, it covers YSPs "*or any other class of named payments*." 66 FR at 53054. Plaintiffs even admit it applies in "other settings." Opp., PageID.4145. They say it might apply only to "overcharge[s]" and not a failure to perform certain paid-for services. That is wrong on the scope of the Statement, plus the Court held it is a "distinction without a difference" and the allegations "could be an overpayment," ECF 62, PageID.3754; FAC ¶ 385 (alleging "overpaying"). Lastly, UWM's cases are not dependent on *Chevron* deference to the Statement. Mot., PageID.3850 (*Howland*, *O'Sullivan*, *Glover*). In any event, "[e]xpress delegations" to agencies still stand, *Pickens v. Hamilton-Ryker*, 133 F.4th 575, 587 (6th Cir. 2025), and RESPA expressly delegates the agency power to "prescribe … regulations" and "make … interpretations." 12 U.S.C. § 2617; 66 FR at 53052.[5]

**III.** *Standing for their own claims does not allow Plaintiffs to bring other state-law claims when they assert no personal standing*. As the better reasoned cases in this Circuit explain, Plaintiffs' contrary argument violates multiple standing principles. Mot., PageID.3855-56 (citing, *e.g.*, *Withrow*, *Rivers of Life*, *Chapman*).

---

[5] On superiority, Plaintiffs are wrong about incentives for individual RESPA suits. *Cf.* 12 U.S.C. § 2607(d)(2) (treble costs), *and* FAC ¶ 258 ($9,438), *with* Opp., PageID.4147-49. And Plaintiffs' protests about "threat[s]" to CFPB ring hollow, *id.* & n.9, when they ask the Court to reject CFPB as persuasive authority for RESPA.

3

UWM's cases do not "ignore Article III," Opp., PageID.4156, but apply in-Circuit standing rules, Mot., PageID.3856-57, unlike Plaintiffs' out-of-Circuit[6] and district court cases relying on out-of-Circuit law.[7] Nor does *Gaos*, by silence, "assume … standing" for out-of-state claims, Opp., PageID.4154—the district court had already "dismissed [the] state law claims." 586 U.S. 485, 489 (2019). UWM's other Supreme Court cases (Opp., PageID.4154 n.12) do not hold that any Article III injury allows a plaintiff to represent any class, *id.*—that conflicts with *Fox*, 67 F.4th 284, 293 (6th Cir. 2023) (one injury not enough to "sue anyone over anything"). And, *In re Am. Med.* (PageID.4155) does not address this issue—such "glossing over jurisdiction is not a holding." *See DuPont*, 2022 WL 4149090, *4. Instead, *Am. Med.* vacates a multi-state consumer class based on legal variation, as UWM argues next.

**IV.** ***On legal variation, Plaintiffs largely concede their position is untenable for good reason—it would be unprecedented in this Circuit***. Plaintiffs withdraw their unjustifiable 41-state consumer protection statute class, citing no supporting authority.[8] Opp., PageID.4157-58. So, the 41-state class should be struck. Nor can

---

[6] *See Rivers of Life*, 2022 WL 17261845, *4-5 (distinguishing out-of-Circuit cases in light of 6th Cir. law); *Chapman v. GM*, 2024 WL 698789, *9-10 (E.D. Mich. 2024) (same); *Snowdy v. Mercedes-Benz*, 2024 WL 1366446, *7 & n.1 (D.N.J. 2024) (same, based on *Neale* (3d Cir.), a twin to *Fox* on this point).

[7] Opp., PageID.4155-56 & n.13 (**Droesser**, **Walton**, **Johnson**, all pre-*Fox*, do not require standing for each claim, Judge Berg changed mind post-*Fox*, 696 F. Supp. 3d 359; **Gen. Changers**, **Fisher**, **Tapply** misread or ignore *Fox* for non-Circuit law).

[8] Plaintiffs' cases are all distinguishable. *See* Opp., PageID.4158 n.15 (**Benson (N.D. Ill)**, **Mullins (N.D. Ill.), Suchanek (S.D. Ill.),** 10 or fewer states, 7th Cir. law; **In re Pork (D. Minn.)**, off-base "antitrust context"; **Hanlon (9th Cir.)**, settlement class; **Kirkbride (S.D. Ohio)**, no consumer protection statutory claims).

4

Plaintiffs default to a vague formulation of "substantially similar" states, FAC ¶ 541, without naming any statutes or states. Plaintiffs ignore Appx. A, hide what statutes they invoke, and offer no "workable groups," dooming their classes. *Colley*, 2016 WL 5791658, *7. Even their case, *Coleman*, requires a "list [of] states" with "materially identical" statutes, missing here. 2023 WL 5507730, *3 (S.D. Fla. 2023) (PageID.4157). Contrary to Plaintiffs' rhetoric, Opp., PageID.4158, FDUTPA is "unique," and UWM cites caselaw that agrees, Mot., PageID.3859-61 & n.5; Appx. A.[9] Tellingly, Plaintiffs do not argue any other state's statute is substantially similar to Florida's. On the few issues they discuss, Plaintiffs concede variation. Opp., PageID.4159 (noting three different reliance standards); ECF 36, PageID.2126-30 (same). None of Plaintiffs' other arguments, Opp., PageID.4159-60 & n.17, erase the many layers of variation shown in Appx. A and acknowledged by federal courts barring multi-state classes. After all, "[i]f more than a few of the laws … differ," the compounding complexity creates "an impossible task." *Pilgrim*, 660 F.3d at 948. There is no reason to delay. Plaintiffs identify no discovery that could standardize the unique laws of various states or alter this "legal determination." *Id.* at 949.

**V.** ***Plaintiffs do not deny FDUTPA requires an "in the same circumstances" analysis*** or that courts separate out uniform and individual representation cases and

---

[9] After vacating 26 state-wide subclasses because the "district court … ignore[d] slight variations across state law," *Speerly* mentioned that six states have ***one issue*** potentially in common. 143 F.4th at 322; Opp., PageID.4159 (listing those states). Appx. A reveals more than "slight" legal variations across many other issues.

5

consistently reject class treatment of the latter. *Cf.* Mot., PageID.3862-63, *with* Opp., PageID.4149-50 (no response).[10] Plaintiffs say courts certify FDUTPA classes, but cite only uniform representation cases,[11] confirming UWM's analysis and leaving no precedent for a class where each class member was "deceived by their broker[]." FAC ¶ 544. As the Court said, "[a]s alleged, … the false representations … originated from the brokers, **_not_** UWM." ECF 62, PageID.3734.

Plaintiffs suggest that because they target UWM conduct generally, it is "immaterial" if "some class members … relied on additional false statements from brokers" and others were not "directly impacted" by any UWM statement. Opp., PageID.4151. Both points are wrong. The circumstances are too individualized for class treatment precisely because of the allegations that class members all "relied on" unique interactions with brokers. FAC ¶ 546; Mot., PageID.3863 n.9. And this is not a label case or a uniform sticker case like *Carriuolo*, so whether each person "actually received" any allegedly uniform UWM materials is another individualized question foreclosing any class. *Cohen v. Implant Innovs.*, 259 F.R.D. 617, 628 (S.D. Fla. 2008); *In re Ford*, 2012 WL 379944, *30 (D.N.J. 2012) (varying "exposure"); *Perisic v. Ashley Furn.*, 2018 WL 3391359, *6 (M.D. Fla. 2018) (same).

---

[10] UWM makes no "reliance" argument. Opp., PageID.4151-52. *Speerly* says FDUTPA does not require reliance but does not discuss this "in the circumstances" element. 143 F.4th at 332.

[11] Opp., PageID.4149-50 (*Cox*, "same misrepresentations to the entire class"; *Bowe*, "same alleged misrepresentations … made in the same manner to every class member"; *Fitzpatrick*, uniform packaging; *Carriuolo*, "same [misleading] sticker").

6

Plaintiffs lastly say the Wholesale Broker Agreement might be "unfair," but "unfairness" is not considered "in a vacuum" and still looks to "individualized facts [in a] transaction" and bars a class when "interactions" with "sales representatives" were "unique." *Townhouse Rest. v. NuCO2*, 2021 WL 230021, *2 (S.D. Fla. 2021). Plaintiffs cite no case to the contrary. Opp., PageID.4152 (non-class actions, *State Farm & PNR*); *cf. Porsche Cars v. Diamond*, 140 So. 3d 1090, 1098 (Fla. Dist. Ct. App. 2014) (*PNR* outdated). Individualized broker circumstances, like those here, still bar class treatment even with a uniform contract.[12] Plaintiffs cannot deny they pled "oral misrepresentation[s]" and other broker-focused circumstances embedded in every interaction. *Cf.* Opp. 16 n.10., *with* FAC ¶¶ 252, 307. Nor do Plaintiffs dispute their broker-specific agreements and social media interactions, illustrating in concrete terms the individualization alleged in each claim. Mot., PageID.6864-65. Such an individual circumstances class cannot be certified. *Miami Auto.*, 97 So. 3d at 857; *In re Motions*, 715 F. Supp. 2d at 1282-83.

| | |
|---|---|
| Dated: December 16, 2025 | Respectfully submitted,<br>*/s/ Jeffrey J. Jones*<br>Jeffrey J. Jones (P80231)<br>JONES DAY<br>150 W. Jefferson Ave., Suite 2100<br>Detroit, MI 48226<br>(313) 733-3939<br>jjjones@jonesday.com |

---

[12] *Miami Auto. v. Baldwin*, 97 So. 3d 846, 858 (Fla. Dist. Ct. App. 2012) (uniform contract but claim looked to "interactions with specific plaintiffs"); *Pop's Pancakes v. NuCO2*, 251 F.R.D. 677, 683 (S.D. Fla. 2008) (uniform invoice); *In re Motions to Certify*, 715 F. Supp. 2d 1265, 1270, 1281 (S.D. Fla. 2010) (uniform practices).

7

| | |
|---|---|
| Rebekah B. Kcehowski<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>(412) 391-3939<br>rbkcehowski@jonesday.com | Stephen J. Cowen (P82688)<br>Amanda K. Rice (P80460)<br>Andrew J. Clopton (P80315)<br>JONES DAY<br>150 W. Jefferson Ave., Suite 2100<br>Detroit, MI 48226<br>(313) 733-3939<br>scowen@jonesday.com<br>arice@jonesday.com<br>aclopton@jonesday.com<br><br>*Counsel for Defendant* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

*/s/ Jeffrey J. Jones*
Jeffrey J. Jones (P80231)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com

*Counsel for Defendant*