UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN P. WEATHERILL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED WHOLESALE MORTGAGE, LLC,<br><br>*Defendant.* | Case No. 2:24-cv-10853-BRM-DRG<br><br>Hon. Brandy R. McMillion,<br>United States District Judge<br><br>Hon. David R. Grand,<br>Magistrate Judge |

## **DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant United Wholesale Mortgage, LLC ("UWM") hereby provides notice of new authority on one issue relating to UWM's Renewed Motion to Strike that UWM previously noted was pending before the Sixth Circuit. *See* ECF No. 65 ("Br.") at PageID.3855 & n.2. The Sixth Circuit has now published its decision, which is attached hereto as Exhibit A. *See Generation Changers Church v. Church Mut. Ins. Co.*, No. 24-5700, 2026 WL 497220 (6th Cir. Feb. 23, 2026).

In its decision, under the facts presented, the Court declined to hold that the named plaintiff lacked Article III standing for out-of-state claims, as UWM had argued. *Id.* at *4 (calling that approach an issue of "statutory standing," rather than Article III standing); Br. at PageID.3855–58. Instead, the Court focused the Article

1

III standing inquiry on whether "material distinction[s] exist[ed] between [a named plaintiff's] claims and the class claims." 2026 WL 497220 at *4.[1]

Separately, the Court analyzed material variations in state law under *Erie*, as previously briefed. *See id.* at *5-7; *see also* Br. at PageID.3858–61. The Court vacated and remanded the District Court's *Erie* analysis as to four states. The Court affirmed denial of a Vermont class because plaintiff failed to prove that Vermont law did not "materially diverge" on an issue of law. *See* 2026 WL 497220 at *5-7.

UWM would be happy to provide additional briefing on this matter for the Court if helpful and may further address this decision and its implications at an appropriate time, but wanted to bring this decision to the Court's attention.

---

[1] The Court declined to resolve an open question in this Circuit about whether arguments about "variation between a named plaintiff's claims and the putative class's claims" should be analyzed under Article III standing (the "standing approach") or Fed. R. Civ. P. 23 (the "class certification approach"). 2026 WL 497220 at *3 & n.2 (marks omitted).

Dated:  March 6, 2026

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

Respectfully submitted,

<u>/s/ Jeffrey J. Jones</u>
Jeffrey J. Jones (P80231)
Stephen J. Cowen (P82688)
Amanda K. Rice (P80460)
Andrew J. Clopton (P80315)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com
scowen@jonesday.com
arice@jonesday.com
aclopton@jonesday.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

*/s/ Jeffrey J. Jones*
Jeffrey J. Jones (P80231)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com

*Counsel for Defendant*
