**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| BRIAN P. WEATHERILL, *et al.*,<br><br>　　　　　　　　*Plaintiffs*,<br><br>v.<br><br>UNITED WHOLESALE<br>MORTGAGE, LLC,<br><br>　　　　　　　　*Defendant.* | Case No. 2:24-cv-10853-BRM-DRG<br><br>Hon. Brandy R. McMillion,<br>United States District Judge<br><br>Hon. David R. Grand,<br>Magistrate Judge |

## <u>DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Defendant United Wholesale Mortgage, LLC ("UWM") hereby provides notice of new authority relating to UWM's Renewed Motion to Strike Class Allegations ("Motion"). *See* ECF No. 65 ("Br."). Attached as Exhibit A is the Sixth Circuit's recent *en banc* opinion in *Clippinger v. State Farm Automobile Insurance Co.*, No. 24-5421, 2026 WL 1113480 (6th Cir. Apr. 24, 2026).

In *Clippinger*, the court sitting *en banc* vacated a panel decision affirming class certification and reversed the district court's order certifying a class. *Id.* at *1, *4. The plaintiff challenged State Farm's use of a "typical-negotiation adjustment" in calculating the "actual cash value (that is, fair market value)" of totaled vehicles. *Id.* at *8. The district court found that the class members' injuries could be identified using a "simple mathematical equation" rather than requiring "vehicle-specific

1

evidence." *Id*. at *3. The *en banc* court held that calculating fair market value required vehicle-specific evidence and "'mini trials as to each' class member" so "individualized questions will predominate over common ones." *Id*. at *12.

*Clippinger* is relevant to UWM's Motion, which argues that RESPA's safe harbor requires individual, transaction-specific analysis of whether services actually performed by a broker were reasonably related to the compensation provided. Br. at PageID.3849–53. The *Clippinger* court addressed a comparable question regarding such individualized inquiries. The court held:

- "[O]ne question 'likely will dominate' these common ones: What was the actual cash value (that is, fair market value) of each class member's vehicle? . . . [A] jury would have to identify this value for each class member before it could resolve the breach and damages elements of that member's claim. And this valuation analysis will require a fact-intensive review." *Id.* at *8.

- "A jury would have to study the 'unique characteristics' of each used car . . . . It would [] have to consider unique evidence to determine each car's value. It would then have to compare this estimate to the amount that State Farm paid," requiring "'individual proof' on a 'plaintiff-by-plaintiff' basis." *Id.* at *9.

*Clippinger* also addressed the principle that courts may not restrict a defendant's individualized defenses to achieve class certification, which is relevant to UWM's RESPA safe harbor argument in Reply. ECF No. 69 at PageID.4168–69 (Plaintiffs "cite no authority segmenting out some services from others to make the safe harbor inapplicable"). Here, *Clippinger* held:

- "Courts thus may not meet the predominance element by barring a defendant from raising unique statutory or contractual 'defenses to individual claims.'" *Id*. at *10.

2

- "[A] district court flouts the Rules Enabling Act if it seeks to make a class action more manageable by 'replac[ing]' the claim-by-claim proceedings required by 'individualized' defenses with a 'Trial by Formula' approach." *Id.*

- "State Farm would have the contractual and regulatory right to introduce myriad evidence . . . to convince a jury that it paid a class member actual cash value despite its use of the typical-negotiation adjustment. . . . But the district court's approach for calculating damages—limiting the valuation evidence to the pre-litigation [] Reports—would wrongly bar State Farm from invoking these rights." *Id.*

UWM respectfully submits this notice for the Court's consideration in connection with UWM's Motion.

Dated:  May 14, 2026

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

Respectfully submitted,

*/s/ Jeffrey J. Jones*
Jeffrey J. Jones (P80231)
Stephen J. Cowen (P82688)
Amanda K. Rice (P80460)
Andrew J. Clopton (P80315)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com
scowen@jonesday.com
arice@jonesday.com
aclopton@jonesday.com

*Counsel for Defendant*

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

/s/ Jeffrey J. Jones
Jeffrey J. Jones (P80231)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
jjjones@jonesday.com

*Counsel for Defendant*