**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIAN P. WEATHERILL, *et al.*,
*on behalf of themselves and all*
*others similarly situated*

                Plaintiffs,          Case No. 2:24-cv-10853

v.                          Hon. Brandy R. McMillion
                                 United States District Judge

UNITED WHOLESALE
MORTGAGE, LLC,

                Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS'**
**MOTION FOR RECONSIDERATION (ECF NO. 64)**

Pursuant to Local Rule 7.1(h), Plaintiffs Brian P. Weatherill, Jill Jefferies,

Daniel Singh, as well as former Plaintiffs Therisa D. Escue, Billy R. Escue, Kim

Schelbe, and Kenneth C. Morandi (collectively, "Plaintiffs")[1] seek partial

reconsideration of the Court's Opinion Granting in Part and Denying in Part

Defendant's[2] Motion to Dismiss on Counts I, II, IV, and V. *See* ECF No. 64; *Escue*

*v. United Wholesale Mortg.*, No. 2:24-cv-10853, 2025 WL 2807314 (E.D. Mich.

---

[1] The Court notes the former plaintiffs are only included in this order because it concerns the Order of Dismissal (ECF No. 62).

[2] This case was originally filed against United Wholesale Mortgage, LLC, Mathew R. Ishbia, SFS Holding Corporation, and UWM Holdings Corporation. *See* ECF No. 21. After partially granting Defendants' Motion to Dismiss, only United Wholesale Mortgage, LLC remains as the defendant.

1

Sept. 30, 2025).    For the reasons stated in this Opinion, the Motion for Reconsideration (ECF No. 64) is **DENIED**.

## I.

The Eastern District of Michigan Local Rule 7.1(h)(2) governs reconsideration request of interlocutory orders of the Court.  *See* E.D. Mich. LR 7.1(h); *Roe v. Ford Motor Co.*, 439 F. Supp. 3d 922, 925 (E.D. Mich. 2020) (citation omitted).  Although disfavored, "a party seeking reconsideration" for a mistake or misapplication of law "must show that the district court clearly erred, that the court's initial decision will change if the clear error is corrected, and that the error was based on the law and record as it stood when the district court made its initial decision." *See* E.D. Mich. LR 7.1(h)(2)(A); *Roe*, 439 F. Supp. 3d at 926.  The request may also be brought if the movant can identify that an intervening change in controlling law warrants a different disposition; or new facts warrant a different outcome and the facts could not have been discovered with reasonable diligence before the prior decision.  *See* E.D. Mich. LR 7.1(h)(2)(B),(C).

Although broader than its Rule 59(e) counterpart, a motion for reconsideration pursuant to the local rule is not intended as a method to allow a losing party to rehash rejected arguments or to introduce new arguments.  *See Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Sch.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).    New arguments raised for the first time on reconsideration are

considered forfeited, and old arguments re-presented will not suffice. *Id.* (citing *United States v. Huntington Nat'l Bank*, 547 F.3d 329, 331-32 (6th Cir. 2009)).  If the movant fails to clear this burden, denial is appropriate.

## II.

Plaintiffs argue the Court erred in dismissing Counts I and II, *see* ECF No. 64, PageID.3806-3822, and that reconsideration is warranted to instead dismiss without prejudice to allow an opportunity to amend the complaint, *see id.* at PageID.3822-3824.  Plaintiffs also note that because of overlapping allegations for Counts IV and V, those counts also warrant reconsideration. *See id.* at PageID.3800, n.2.  The Court finds otherwise.

## A.    DISMISSAL FOR LACK OF PROXIMATE CAUSE

As stated in the Court's Opinion, the injury in the Complaint centered on borrowers being "misled into believing that the brokers are 'independent' and that they will 'shop for the best loan.'" *See Escue*, 2025 WL 2807314, at *13; ECF No. 62, PageID.3733, n.7 (collecting citations within the Amended Complaint). Plaintiffs blamed UWM and packaged the ordeal under Counts I and II for a RICO violation and RICO conspiracy.  ECF No. 21, PageID.547, 570.  But Plaintiff's overlooked proximate cause, which is a required element for a viable RICO violation. *See Grow Mich. LLC v. LT Lender, LLC,* 50 F.4th 587, 594 (6th Cir. 2022).

The Court found Counts I and II failed because of a lack of proximate cause between the Plaintiffs' harm and UWM's conduct. *See Escue*, 2025 WL 2807314,

3

at *14; ECF No. 62, PageID.3750.  Seeking reconsideration, Plaintiffs argue the Court erred in finding the brokers', not UWM's, conduct to be the proximate cause of plaintiffs' injury.  *See* ECF No. 64, PageID.3806 (citing ECF No. 62, PageID.3734).

Other than citing new cases, Plaintiff's argument still fails to address a key element to the Court's proximate cause analysis: that UWM's conduct, if any, was too far attenuated from the Plaintiffs' injuries.  Out of 249 pages in the Amended Complaint, Plaintiffs failed to plead conduct required for proximate cause from UWM that is directly relational to "the injury asserted and the injurious conduct alleged."  *See Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010) (citing *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992)).

In the Opinion, the Court highlighted how Plaintiffs argued UWM's conduct was the direct cause of harm, while attributing the brokers representations as the reason they obtained their loans. *See Escue*, 2025 WL 2807314, at *13.  Plaintiffs now assert that because the Court highlighted the brokers misrepresentations were the proximate cause of their injuries, and they were "deceived directly by the fraudulent scheme" the brokers and UWM engaged in, proximate cause has been satisfied.  ECF No. 64, PageID.3801.  Not so.  As a matter of law, the scheme alone is insufficient to establish a direct relation from the Plaintiff's injuries to UWM's conduct.  *See, e.g.*, *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 560 (6th Cir. 2022).  The scheme is "purely contingent" on the broker's conduct.  *See Hemi*, 559

U.S. at 9.  Without that, many of Plaintiffs allegations are akin to "assertions of []

unfair competitive [market] advantage[s]" rather than being defrauded into loan

transactions.  *Id.* at 559 (alteration in original); *Escue*, 2025 WL 2807314, at *13

(citing ECF No. 21, PageID.395-532); *see also* ECF No. 21, PageID.551 ("UMW

sold more loans and received more profit that it would have otherwise had and

gained market share[.]").   And despite the claim "that proximate cause was

adequately alleged[,]" *see* ECF No. 64, PageID.3807, Plaintiffs' fail to highlight or

raise examples for support within the Complaint in light of the Court's Opinion.

Moreover, Plaintiffs ignore their own assertion – "[p]roximate causation does

not require direct interaction between the Plaintiffs and UWM at all, as long as the

enterprise's collective scheme ***directly caused*** the injury (which it did here)."  ECF

No. 64, PageID.3802 (emphasis added).  And as for "misleading" or "with[held]

information," *see* ECF No. 21, PageID.548, Plaintiffs also represented UWM went

public about the success of the Ultimatum agreement.  *See* ECF No. 21, PageID.431,

n.70.  The Court is not asserting that the proximate cause analysis fails because of

lack of direct *interaction* with UWM; it fails because of direct *causation* between

the brokers' choice to enter an agreement with UWM led to the Plaintiff's injury of

being defrauded into loans they choose to enter.

And as the Court previously held, "*Wallace* cannot fairly be read to alter the

settle rule that a claim under § 1962(c) requires a direct causal connection between

the *defendant's predicate acts* and the plaintiff's injuries."  *See Kerrigan v. ViSalus,*

*Inc.*, 112 F. Supp. 3d 580, 608 (E.D. Mich. 2015) (citing *Wallace v. Midwest Fin. & Mortg. Servs., Inc.*, 714 F.3d 414, 420 (6th Cir. 2013)). As alleged in the Complaint, it is the acts of the brokers, not that of UWM, that has a direct cause to Plaintiffs securing the loans that they did.[3] The law is clear; civil RICO plaintiffs must show that a RICO predicate offence "was the proximate cause[.]" *See Hemi*, 559 U.S. at 9. Proximate cause links that are "'too remote,'" or "'indirec[t]'" are insufficient. *Id.* Plaintiffs have alleged as least eight other steps that occurred before injury was sustained. *See, e.g.*, ECF No. 21, PageID.559, ¶365; *see Hemi*, 559 U.S. at 10. "Whenever [a] plaintiff's theory requires moving 'well beyond the first step,' it 'cannot meet RICO's direct relationship requirement.'" *See Medical Marijuana, Inc. v. Horn*, 604 U.S. 593, 612 (2025).

While Plaintiffs cite to several cases for the proposition that a fraudulent scheme can form the basis of proximate causation, it does not overcome the legal defect in their claims. *See* ECF No. 64, PageID.3807-3808. The problem with Plaintiffs' assertion that the brokers and UWM's agreement to operate in the way in which they did is the fraudulent scheme that cause Plaintiffs injury is that the "All-In Agreement" has been upheld by Courts as a valid agreement. *See United Wholesale Mortg., LLC v. Kevron Inv., Inc.*, No. 2:22-cv-10395, 2025 WL 968895,

---

[3] As further support, Plaintiffs' Amended Complaint highlights that proximate causation is attributed to the brokers actions and not UWM. The Amended Complaint explains that one of the loans given to a named Plaintiff was more expensive because of how *the broker* structured the loan. *See, e.g.*, ECF No. 21, PageID.495 ("[B]ecause Elkins structed the Escues' loan . . . . [it was] subject to an additional price increase, making their loan even more expensive.").

at *6 (E.D. Mich. Mar. 31, 2025) (discussing how the contract terms are consistent in specifying that a broker is not required to submit any mortgage loan application to UWM at all and that either part may terminate the agreement at any time).

The mere association of UWM to the brokers does not establish conduct that is the substantial and foreseeable cause of the Plaintiffs' harm. That holds, notwithstanding the Courts finding that the Plaintiff sufficiently alleged an association-in-fact. But simply because the parties' relationship constitutes an association-in-fact does not excuse Plaintiff's burden of pleading proximate causation. *See, e.g.*, *City of Cleveland v. Ameriquest Mort. Secs., Inc.*, 615 F.3d 496, 504-06 (6th Cir. 2010) (affirming dismissal of complaint because "the connection between the alleged harm and the alleged misconduct [wa]s too indirect to warrant recovery"). The acts as alleged that UWM took to perpetuate this scheme (creating the marketing, the All-In agreement, the search engines, the broker incentives) are steps removed from the ***broker*** offering a loan which is alleged to have caused Plaintiffs injury. And the brokers are not defendants in this suit. Disagreement with the Court's order is not a proper basis for reconsideration. *See Smith v. Mount Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). Consequently, the Court finds no error in its prior ruling.

The analysis of the Court's Opinion on the Motion to Dismiss could have stopped there, but for the sake of completeness, the Court continued to address the remaining merits raised in Defendants Motion, notably whether relevant predicate

acts had been pleaded, and whether the economic loss doctrine barred Plaintiffs RICO claims. *See Escue*, 2025 WL 2807314, at \*15-19; ECF No. 62, PageID.3737-3749. Plaintiffs' argument for reconsideration on those claims will not affect the merits of the chief problem in the Amended Complaint, a lack of proximate causation. *See Escue*, 2025 WL 2807314, at \*14; ECF No. 62, PageID.3734. So those arguments also fail to warrant reconsideration.[4] Therefore, the Motion is Denied as to Counts I, II, IV, and V.

**B.     REQUEST TO AMEND COMPLAINT**

The Court is unpersuaded by Plaintiffs' argument that the Court's dismissal should be "without prejudice." *See* ECF No. 64, PageID.3822-3823. Where claims fail as a matter of law they are dismissed with prejudice. *Song v. City of Elyria*, 985 F.2d 840, 843 (6th Cir. 1993). Here, all of the counts dismissed by the Court failed as a matter of law. This was not a case where correcting factual defects could cure

---

[4] *Predicate Acts*: The Court will note that Plaintiffs ignore that their own complaint sets forth facts that belie their claim that UWM acted with an intent to defraud. The Complaint specifically alleges facts against **the brokers** and misrepresentations they made directly to Plaintiffs, but notably they are not sued here. Nonetheless, Plaintiffs argue that there are a myriad of facts in the Complaint that the Court failed to consider in "inferring the intent" of UWM. First, the Court notes that saying the same thing many different ways does not change the fact itself. For example, the Court found that the Complaint alleges that UWM falsely represented that the brokers were independent, which is the fact at issue. That Plaintiffs repeat this many times does require the Court to infer anything differently. The Complaint *also* alleges that UWM publicly announced its association with the brokers. *See* ECF No. 21, PageID.431, 452-453. Perhaps if the Complaint did not allege this fact, the Court would be willing to reconsidered. But even when viewing the facts in the light most favorable to Plaintiffs, the Court cannot plausibly infer that UWM acted with the intent to defraud or to conceal its actions, when the Complaint alleges that they publicly announced their agreement with the brokers.

*Economic Loss*: The Court will also note the Court agrees that the economic loss doctrine in California has exception for "fraudulent inducement claims." ECF No. 64, PageID.3821. However, Plaintiffs fail to assert a fraudulent inducement claim under California law.

dismissal.  In fact, the parties stipulated to allow Plaintiffs the opportunity to fix their factual defects.  *See* ECF No. 20.  Presumably, Plaintiffs did just that when they filed the Amended Complaint.  *See* ECF No. 21.  A motion for reconsideration therefore is not a proper vehicle to request amendment, *see Stenberg v. Corizon Health, Inc.*, No. 2:20-cv-10674, 2022 WL 3204517, at *2 (E.D. Mich. Aug. 8, 2022), especially when the complaint has already been amended as a matter of course.

Federal Rule 15 allows a party to amend its pleadings once as a matter of course, but subsequent amendments are allowed only with "the opposing party's written consent or the court's leave."  *See* Fed. R. Civ. P. 15(a)(1), (2).  Leave to amend may be appropriately denied "when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment[.]'"  *See Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Because Plaintiffs were given the opportunity to allege all facts that needed to be alleged prior to Defendants' second motion to dismiss, to allow amendment would certainly be prejudicial to the Defendants. The Sixth Circuit has held that denial of further leave is proper where a plaintiff fails to cure defects after amendment.  *See PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004).  Plaintiffs are not entitled to an advisory opinion followed by additional attempts to get it right.  *Begala*

*v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000). Plaintiffs were afforded the opportunity to amend as a matter of course and they simply failed to cure the defects.

Moreover, amendment would be futile. Plaintiff presents nothing to the Court to suggest that it can in any way address the proximate cause deficiency, nor that there is anything that was not known to the Plaintiff when the Complaint was filed, even after amendment. Plaintiffs were put on notice that their claims failed to prove proximate cause, *see* ECF No. 16, PageID.200, and chose not to address that in their Amended Complaint.[5] Because those claims failed as a matter of law, they should have been dismissed with prejudice. Consequently, Plaintiffs have failed to persuade the Court to reconsider its dismissal of the claims with prejudice.

### III.

Accordingly, the Motion for Reconsideration of Counts I, II, IV, and V (ECF No. 64) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 20, 2026                                   s/Brandy R. McMillion
      Detroit, Michigan                              HON. BRANDY R. MCMILLION
                                                  United States District Judge

---

[5] The *Newberry* case that Plaintiffs cite in support of their request is inapposite. There, the Court found a legitimate reason for allowing amendment to the complaint, as the claim that was subject to a statute of limitation dismissal could be amended to include facts that would allow it to be brought under an entirely different theory not subject to the limitations period. *See Newberry v. Silverman*, 789 F.3d 636, 645-46 (6th Cir. 2015). There, justice clearly required amendment. *See id.* at 645 (discussing how the district erred in concluding the fraud claim was a "dental claim" and therefore time-barred under Ohio law regardless of how well it was pled). That's not the case here.