**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIAN P. WEATHERILL, *et al.*,

                    Plaintiffs,              Case No. 2:24-cv-10853

v.                                     Hon. Brandy R. McMillion
                                     United States District Judge

UNITED WHOLESALE
MORTGAGE, LLC,

                    Defendant.

_____/

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION TO STRIKE CLASS ALLEGATIONS (ECF NO. 65)

Defendant United Wholesale Mortgage ("UWM") seeks to strike the class allegations in Plaintiffs Brian P. Weatherill, Jill Jefferies ("Jefferies"), and Daniel Singh's ("Singh") (collectively, "Plaintiffs") Amended Complaint pursuant to Federal Rules of Civil Procedure 12(f), Rule 23(c)(1), and Rule 23(d)(1)(D). *See* ECF No. 65. The Court granted leave to refile the Motion after issuing an Order dismissing several counts within the Complaint. *See* ECF No. 62. Two claims remain: Count III for a violation for the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2607(a), (b), on behalf of Jefferies and Singh, and Count XI for a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 500.204, *et seq.*, on behalf of all Plaintiffs.

1

UWM argues the allegations are "fundamentally unfit for class treatment" as a matter of law and should be stricken "at the outset." *See* ECF No. 65, PageID.3843. The Motion is fully briefed. *See* ECF Nos. 68, 69.[1] In lieu of holding a hearing, the Court will rule based on the record before it. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth in this Opinion, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Strike the Class Allegations.

## I.

Federal Rule 23 requires a court decide "at an early practicable time" whether to certify a case as a class action to "forecast how the" litigation will proceed. *See* Fed. R. Civ. P. 23(c)(1)(A); *Fox v. Saginaw Cnty.*, 67 F.4th 284, 302 (6th Cir. 2023). Class certification requires satisfying the four elements under Rule 23(a), and at least one of the three class classifications under Rule 23(b). *See Pilgrim v. Universal*

---

[1] Subsequent to full briefing and while a decision was pending from the Court, UWM filed two Notices of Supplemental Authority on two recent Sixth Circuit decisions: *Generation Changers Church v. Church Mut. Ins. Co.*, 168 F.4th 354 (6th Cir. 2026) and *Clippinger v. State Farm Auto. Ins. Co.*, 173 F.4th 817 (6th Cir. 2026). *See* ECF Nos. 70, 71. While both notices offered "additional authority relevant to the Court's decision," *see Dino Drop, Inc. v. Cincinnati Ins. Co.*, 544 F. Supp. 3d, 789, 804 (E.D. Mich. 2021), UWM's Notice for *Clippinger* advanced new legal arguments. *See* ECF No. 71. In response, Plaintiffs filed a Motion for Leave to Inform the Court, in which they offered their own analysis of the Sixth Circuit's opinions and addressed UWM's arguments. That Motion is also now fully briefed. *See* ECF Nos. 72, 73, 74. UWM's and Plaintiff's actions were improper. While a Notice of Supplemental Authority may be justified for good cause, such a Notice is not a vehicle for additional briefing without leave of the Court. *Compare Carre v. Nutton*, No. 2:25-cv-11628, 2025 WL 3637144, at *1 (E.D. Mich. Dec. 15, 2025), *with Fayad v. Liberty Mut. Ins. Co.*, No. 2:25-cv-10930, 2026 WL 565312, at *1 (E.D. Mich. Feb. 27, 2026) (citing *Dino*, 544 F. Supp. 3d at 804); *accord In re Scotts Miracle-Gro Co. Sec. Litig.*, ---F. Supp. 3d----, No. 2:24-cv-03132, 2026 WL 1094854, at *11 (S.D. Ohio Apr. 22, 2026). Therefore, the argumentative portions of UWM's notice (ECF No. 71), Plaintiffs responsive Motion (ECF No. 72), and the additional briefing from both parties addressing the substance of *Clippinger* and UWM's actions (ECF Nos. 73, 74) are hereby **STRICKEN**.

*Health Card, LLC*, 660 F.3d 943, 945-46 (6th Cir. 2011).  A court has broad discretion regarding when to make that determination.  *See Pickett v. City of Cleveland, Ohio*, 140 F. 4th 300, 307 (6th Cir. 2025) (citing *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013)).  However, that determination must be made through an analysis of each element of the rule.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011).

Under Rule 12(f), "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Although disfavored and not frequently granted, "[a] court may strike class action allegations before a motion for class certification where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."  *Compare, e.g.*, *Operating Engineers Loc. 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015), *with Pilgram*, 660 F.3d at 945.  "But this is a high bar[;] pre-discovery motions to strike class allegations are granted only where it is impossible to certify the *defined* class no matter how much discovery occurs."  *Carr v. Credit Acceptance Corp.*, No. 2:25-cv-10985, 2026 WL 297212, at *4 (E.D. Mich. Feb. 4, 2026) (emphasis added) (citing *Hubble v. loanDepot.com*, 826 F. Supp. 3d 892, 896 (E.D. Mich. 2025)).

While plaintiff bears the burden of proving the elements for certification are satisfied, a party seeking to strike the class allegations has the burden of

3

demonstrating from the face of the complaint the class cannot be certified as alleged, regardless of the facts that may be proven. *Compare In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996), *with Fishon v. Mars Petcare US, Inc.*, 501 F. Supp. 3d 555, 575 (M.D. Tenn. 2020).

## II.

Plaintiffs' Amended Complaint lays out the class allegations in detail. *See* ECF No. 21, PageID.541-547. The Court notes the some of the State/Multi-State Subclass allegations relate to dismissed claims. *Compare* ECF No. 21, PageID.536, ¶329 (Aiding and Abetting Breach of Fiduciary Duty), PageID.537, ¶330 (Civil Conspiracy), PageID.539, ¶331 (Unjust Enrichment), PageID.540-541, ¶332 (Table F - listing California, North Carolina, and Tennessee), PageID.542, ¶ 338 (a), (b), (m), (p), (q) (Predominance allegations concerning the same claims), *with Escue v. United Wholesale Mortgage, LLC*, No. 2:24-cv-10853, 2025 WL 2807314, at *24-*27, *29-*30 (E.D. Mich. Sept. 30, 2025).

Those allegations would be "immaterial" and "fundamentally unfit for class treatment." *See* ECF No. 65, PageID.3843; Fed. R. Civ. P. 12(f)(1). Therefore, pursuant to Federal Rule 12(f)(1), the class allegations concerning those claims, *see* ECF No. 21, PageID.536, ¶329, PageID.537, ¶330, PageID.539, ¶331, PageID.540-541, ¶332 (Table F - listing California, North Carolina, and Tennessee), PageID.542,

¶ 338 (a), (b), (m), (p), (q), shall be stricken from the Complaint.  Consequently, UWM's Renewed Motion to Strike is **GRANTED** as it concerns those allegations.

\* \* \* \*

Turning to the remaining merits of the Motion, Plaintiffs defined a nationwide class for the RESPA claim to include:

> [a]ll person in the United States with claims arising within the applicable statute of limitation, as tolled, who obtained a UMW mortgage from March 15, 2021 through the present ("the Class Period") that was originated by a mortgage broker who (a) at the time the mortgage was originated, was subject to UWM's Wholesale Broker Agreement, and (b) who during the Class Period both: (i) referred 75% or more of his or her mortgage loans to UWM; and (ii) originated at least 5 separate loans with UWM, or if not, is employed by a brokerage firm the refers at least 75% of its mortgage loans to UWM.

ECF No. 21, PageID.535-536.  For the FDUTPA claim, the State Consumer Protection law subclasses encompassing 38 states[2] includes:

> [a]ll persons in the states set forth in Table F below who obtained a UWM mortgage loan in the State(s) of _____ ([*e.g.*], Tennessee) from March 15, 2021 through the present ("the Class Period") that was originated by a mortgage broker who (a) at the time the mortgage was originated, was subject to UWM's Wholesale Broker Agreement, and (b) who during the Class Period both: (i) referred 75% or more of his or her mortgage loans to UWM; and (ii) originated at least 5

---

[2] The Court notes that Defendant asserts that Plaintiff is seeking certification of 41 states in its multi-state class as identified in Table F to its First Amended Complaint (*see* ECF No. 65, PageID.3860-3861); but the Court has already determined that consumer protection claims under California, North Carolina, and Tennessee law are barred (*see* ECF No. 62, PageID.3762-74), so at issue is truly only 37 other states, plus Florida.

> separate loans with UWM, or if not, is employed by a brokerage firm that refers at least 75% of its mortgage loans to UWM.

*See* ECF No. 21, PageID.540.

Plaintiffs rely on Rules 23(a), 23(b)(2) and (b)(3), 23(c)(4) and (c)(5) for the proposed state consumer protection subclass.  *See* ECF No. 21, PageID.535, 540. Under Rule 23(a), Plaintiffs must show numerosity, typicality, commonality, and adequacy of the representation to certify a class.  *See Speerly v. Gen. Motors, LLC*, 143 F.4th 306, 316 (6th Cir. 2025).  Rule 23(b)(2) classes must also be *cohesive.  See Romberio v. UnumProvident Corp.*, 385 F. App'x 423, 429 (6th Cir. 2009).  And Rule 23(b)(3) and (c)(4) classes require a showing of *predominance* and *superiority*.  *See Clippinger v. State Farm Auto. Ins. Co.*, 173 F.4th 817, 826 (6th Cir. 2026); *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 464 (6th Cir. 2020); *Martin v. Behr Dayton Thermal Prods. LLC*, 896 F.3d 405, 413 (6th Cir. 2018).  Under each of these rules, when deciding whether "the requirements of Rule 23 have been met," the Court must undertake a "rigorous analysis."  *In re Whirlpool*, 722 F.3d at 851.

UWM argues the class allegations should be stricken because (i) both Plaintiffs' RESPA and state-wide FDUTPA allegations require an individualized analysis that bars class treatment; and (ii) Plaintiffs lack standing to pursue a multi-state class on the FDUTPA claim and further, there are broad legal variations in each

6

potential state's consumer protection law which negates certification of a multi-state class. *See* ECF No. 65, PageID.3849-3867.

The Court will first consider the standing argument, as it provides a threshold issue that the Court should address before reaching the merits of any of the remaining arguments. *See Fox*, 67 F.4th at 296-97.

## A. STANDING TO PURSUE MULTI-STATE CLASS ON FDUTPA CLAIM

As a threshold matter, UWM argues that Plaintiffs lack standing to bring multi-state class claims because the FDUTPA does not allow non-resident plaintiffs to sue non-resident defendants for actions occurring outside of Florida. *See* ECF No. 65, PageID.3855-3856. Plaintiffs argue that whether they can "assert state law claims on behalf of out-of-state class members is a matter of representation under Rule 23, not a question of Article III standing." ECF No. 68, PageID.4153 (citing *Droesser v. Ford Motor Co.*, No. 2:19-cv-12365, 2023 WL 2746792, at *6 (E.D. Mich. Mar. 31, 2023)). But as UWM recognizes there is a split in authority on this issue, even within the Sixth Circuit. *See* ECF No. 65, PageID.3855 (citing *Withrow v. FCA*, No. 2:19-cv-13214, 2021 WL 2529847, at *8 (E.D. Mich. 2021)).

This Court is persuaded by the line of cases that hold plaintiffs lack standing to sue under the laws of states where they neither reside nor suffer injury. *See Miller v. Gen. Motors, LLC*, 773 F. Supp. 3d 461, 492 (E.D. Mich. 2025) (citing *Norman v. FCA US, LLC*, 696 F. Supp. 3d 359, 374-375 (E.D. Mich. 2023), *Withrow*, 2021 WL

2529847, at *9; *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657 (E.D. Mich. 2011)).  Here, Plaintiffs are all Florida residents asserting claims based on the mortgages they received in Florida for the purchase of their Florida residences.  They therefore lack standing to assert claims in the other 37 states identified in Table F of the First Amended Complaint.  Consequently, UWM's Renewed Motion to Strike is **GRANTED** as it concerns the multi-state class allegations as to the FDUTPA.[3]

## B.   INDIVIDUALIZED ANALYSIS BARS CLASS CERTIFICATION

That leaves UWM's arguments that both the RESPA and state-wide FDUTPA claims require an individualized analysis that bars class treatment.  *See* ECF No. 65, PageID.3849-3854, 3861-3867.  Plaintiffs counter that UWM cannot meet the very high burden to show that, at this stage of the proceedings, Defendant would be required to demonstrate that it would be "impossible to certify" a class, "regardless of the facts plaintiffs may be able to prove through discovery."  *See* ECF No. 68, PageID.4142 (citing *Mod. Holdings, LLC v. Corning, Inc.*, No. 5:13-cv-00405, 2015 WL 1481457, at *2 (E.D. Ky. Mar. 31, 2015)).  Given the "rigorous analysis" the Court must undertake to decide whether "the requirements of Rule 23 have been met," it will defer a decision on whether a RESPA or state-wide FDUTPA class can be certified or allegations concerning such should be stricken.  *In re Whirlpool Corp.*

---

[3] Because the Court has found that Plaintiff's lack standing to pursue multi-state class claims under the FDUTPA, it need not reach a decision on UWM's argument relating to the broad legal variations in each potential state's consumer protection law which negates certification of a multi-state class.

*Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d at 851.  For the reasons set forth below, the Court finds that discovery could lead to a better developed record which would assist the Court in making the class certification determination on both the RESPA and FDUTPA claims.[4]

As to the RESPA class allegations, UWM asserts that RESPA's safe harbor provision would require the Court to consider numerous factors including individual "credit ratings, employment status, and debt" which would outweigh any common issue a jury can decide.  *See* ECF No. 65, PageID.3850.  But that argument fails to show how it would be impossible for the Court to certify a class under Rule 23.  Rather than engaging in a Rule 23(a), (b) or (c) analysis, UWM rest on a defense to the RESPA claim itself.  *Id.*  However, defenses are insufficient to warrant striking class allegations when the underlining claims are subject to discovery.  *See e.g.*, *Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1126 (6th Cir. 2016) ("We hold that the mere mention of a defense is not enough to defeat the predominance requirement of Rule 23(b)(3).").

---

[4] It is worth noting that while the RESPA and FDUTPA claims were sufficient to survive dismissal, the record is inadequate to determine at this stage if a class can be certified because both claims could prove to be meritless.  *See Escue*, 2025 WL 28017314, at *21, n.10.  The Court expressed ample concern about the sufficiency of both claims as pled, notwithstanding the fact the RESPA claim was limited to only two named plaintiffs.  *See id.* at *21, n.10, *27.  The two claims are also interdependent, in that the Court found the allegations supporting a RESPA claim could be a "deceptive act or unfair practice" under the FDUTPA.  *Id.* at *27; *see also* Fed. R. Civ. P. 8(d)(2).  Therefore, discovery is essential to a thorough analysis of the remaining claims and class certification.

Plaintiffs point out that its allegations relate to the "services brokers were paid for but never actually performed." ECF No. 68, PageID.4143. And discovery could reveal "common proof regarding the unperformed services" in addition to other compensation received. *Id.* at PageID.4146-4147. But it is possible that invocation of the safe harbor provision could negate a RESPA claim, *see* 12 U.S.C. § 2607(c), as would, for example, a finding that the Plaintiffs were inadvertently overcharged, rather than misled. *See Angelo v. Parker*, 275 So. 3d 752, 756 (Fla. Dist. Ct. App. 2019). It is also feasible that discovery could reveal that in some (or all) instances, the broker's conduct is not attributable to UWM in providing the loan. And Plaintiffs acknowledge that UWM's conduct (and not that of the brokers) is what is at issue in this case. *See* ECF No. 68, PageID.4150.

Aside from relying on a multitude of non-binding authority, UWM relies on *Pilgrim*, 660 F.3d 943, to suggest that striking the class allegations is warranted. *See e.g.*, ECF No. 65, PageID.3854-3855, 3858-3859. The Court is not persuaded. While *Pilgrim* did affirm an order striking class allegations for failing to meet Rule 23 requirements, *see* 660 F.3d at 946, the court in *Doe v. City of Memphis* took the counterapproach, highlighting that the *Pilgrim* decision was based on a choice of law issue where "no proffered or potential factual development offered any hope" of changing the outcome. *See* 928 F.3d 481, 497 (6th Cir. 2019). As stated, that is not the case here. Further record development could provide support to justify class

10

certification.  *See Doe*, 928 F.3d at 497.  Because the existing record is inadequate for resolving the relevant issues, the Court defers a decision on certification and striking class allegations pending discovery.  *See In re Am. Med. Sys.*, 75 F.3d 1069, 1086 (6th Cir. 1996).

Consequently, as to the RESPA and state-wide FDUTPA class allegations, UWM's Renewed Motion to Strike is **DENIED** and the Court declines to strike those allegations, at this time.

## III.

Accordingly, **IT IS HEREBY ORDERED** that UWM's Renewed Motion to Strike Class Allegations (ECF No. 65) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the class allegations concerning the dismissed claims and the nationwide FDUTPA claims are **STRICKEN**.

**IT IS FURTHER ORDERED** that because the existing record is inadequate to decide certification with certainty, the Court will defer decision on the class allegations regarding the RESPA and state-wide FDUTPA claims pending discovery and a properly filed motion for class certification or summary judgment.

**IT IS SO ORDERED.**

Dated: July 20, 2026                                  s/Brandy R. McMillion
     Detroit, Michigan                         HON. BRANDY R. MCMILLION
                                            United States District Judge